**SEALED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RYAN BRESLOW, ALEX FINE, and JON GORDON,

　　Plaintiffs,

vs.

MARK PHILLIPS and BENJAMIN REED,

　　Defendants.

_____/

FILED BY _____ D.C.

FEB 23 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFFS' EX PARTE MOTION
## TO SEAL DOCKET AND CASE FILE

　　Plaintiffs Ryan Breslow ("Breslow"), Alex Fine ("Fine"), and Jon Gordon ("Gordon") (collectively, "Plaintiffs"), pursuant to Southern District of Florida Local Rule 5.4, hereby move this Court, on an *ex parte* basis, for an order temporarily sealing the docket and entire case file in this matter, including all motions, briefs, memoranda of law, and exhibits, and this motion itself, excluding only orders of this Court. Plaintiffs seek the temporary seal for a limited duration, and in connection with Plaintiffs' concurrently filed Emergency *Ex Parte* Application for Temporary Restraining Order ("TRO Application") and Verified Complaint for Damages ("Verified Complaint"). Sealing Plaintiffs' Complaint, TRO Application, and other related documents is necessary to ensure the Court's ability to provide effective relief.

　　As grounds for this Motion, Plaintiffs state the following:

1

1. Plaintiffs are concurrently filing their Verified Complaint and TRO Application, in addition to accompanying declarations and exhibits. In their moving papers, Plaintiffs seek to halt Defendant Mark Phillips ("Phillips") and Benjamin Reed ("Reed") (collectively, "Defendants") from further transferring, dissipating, and/or concealing certain assets that belong to Plaintiffs but are currently in accounts that Defendants control.

2. As more fully set forth in Plaintiffs' Verified Complaint and TRO Application, Defendants have executed a complex fraudulent scheme to usurp control over the funds that Plaintiffs contributed to the Movement DAO project (the "DAO"). In doing so, Defendants have commandeered, through fraud and deception, control over the DAO endowment Gnosis account, which was created to hold Plaintiffs' initial contributions to the DAO, totaling over $16 million dollars.

3. After learning of Defendants' fraudulent scheme and unauthorized transfer of Plaintiffs' assets, Plaintiffs have attempted on multiple occasions to prevent further transfers of these assets. To date, Plaintiffs' attempts to thwart the theft have only accelerated Defendants' dissipation of assets.

4. Plaintiffs' TRO Application, Memorandum In Support, and accompanying exhibits and declarations, which are incorporated by reference herein, show that there is good cause to issue the *Ex Parte* TRO and to seal the case file temporarily, including this motion.

5. As Plaintiffs have demonstrated, there is a substantial risk that Defendants will dissipate and/or conceal Plaintiffs' assets once Defendants are notified of the pending TRO Application and accompanying Verified Complaint. Consequently, this Court's ability to fashion an effective remedy requires that the case file be sealed for a limited duration.

6. Plaintiffs, therefore, ask the Court to exercise its sound discretion and temporarily seal the docket and entire file in this case. Plaintiffs request a temporary seal for the duration of any temporary restraining order that this Court may issue pursuant to Plaintiffs' application for a TRO.

7. The short duration is only for such time as is necessary to ensure Plaintiffs' assets are secured and Defendants are properly served.

8. The Court's discretion to temporarily seal the docket and entire file is authorized as part of the Court's inherent equitable powers "to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Intern. Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995). "[E]very court has supervisory power over its own records and files, and access has been denied where the court files might become a vehicle for improper purposes...[t]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978).

9. The requested relief is also consistent with Federal Rule of Civil Procedure 65(b) and Southern District of Florida Local Rule 5.4.

10. For the foregoing reasons, an order temporarily sealing the docket and entire case file is necessary to give effect to the Court's ruling and to preserve the possibility of Plaintiffs' requested relief. Accordingly, Plaintiffs respectfully request that the Court grant this *Ex Parte* Motion and temporarily seal the docket and entire file for the duration of any temporary restraining order that this Court may issue pursuant to Plaintiffs' application for a TRO.

Date: February 23, 2023

| | |
|---|---|
| **SHUBIN & BASS, P.A.**<br>150 West Flagler Street, Suite 1420<br>Miami, Florida 33130<br>Tel.: (305) 381-6060<br>Fax: (305) 381-9457<br>jshubin@shubinbass.com<br>jkatz@shubinbass.com<br>dhelfand@shubinbass.com | **ELLIS GEORGE CIPOLLONE<br>O'BRIEN ANNAGUEY LLP**<br>2121 Avenue of the Stars, 30th Floor<br>Los Angeles, California 90067<br>Tel.: (310) 274-7100<br>Fax: (310) 275-5697<br>cberg@egcfirm.com<br>bkussman@egcfirm.com |
| By: *[signature]*<br>John K. Shubin, Esquire<br>Fla. Bar. No. 771899<br>Jamie L. Katz, Esquire<br>Fla. Bar. No. 105634<br>Dylan M. Helfand, Esquire<br>Fla. Bar. No. 1009129 | By: /*[signature]*<br>Christopher T. Berg (*pro hac vice pending*)<br>Benjamin J. Kussman (*pro hac vice pending*) |
| *Counsel for Plaintiffs Ryan Breslow, Alex Fine, and Jon Gordon* | *Counsel for Plaintiffs Ryan Breslow, Alex Fine, and Jon Gordon* |