**SEALED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RYAN BRESLOW, ALEX FINE, and JON
GORDON,

    Plaintiffs,

vs.

MARK PHILLIPS and BENJAMIN REED,

    Defendants.
_____/

FILED BY _____ D.C.

FEB 2 3 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## DECLARATION OF CHRISTOPHER T. BERG

I, Christopher T. Berg, make the following declaration based on my personal knowledge:

1. My name is Christopher T. Berg. I am over the age of 18, competent to testify, and have person knowledge of the matters stated herein.

2. I am a partner at the law firm of Ellis George Cipollone O'Brien Annaguey LLP, located at 2121 Avenue of the Stars, 30th Floor, Los Angeles, California 90067, counsel of record for Plaintiffs Ryan Breslow, Alex Fine, and Jon Gordon (collectively, "Plaintiffs").

3. I am a resident of Los Angeles, California.

4. On February 4, 2023, Plaintiffs discovered that Defendants Mark Phillips and Benjamin Reed had transferred millions of dollars belonging to Plaintiffs out of a Gnosis SAFE

2178303.1

account[1] and into several cryptocurrency wallets believed to be owned or controlled by Defendants.

5. On February 10, 2023, my office sent a cease-and-desist letter to Defendant Phillips, instructing him to immediately cease all transfers of Plaintiffs' assets from the DAO endowment Gnosis account and other DAO-affiliated accounts. A true and correct copy of that letter is attached as **Exhibit A.**

6. On February 13, 2023, I, along with my colleague Eric George, participated in a telephone call with counsel for Defendant Phillips, Nitoj Singh. During that phone call, the parties discussed the possibility of depositing the assets from the Gnosis account into a third-party escrow account for safekeeping.

7. On February 13, 2023, an unauthorized transfer was made out of a DAO-affiliated account to an account controlled by Defendant Reed. *See* Breslow Declaration (February 23, 2023) ("Breslow Decl.") ¶¶ 89-91.

8. Defendant Phillips has demonstrated a pattern of dissipating Plaintiffs' assets from DAO-affiliated accounts when confronted with his fraud. After Plaintiffs confronted Phillips about his fraud on January 6 and again on January 29, 2023, Breslow Decl. ¶¶ 65–66, Ex. 17, Phillips transferred assets out of the DAO endowment Gnosis account four days later on February 2, 2023, Breslow Decl. ¶¶ 79-80, Exs. 28-39. After my office sent a cease-and-desist letter on February 10, and then spoke with Defendant Phillips's counsel about halting any further transfers on February 13, 2023, Phillips again transferred assets out of a DAO-affiliated account on February 13, 2023.

---

[1] The Gnosis Safe account at issue is known as the DAO endowment Gnosis account. It is a cryptocurrency account has the following blockchain address: 0x143cC0A996De329C1C5723Ee4F15D2a40c1203c6.

9. As the conduct described above shows, Defendants Phillips and Reed are actively stealing assets from Plaintiffs and have ramped up those efforts every time they becomes aware of a new attempt by Plaintiffs to stop them. For this reason, emergency ex parte relief is warranted so that the Court can put a stop to this ongoing fraud.

10. Providing Defendants with notice and an opportunity to be heard before the temporary restraining order issues will afford them another opportunity to dissipate additional assets. Based on their pattern of conduct, Defendants are very likely to seize on that opportunity.

11. Based on the nature of the assents in the DAO endowment's Gnosis account, which are maintained as various cryptocurrencies, identifying and recovering those assets once they have been dissipated will be incredibly difficult (if not impossible). Phillips is a sophisticated operator, well-versed in blockchain technology, and is in the process of laundering these assets through various channels, including the use of anonymous cryptocurrency wallets. *See* Breslow Decl. ¶¶ 89–91. These transfers are becoming increasingly difficult to detect as Defendants transfer assets to anonymous accounts, *see* Breslow Decl. ¶ 89, break up transfers into smaller amounts or make transfers using different types of cryptocurrency to avoid tracing, *see* Breslow Decl. ¶¶ 89–90, and shift assets to exchange accounts where they can convert the stolen cryptocurrency into untraceable cash, *see* Breslow Decl. ¶ 91.

12. If Phillips is not immediately enjoined from moving assets out of the DAO endowment Gnosis account and other DAO-affiliated accounts, Plaintiffs will be irreparably harmed because they will soon be unable to trace those assets in the very near future.

13. Based on the foregoing and the sworn declaration of Ryan Breslow (February 23, 2023), Plaintiffs have presented compelling evidence of the threatened irreparable injury. Notice to Defendants would make further prosecution of this action fruitless because it will spur

Defendants to dissipate the remaining assets in the DAO endowment and other DAO-affiliated accounts. A temporary restraining order is indispensable and the sole method of preserving the state of affairs in which the Court can provide effective final relief. Immediate action without notice is vital because of Defendants' ongoing removal of Plaintiffs' property to untraceable destinations. Providing notice to Defendants of the application for a temporary restraining order under these circumstances could result in the Court's inability to provide any relief to Plaintiffs' at all. Accordingly, if Defendants are provided notice of Plaintiffs' motion for temporary restraining order, Plaintiffs will likely suffer immediate and irreparable injury, loss, or damage before Phillips can be heard in opposition. As a result, this Court may issue a temporary restraining order without written or oral notice to Defendants pursuant to Federal Rule of Civil Procedure 65(b)(1).

14. For the foregoing reasons, Plantiffs' application for a temporary restraining order seeking emergency ex parte relief is appropriate

15. On February 20, 2023, I accessed an archived version of the webpage found at the URL https://www.Dao-lawfirm.xyz from December 29, 2022 using an online search tool called the "Wayback Machine," found at www.archive.org/web. The Wayback Machine is able to retrieve archived versions of public URLs. A true and correct copy of the webpage found at the URL https://www.Dao-lawfirm.xyz, as it existed on December 29, 2022, is attached hereto as **Exhibit B**.

16. Mr. Yurchak's law firm website, found at https://yurchaklaw.com/practiceareas/, lists the following practice areas of the firm: personal injury, traumatic brain injury, criminal/traffic infractions, bankruptcy, business consulting, and tax law. On February 22, 2023,

I visited the above-referenced webpage. A true and correct copy of that webpage is attached hereto as **Exhibit C**.

17. On February 22, 2023, I visited the webpage found at https://www.Dao-lawfirm.xyz. That webpage no longer lists Mr. Yurchak's name, number, e-mail address, or links to https://yurchaklaw.com/. A true and correct copy of that webpage is attached hereto as **Exhibit D**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23 day of February 2023.

_____
Christopher T. Berg