UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-20727-ALTMAN/Reid

**RYAN BRESLOW**, *et al.*,

    *Plaintiffs*,

v.

**MARK PHILLIPS**, *et al.*,

    *Defendants*.

_____/

## ORDER GRANTING THE PLAINTIFFS' EMERGENCY *EX PARTE* APPLICATION FOR ENTRY OF TERMPORARY RESTRAINING ORDER

The Plaintiffs filed an *Ex Parte* Application for Entry of a Temporary Restraining Order and Order to Show Cause re a Preliminary Injunction (the "Application") [ECF No. 4]. The Plaintiffs, Ryan Breslow, Alex Fine, and Jon Gordon, move, *ex parte,* for entry of a temporary restraining order against the Defendants, Mark Phillips and Benjamin Reed, pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, The All Writs Act, 28 U.S.C. § 1651(a), and the Court's inherent authority.

The Court has carefully considered the Application, the record, and the governing law. For the reasons stated below, the Plaintiffs' Application for a Temporary Restraining Order [ECF No. 4] is **GRANTED**.

    1.    The Plaintiffs have demonstrated that they are entitled to the injunctive relief sought by establishing that they are likely to succeed on the merits of their claims, that they are likely to suffer irreparable harm absent the injunctive relief, that the equities weigh in favor of the injunctive relief, and that the public interest weighs in favor of the injunctive relief.

    2.    With respect to the likelihood of success on the merits, the evidence shows the following:

a. The Plaintiffs are the co-founders and majority owners of the Movement DAO (the "DAO"). Collectively they invested over $16 million into the DAO endowment fund, held in a Gnosis SAFE account, which accounts for over 97% of the DAO's total assets.

b. Under the DAO's relevant principles and guidelines, funds in the DAO endowment Gnosis account were to remain untouched.

c. The Defendant Mark Phillips was hired by the Plaintiffs to implement the DAO's systems architecture and oversee its development. The Defendant Mark Phillips was entrusted with custody over certain authorization keys that allowed him access to the DAO endowment funds. As such, the Defendant Mark Phillips owed a fiduciary duty to the Plaintiffs.

d. In January and February 2023, the Defendant Mark Phillips submitted several voting proposals on Snapshot.org that purported to authorize additional transfers of DAO assets.

e. In February 2023, the Defendant Mark Phillips disabled Plaintiffs' voting tokens, preventing them from voting on Snapshot.org proposals.

f. Beginning on February 2, 2023, the Defendant Mark Phillips began transferring large sums of DAO endowment funds from the DAO endowment Gnosis account and into accounts managed and/or controlled by the Defendants Mark Phillips and/or Benjamin Reed.

g. Plaintiffs, who contributed over 97% of the DAO endowment funds and retained over 97% of all voting rights in the DAO, never approved or authorized the February 2023 transfer of DAO endowment funds.

3. With respect to the irreparable harm factor, the evidence shows that the Defendants' actions are likely to cause irreparable harm to the Plaintiffs. The evidence shows that the Defendants are presently undertaking efforts to transfer assets that originated from DAO-affiliated accounts to unknown cryptocurrency accounts. Unless a temporary restraining order issues, the Defendants will likely succeed in dissipating all the assets in the DAO endowment and other DAO-affiliated accounts.

4.      With respect to the balance of equities and public interest factors, the evidence shows that the Plaintiffs' continued dissipation of DAO endowment funds is likely to harm Plaintiffs, and there is no countervailing interest in protecting the Defendants' conduct.

5.      Moreover, the Defendants have taken steps to dissipate and/or conceal DAO endowment assets. If Plaintiffs were required to provide notice to the Defendants regarding the temporary restraining order they seek, the Defendants would likely move, hide, dissipate, or otherwise conceal DAO assets, thus frustrating the ultimate relief the Plaintiffs seek in this action.

6.      The Plaintiffs have presented proof that the following cryptocurrency wallets are affiliated with the DAO:

    a. **0x143cC0A996De329C1C5723Ee4F15D2a40c1203c6** (The DAO endowment Gnosis account);

    b. **0x2187e6a7c765777d50213346F0Fe519fCA706fbD** (The DAO Developer Gnosis account)

7.      The Plaintiffs have presented proof that the following cryptocurrency wallets to transfer assets originating from DAO-affiliated wallets are:

    a. **0xA4e6C2B6264652444B3F0cc1bB37496AE916931c** (An account controlled by the Defendant Benjamin Reed (Benreed.eth) into which assets traceable to DAO-affiliated accounts were transferred within the last 30 days);

    b. **0x752515a3A1091b9f1c04416CF79D1F14d2340085** (An account controlled by the Defendant Mark Phillips (*service-provider.eth) into which assets traceable to DAO-affiliated accounts were transferred within the last 30 days. This account shares the same address as the purportedly sham law firm Dao-lawfirm.eth);

    c. **0x64d6A4C28868d9dD9eA650c37F7d0090986aC1CE** (An account into which assets traceable to DAO-affiliated accounts were transferred within the last 30 days);

  d. **0x607d56643673649bd25AA47325A7a6AFeffc3B4a** (An account into which assets traceable to DAO-affiliated accounts were transferred within the last 30 days);

  e. **0x91898f9103cDBA1546DE834F6E26f019E09A0d4B** (An account into which assets traceable to DAO-affiliated accounts were transferred within the last 30 days);

  f. **0x5d95baEBB8412AD827287240A5c281E3bB30d27E** (An account controlled by the Defendant Mark Phillips (tankbottoms.eth) into which assets traceable to DAO-affiliated accounts were transferred within the last 30 days); and

  g. **0x57a16a385e86cd215deF121E6887D23Be8080d37** (An account controlled by the Defendant Mark Phillips (cookieslayer.eth) into which assets traceable to DAO-affiliated accounts were transferred within the last 30 days).

  A **hearing** is set before this Court on **March 16, 2023, at 2:00 p.m.**, at which time the Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on the Plaintiffs' requested preliminary injunction. The hearing will be held **in person in Courtroom 12-4 at the Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 N. Miami Avenue, Miami, Florida 33128**. The Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority restraining Defendants, their agents, employees, attorneys, and any persons in active concert or participation with them, from doing the following:

  a. Transferring any assets from the DAO endowment's Gnosis account or any other DAO-affiliated account. The accounts subject to this provision include the following cryptocurrency wallets:

    1. **0x143cC0A996De329C1C5723Ee4F15D2a40c1203c6**; and

        2. **0x2187e6a7c765777d50213346F0Fe519fCA706fbD**.

    b.    Transferring any assets from any account that contains or has been used to transfer assets originating from a DAO-affiliated account. The DAO-affiliated accounts referenced in this subparagraph include the accounts identified in subparagraph (a). The accounts that are enjoined by this subparagraph include the following cryptocurrency wallets:

        1. **0xA4e6C2B6264652444B3F0cc1bB37496AE916931c**;

        2. **0x752515a3A1091b9f1c04416CF79D1F14d2340085**;

        3. **0x64d6A4C28868d9dD9eA650c37F7d0090986aC1CE**;

        4. **0x607d56643673649bd25AA47325A7a6AFeffc3B4a**;

        5. **0x91898f9103cDBA1546DE834F6E26f019E09A0d4B**;

        6. **0x5d95baEBB8412AD827287240A5c281E3bB30d27E;**

        7. **0x57a16a385e86cd215deF121E6887D23Be8080d37.**

    c.    Defendants, their agents, employees, attorneys, and any persons in active concert or participation with them are further ordered to unwind any transfers that have been made in the last 30 days from the DAO endowment's Gnosis account or any other DAO-affiliated account. The DAO-affiliated accounts referenced in this subparagraph include the accounts identified in subparagraph (a).

    Any response or opposition to the Plaintiffs' Motion for Preliminary Injunction must be filed and served on the Plaintiffs' counsel **by March 9, 2023**. The Plaintiffs shall file any Reply Memorandum on or before **March 13, 2023**. The above dates may be revised upon stipulation by all parties and approval of this Court. If necessary, the parties may also move for an extension of time.

    **IT IS FURTHER ORDERED THAT** pending the hearing on Plaintiffs' application for a preliminary injunction, Defendants and their agents, employees, attorneys, and any persons in active concert or participation with them having knowledge of this Order, are temporarily restrained from

committing any of the acts set forth in subparagraphs (a)–(b) above and ordered to comply according to subparagraph (c) above.

**IT IS FURTHER ORDERED THAT:**

1. The Plaintiffs are excused from posting a surety bond for good cause shown.

2. The Clerk of Court is directed to unseal this case *except* for the Plaintiffs' *Ex Parte* Application for Entry of a Temporary Restraining Order and Order to Show Cause re a Preliminary Injunction [ECF No. 4], the Declaration of Ryan Breslow [ECF No. 6], and the exhibit appended to the Declaration of Ryan Breslow [ECF No. 6-1]. The Plaintiffs shall file redacted copies of the same.

**DONE AND ORDERED** in the Southern District of Florida on February 27, 2023.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Sealed Clerk