**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORDA**

Case No.: 1:23-cv-20727-RKA

**RYAN BRESLOW**, *et al.*,

      Plaintiffs,

      v.

**MARK PHILLIPS**, *et al.*,

      Defendants.

---

**DECLARATION OF NITOJ P. SINGH**

---

    I, Nitoj P. Singh, declare as follows:

1.      I am a Partner with the Dhillon Law Group Inc., counsel for Defendants in this Action. I am over the age of eighteen and am competent to testify as to the matters herein. The following is based on personal knowledge unless otherwise noted.

2.      Attached hereto as Exhibit 1 is a true and correct copy of an email thread between me and Christopher T. Berg, counsel for Plaintiffs.

    I, Nitoj P. Singh, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated:  March 17, 2023                         _____

                                            Nitoj P. Singh

Exhibit 1

**Nitoj Singh (Dhillon Law)**

| | |
|---|---|
| **From:** | Christopher T. Berg <cberg@egcfirm.com> |
| **Sent:** | Friday, March 17, 2023 12:59 AM |
| **To:** | Nitoj Singh (Dhillon Law); Jesse Franklin-Murdock (Dhillon Law); Matthew Sarelson (Dhillon Law) |
| **Cc:** | Andrew R. Iglesias; Ben Kussman; Eric M. George; Thomas P. O'Brien |
| **Subject:** | RE: Breslow et al. v. Phillips et al. [IWOV-DOCSLA.FID393189] |

**External Email**

None of our positions are inconsistent.

We are not contending that communications with Mr. Yurchak and Mr. Phillips regarding Mr. Phillips's felony convictions are subject to Merkaba or my clients' privilege.  That should be obvious.  Anything to do with the Movement DAO project is covered by the privilege.

The DAO referenced in our papers is a reference to the Movement DAO project, which was run and overseen by Merkaba and my clients.  It is not the entity that you claim to represent.  Mr. Yurchak was providing services to his client, Merkaba.

We are well aware of what services Mr. Yurchak was providing, and none of them concern the sham website referenced in our papers.

Your refusal to cease reviewing or using information over which Merkaba and Plaintiffs have asserted privilege is troubling and disappointing.

**Christopher T. Berg** | Partner

**ELLIS GEORGE CIPOLLONE**

ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP

2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
T 310.274.7100 | F 310.275.5697
cberg@egcfirm.com
www.egcfirm.com

**From:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Sent:** Thursday, March 16, 2023 10:23 PM
**To:** Christopher T. Berg <cberg@egcfirm.com>; Jesse Franklin-Murdock (Dhillon Law) <JFM@dhillonlaw.com>; Matthew Sarelson (Dhillon Law) <Msarelson@dhillonlaw.com>
**Cc:** Andrew R. Iglesias <aiglesias@egcfirm.com>; Ben Kussman <bkussman@egcfirm.com>; Eric M. George <egeorge@egcfirm.com>; Thomas P. O'Brien <tobrien@egcfirm.com>
**Subject:** RE: Breslow et al. v. Phillips et al.

Counsel,

When you say "all correspondence between [my clients] and Mr. Yurchak are subject to the attorney-client privilege belonging to Merkaba and my clients," you are surely aware that Mr. Phillips had an attorney-client, contractual, and personal relationship that predated Mr. Yurchak engaging any of your clients. Your demand also ignores that Mr. Yurchak separately provided Mr. Reed with a written engagement agreement.

1

Your correspondence also conflicts with your representation to the Court that "Mr. Yurchak's law firm performed some services for the DAO." Dkt. No. 4, p.13. Was Mr. Yurchak providing services to the DAO, or to your clients? You further represent to the Court that Mr. Yurchak's firm does not have any crypto or blockchain experience. Is it now your position that Mr. Yurchak was indeed providing counsel on crypto and blockchain issues to your clients?

We will certainly raise this issue for the Court, including the positions you have taken in this thread, and how they conflict with your positions in briefing and reality. In the interim, we do not plan to use any additional communications with Mr. Yurchak's firm in our opposition due tomorrow, beyond what was included in today's filing. We will certainly honor our ethical obligations as to actually privileged communications and work product, but your interpretation of what is privileged is unsupported by law and fact.

Nitoj

--

**Nitoj P. Singh**
**Partner**
Dhillon Law Group Inc.

177 Post Street, Suite 700
San Francisco, CA 94108

**Email:** nsingh@dhillonlaw.com
**O:** 415.433.1700



**From:** Christopher T. Berg <cberg@egcfirm.com>
**Sent:** Thursday, March 16, 2023 9:09 PM
**To:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>; Jesse Franklin-Murdock (Dhillon Law) <JFM@dhillonlaw.com>; Matthew Sarelson (Dhillon Law) <Msarelson@dhillonlaw.com>
**Cc:** Andrew R. Iglesias <aiglesias@egcfirm.com>; Ben Kussman <bkussman@egcfirm.com>; Eric M. George <egeorge@egcfirm.com>; Thomas P. O'Brien <tobrien@egcfirm.com>
**Subject:** RE: Breslow et al. v. Phillips et al.

**External Email**

The basis for my contention is in my original email. There is a signed retainer letter with Mr. Yurchak's law firm and Merkaba, the entity created by my clients that was setting up Movement DAO. Mr. Yurchak disclaims having any attorney-client relationship with an entity called the Movement DAO. Your clients are falsely claiming a privilege that belongs to my clients. They were at all times agents of my clients that went rogue and created entities in the Movement DAO's name without authorization. Yes, all correspondence between them and Mr. Yurchak are subject to the attorney-client privilege belonging to Merkaba and my clients, because they were acting under the color of authority and at the behest of those individuals and entity when speaking with Mr. Yurchak.

We need your position on this:

We need you to confirm immediately that you will cease any attempts to use, review, or disclose any information covered by the attorney-client privilege or attorney work product doctrine that your clients have come across in the

2

course of their work with or on behalf of our clients or Merkaba until the Court is able to hear any contested privilege claims.

If you refuse to honor the ethical obligations that this issue implicates, we will seek a protective order from the Court.

**Christopher T. Berg** | Partner

ELLIS GEORGE CIPOLLONE

ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
T 310.274.7100 | F 310.275.5697
cberg@egcfirm.com
www.egcfirm.com

**From:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Sent:** Thursday, March 16, 2023 8:56 PM
**To:** Christopher T. Berg <cberg@egcfirm.com>; Jesse Franklin-Murdock (Dhillon Law) <JFM@dhillonlaw.com>; Matthew Sarelson (Dhillon Law) <Msarelson@dhillonlaw.com>
**Cc:** Andrew R. Iglesias <aiglesias@egcfirm.com>; Ben Kussman <bkussman@egcfirm.com>; Eric M. George <egeorge@egcfirm.com>; Thomas P. O'Brien <tobrien@egcfirm.com>
**Subject:** RE: Breslow et al. v. Phillips et al.

Chris,

What is the basis for your contention? Do you contend that all emails between my clients and Mr. Yurchak and his firm are your clients' privileged communications?

MovementDAO is a separate entity, as is DAOLabs, LLC. Both of those entities sought and received legal advice from Mr. Yurchak and his firm. As you know, an attorney client relationship is formed when counsel is sought and received on legal matters.

Please immediately provide me with the legal and documentary support for your unsubstantiated contentions.

Nitoj
--
**Nitoj P. Singh**
**Partner**
Dhillon Law Group Inc.

177 Post Street, Suite 700
San Francisco, CA 94108

**Email:** nsingh@dhillonlaw.com
**O:** 415.433.1700



**From:** Christopher T. Berg <cberg@egcfirm.com>
**Sent:** Thursday, March 16, 2023 3:44 PM
**To:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>; Jesse Franklin-Murdock (Dhillon Law) <JFM@dhillonlaw.com>; Matthew Sarelson (Dhillon Law) <Msarelson@dhillonlaw.com>
**Cc:** Andrew R. Iglesias <aiglesias@egcfirm.com>; Ben Kussman <bkussman@egcfirm.com>; Eric M. George <egeorge@egcfirm.com>; Thomas P. O'Brien <tobrien@egcfirm.com>
**Subject:** Breslow et al. v. Phillips et al.
**Importance:** High


**External Email**

Nitoj,

It has come to our attention that your clients are attempting to invade the attorney-client privilege held by my clients and Merkaba, Inc.  Your clients have made assertions claiming that something they purport to be the Movement DAO has an attorney-client relationship with the law firm of Reed Yurchak, and they are seeking to "waive" that privilege to bolster their opposition to our client's preliminary injunction motion.  See: https://snapshot.org/#/snapshot.movedao.eth/proposal/0xb69daa6d12618ded582448a5b011094912aeab2bd79030a8e3beafd93a56179f ("the Law Office of Reed Yurchak (the "Firm"), a law firm who Movement engaged directly").

There is no such attorney-client relationship with Mr. Yurchak or his firm, and Mr. Yurchak has confirmed that in writing.  The "entity" claiming to call itself the Movement DAO does not hold any such privilege.  Any privileged information that your clients encountered in connection with the Movement DAO was done so in their capacity as agents for Merkaba or Mr. Breslow, Mr. Gordon, and Mr. Fine.

This is an attempt to invade our clients' attorney-client privilege, which is a gravely serious matter—one that implicates the legal and ethical obligations of your firm.  We need you to confirm immediately that you will cease any attempts to use, review, or disclose any information covered by the attorney-client privilege or attorney work product doctrine that your clients have come across in the course of their work with or on behalf of our clients or Merkaba until the Court is able to hear any contested privilege claims.  If you proceed to use, review, or disclose privileged communications absent a court order, we will seek sanctions and will make reports to the appropriate licensing bodies.

We will be bringing this issue to the Court's attention.


**Christopher T. Berg** | Partner

ELLIS GEORGE CIPOLLONE

ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP

2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
T 310.274.7100 | F 310.275.5697
cberg@egcfirm.com
www.egcfirm.com

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your

computer.

_____

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

_____