**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORDA**
Case No.: 1:23-cv-20727-RKA

**RYAN BRESLOW**, *et al.*,

       Plaintiffs,

v.

**MARK PHILLIPS**, *et al.*,

       Defendants.

---

## DEFENDANTS MARK PHILLIPS AND BENJAMIN REED'S MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT

---

## TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................... 1

II.   FACTUAL BACKGROUND ................................................................................... 2

III.   LEGAL STANDARDS ............................................................................................ 5

    A.   Motion to Dismiss for Failure to State a Claim Under FRCP 12(b)(6) ............................. 5

    B.   Motion to Dismiss for Failure to Join an Indispensable Party under FRCP 12(b)(7)......... 6

IV.   ARGUMENT ............................................................................................................ 6

    A.   Plaintiffs' Breach of Fiduciary Duties Claim Fails to State a Claim. ................................. 6

    B.   Plaintiffs' Fraud Claim Fails to State a Claim. ................................................................. 10

    C.   Plaintiffs Fail to State a Claim for Civil Conspiracy. ...................................................... 13

    D.   Plaintiffs Failed to Join an Indispensable Party by Failing to Join MovementDAO as a Party. ......................................................................................................................... 14

V.   CONCLUSION ...................................................................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Alhassid v. Bank of Am., N.A.*
   60 F. Supp. 3d 1302 (S.D. Fla. 2014) .................................................. 14

*Barbachano v. Standard Chartered Bank Int'l (Americas) Ltd.*
   No. 10-22961-CIV, 2014 WL 29595 (S.D. Fla. Jan. 3, 2014)................................. 15

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007)........................................................................... 5

*Butts v. ALN Grp., LLC*
   512 F. Supp. 3d 1301 (S.D. Fla. 2021) ............................................. 5, 6, 7

*Combe v. Flocar Inv. Grp. Corp.*
   977 F. Supp. 2d 1301 (S.D. Fla. 2013) .................................................. 10

*Commodity Futures Trading Comm'n v. Ooki DAO*
   No. 3:22-CV-05416-WHO, 2022 WL 17822445 (N.D. Cal. Dec. 20, 2022)........................... 8

*Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc.*
   262 F. Supp. 2d 1334 (S.D. Fla. 1999) .................................................. 13

*Eclipse Med., Inc. v. Am. Hydro-Surgical*
   235 F.3d 1344 (11th Cir. 2000) ........................................................ 13

*Feldman v. Cutaia*
   951 A.2d 727 (Del. 2008) ................................................................. 9

*Gracey v. Eaker*
   837 So.2d 348 (Fla. 2002).................................................................. 7

*HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*
   302 F. Supp. 3d 1319 (M.D. Fla. 2016) .................................................. 14

*Jacob v. Mentor Worldwide, LLC*
   40 F.4th 1329 (11th Cir. 2022) ........................................................... 5

*Laker Airways, Inc. v. Brit. Airways, PLC*
   182 F.3d 843 (11th Cir. 1999) .......................................................... 15

*Mizarro v. Home Depot, Inc.*
   544 F.3d 1230 (11th Cir. 2008) ........................................................ 10

*Molinos Valle Del Cibao, C. por A. v. Lama*
   633 F.3d 1330 (11th Cir. 2011) ............................................... 16

*Moreiras v. Scottsdale Ins. Co.*
   No. 20-CV-21303, 2020 WL 2084851 (S.D. Fla. Apr. 30, 2020) ....................................... 6, 15

*Nat'l Credit Union Admin. Bd. v. HSBC Bank USA, Nat. Ass'n*
   117 F. Supp. 3d 392 (S.D.N.Y. 2015) ............................................... 9

*NCR Credit Corp. v. Reptron Elecs., Inc.*
   155 F.R.D. 690 (M.D. Fla. 1994) ............................................... 11

*Nodus Int'l Bank, Inc. v. Arocha Hernandez*
   511 F. Supp. 3d 1316 (S.D. Fla. 2021) ............................................... 11

*Nyesa Costa Rica v. Wilson Capital Grp. Holdings, LLC*
   No. 11-22036, 2012 WL 1492344 (S.D. Fla. Apr. 27, 2012) ............................................... 10

*Orchid Quay, LLC v. Suncor Bristol Bay, LLC*
   178 F. Supp. 3d 1300 (S.D. Fla. 2016) ............................................... 16

*Sonnenreich v. Philip Morris Inc.*
   929 F. Supp. 416 (S.D. Fla. 1996) ............................................... 14

*Steven Douglas Assocs., Inc. v. Sadovnick*
   No. 07-60817-CIV, 2008 WL 11399693 (S.D. Fla. Oct. 21, 2008) ............................................... 9

*Tooley v. Donaldson, Lufkin & Jenrette, Inc.*
   845 A.3d 1031 (Del. 2004) ............................................... 9

*Wilchombe v. TeeVee Toons, Inc.*
   555 F.3d 949 (11th Cir. 2009) ............................................... 6

### Statutes

Del. Code Ann. tit. 6, § 1906(a) ............................................... 8

### Other Authorities

Fed. R.  Civ. P. 17(b)(3)(A) ............................................... 8
Fed. R. Civ P 19(b) ............................................... 6, 16
Fed. R. Civ. P. 23.1 ............................................... 9

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6–7), Defendants Mark Phillips ("Mr. Phillips") and Benjamin Reed ("Mr. Reed") (collectively, "Defendants") hereby file their Motion to Dismiss Plaintiffs Ryan Breslow ("Mr. Breslow"), Alex Fine ("Mr. Fine"), and Jon Gordon ("Mr. Gordon")'s (collectively, "Plaintiffs") Verified Complaint ("Complaint" or "VC") [ECF No. 1].

## I.   INTRODUCTION

Plaintiffs helped fund a decentralized autonomous organization ("DAO") known as MovementDAO. MovementDAO's purpose was to facilitate the funding of social movements by providing a governance structure and technological architecture for others to fund and manage social movements. Like any other business or nonprofit concern, MovementDAO's operations are subject to a set of governing documents. In order to induce others to contribute to and/or perform work for MovementDAO, Plaintiffs promised that their contributions to MovementDAO would be locked for six years, which promise was enshrined in MovementDAO's governing documents. Despite their promise and MovementDAO's governing documents, Plaintiffs tried to revoke their contributions to MovementDAO and prevent MovementDAO from engaging in continued operations. When Defendants refused Plaintiffs' demands and instead chose to honor their obligation to MovementDAO and its community, Plaintiffs sued them.

Defendants' opposition to Plaintiffs' motion for preliminary injunction [ECF No. 43] makes clear the Complaint is based on cherry-picked, distorted, and even downright false allegations. Even taking the allegations in the Complaint as true, its claims are legally defective. Plaintiffs lack standing to prosecute a direct breach of fiduciary duties claim against Defendants, as Plaintiffs should have, at most, filed a derivative claim on behalf of MovementDAO. Plaintiffs' fraud claim fails because Plaintiffs are unable to identify any *factual* misrepresentation on Mr.

Phillips's part on which Plaintiffs relied to their detriment. Plaintiffs' civil conspiracy claim fails in the absence of a surviving, standalone claim, and is nonetheless barred by the intracorporate conspiracy doctrine. Plaintiffs' failure to join MovementDAO in a lawsuit that relates to MovementDAO's treasury, governance, and continued operations further requires dismissal for failure to join an indispensable party.

## II.      FACTUAL BACKGROUND[1]

Plaintiffs are entrepreneurs who "set out to create a new cryptocurrency platform dedicated to funding social impact projects," i.e., MovementDAO. VC ¶ 9. MovementDAO would "function as an online community in which members would invest capital into the DAO endowment," the proceeds of which "would be used by DAO community members to finance social impact projects." *Id.* ¶ 10. Plaintiffs allege they contributed over $16 million into the MovementDAO endowment, and that this amount constitutes over 97% of MovementDAO's assets. *Id.* ¶ 11. MovementDAO's "goals" and "key features" are enumerated in a "white paper called the 'Gitbook,'" which was published online on February 2, 2022. *Id.* ¶¶ 12–13. The Gitbook provided that the endowment would be stored in a Gnosis SAFE account that required five of seven signatories to authorize and transfer funds, and Plaintiffs were three of these seven signatories. *Id.* ¶ 14. The Gitbook further provided for a governance structure under which community members could vote on proposals on an online platform, Snapshot.org, with their voting weight determined by their capital contribution. *Id.* ¶¶ 15–16.

In July 2021, Plaintiffs interviewed Mr. Phillips in connection with their search for a code engineer to build MovementDAO's systems architecture. *Id.* ¶ 17. Plaintiffs allege Mr. Phillips did

---

[1] Defendants' recitation of the facts is based on the allegations in the Complaint, the truth of which are assumed for the purposes of this Motion only.

not disclose his prior criminal history, and that Mr. Phillips agreed to (1) keep detailed records of expenditures incurred in connection with developing MovementDAO and provide receipts to Mr. Breslow upon request; (2) keep Mr. Breslow informed regarding the completion of MovementDAO and inform Mr. Breslow if he required additional, unexpected resources; and (3) immediately advise Mr. Breslow as to any security risks related to MovementDAO. *Id.* ¶ 19. Plaintiffs further allege that Mr. Phillips was "required to launch the DAO by January 2022." *Id.*

In October 2021, Mr. Breslow hired Mr. Fine "as head of the DAO project," and Plaintiffs allege Messrs. Fine and Phillips worked together to author the Gitbook. *Id.* ¶ 20. Mr. Breslow further delegated authority regarding "operations and management" to Messrs. Fine and Gordon. *Id.* ¶ 25. After the Gitbook was published, Mr. Phillips established the Gnosis SAFE account, and Mr. Phillips issued authorization tokens to Plaintiffs and "himself and his accomplices," including the Law Offices of Reed Yurchak and Steven Hay (the "Law Firm"), which Plaintiffs describe as "a sham law firm." *Id.* ¶ 21. Plaintiffs allege Mr. Phillips induced Messrs. Breslow and Fine to entrust Mr. Phillips with their authorization tokens, including by representing that he had heightened ethical obligations due to his affiliation with the Law Firm and the security clearance he maintained in connection with work he performed for the SEC. *Id.* ¶ 20. Mr. Phillips further created MovementDAO's voting platform on Snapshot.org, which Plaintiffs say was a "Beta version" that had "no authority." *Id.* ¶¶ 23–24. Plaintiffs allege Mr. Phillips induced Mr. Breslow to entrust Mr. Phillips with his voting tokens. *Id.* ¶ 23.

While MovementDAO's voting platform was being created and tested, Mr. Phillips took direction from Plaintiffs and kept them informed about the project and hired Mr. Reed as a developer for MovementDAO. *Id.* ¶¶ 25–26. In February 2022, Mr. Fine "stepped away from day-to-day oversight of the project," and Mr. Phillips "filled the vacuum and assumed the primary

leadership role." *Id.* ¶ 27. In August 2022, Mr. Phillips advocated to Messrs. Breslow and Gordon that spending on MovementDAO "should  be exclusively dedicated to development," and proposed a transfer of $1.75 million from the MovementDAO  endowment to a "DAO-affiliated account he controlled," the "DAO Developer Multisig account [(the 'Developer Gnosis')]," for "development-related expense," which transfer Plaintiffs allege they approved on the condition that Mr. Phillips would complete and launch MovementDAO by January 2023. *Id.* ¶¶ 28–29.

On August 22, 2023, Mr. Phillips posted proposals on Snapshot.org, including proposals regarding the transfer of $1.75 million to the Developer Gnosis; the creation of various entities; indemnifying Mr. Phillips and other members and providing for funding advances related to such indemnities; the appointment of Messrs. Phillips and Reed and the Law Firm as Movement DAO's Service Providers; and the ratification of acts previously taken by the Service Providers. *Id.* ¶¶ 31–33. Plaintiffs assert these proposals "had no force or effect, as the DAO had not yet launched." *Id.* ¶ 34. Plaintiffs further allege that Mr. Phillips told Plaintiffs that "no one reads [the proposals] anyway." *Id.* ¶ 36.

In October and November 2022, allegedly unsatisfied with explanations Mr. Phillips provided regarding his management of MovementDAO, Mr. Fine entered into discussions with the other Plaintiffs regarding "the viability of the DAO and whether they should unwind their money from the DAO endowment." *Id.* ¶ 37. In December 2022, Plaintiffs decided they should "unwind the DAO endowment entirely and refund all DAO endowment assets to all members of the DAO community to make each of them whole." *Id.* ¶ 38. Mr. Phillips did not immediately announce this decision to the MovementDAO community and told Plaintiffs he would need to consult with the Law Firm. *Id.* ¶ 39.

On January 2, 2023, Mr. Phillips introduced two proposals regarding the payment of deferred legal fees from 2022 and deferred service provider fees from 2022, respectively, and, according to Plaintiffs, misrepresented that Mr. Gordon had approved the first proposal. *Id.* ¶¶ 40–41. The Law Firm later disclaimed its entitlement to payment. *Id.* ¶ 45.

On February 2, 2023, Defendants introduced several proposals on Snapshot.org that disabled Plaintiffs' authorization tokens from MovementDAO's endowment; terminated Plaintiffs' voting rights from MovementDAO and reallocated their voting power; and authorized various transfers to accounts that Plaintiffs allege were "accounts that [Defendants] or their accomplices controlled." *Id.* ¶¶ 47–49. Plaintiffs allege that only Defendants, their "accomplices," and "a handful of individual DAO community members who had been duped by Defendants' fraudulent scheme" voted on these proposals, and that all proposals passed unanimously. *Id.* ¶ 50. Defendants then transferred funds from the MovementDAO endowment to the Developer Gnosis, and then from the Developer Gnosis to other accounts, which Plaintiffs allege they "have reason to believe" are "controlled by Defendants and their accomplices." *Id.* ¶¶ 51–53.

### III.   LEGAL STANDARDS

#### A.  Motion to Dismiss for Failure to State a Claim Under FRCP 12(b)(6)

"Dismissal under Rule 12(b)(6) is appropriate when a plaintiff fails to allege facts sufficient 'to raise a right to relief above the speculative level' or fails to 'state a claim to relief that is plausible on its face.'" *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)). "While the court is required to accept as true all allegations contained in the complaint, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Butts v. ALN Grp., LLC*, 512 F. Supp. 3d 1301, 1306 (S.D. Fla. 2021) (quoting *Twombly*, 550 U.S. at 555). "A court considering a

12(b)(6) motion is generally limited to the facts contained in the complaint and attached exhibits—but may also consider documents referred to in the complaint that are central to the claim and whose authenticity is undisputed." *Id.* (citing *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009)).

### B.   Motion to Dismiss for Failure to Join an Indispensable Party under FRCP 12(b)(7)

"Dismissal of an action pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join a party under Rule 19, is a two-step inquiry." *Moreiras v. Scottsdale Ins. Co.*, No. 20-CV-21303, 2020 WL 2084851, at *1 (S.D. Fla. Apr. 30, 2020) (citations and internal quotation marks omitted). "First, a court must decide whether an absent party is required in the case under Rule 19(a). . . . If a court determines that an absent party does satisfy the Rule 19(a) criteria, i.e., that the party is a required party, the court must order that party joined if its joinder is feasible." *Id.* (internal citations and quotation marks omitted). If the absent party's joinder is not feasible, "i.e., joinder would defeat the court's subject-matter jurisdiction, the absent party is not subject to the court's personal jurisdiction, or the absent party properly objects to the venue of the action," the court must determine whether "'in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" *Id.* at *2 (quoting Fed. R. Civ. P 19(b)) (other citation omitted).

### IV.   ARGUMENT

### A.   Plaintiffs' Breach of Fiduciary Duties Claim Fails to State a Claim.

Plaintiffs' breach of fiduciary duties claim fails because it is a defective derivative action on behalf of MovementDAO rather than a direct claim belonging to Plaintiffs. The elements of a breach of fiduciary duty claim are (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage to the plaintiff caused by the breach. *Gracey v. Eaker,* 837 So.2d 348, 353 (Fla.

6

2002).

In keeping with their efforts to ignore their own (breached) obligations to MovementDAO, Plaintiffs conveniently ignore MovementDAO's existence as a Delaware unincorporated nonprofit association ("DUNA") and pretend that Mr. Phillips acted as their agent, rather than as a member of MovementDAO. The Court can and should conclude, as a matter of undisputed fact, that MovementDAO is a DUNA based solely on materials "referred to in the complaint that are central to the claim and whose authenticity is undisputed." *Butts,* 512 F. Supp. 3d at 1306. Plaintiffs allege that on August 22, 2022, Mr. Phillips "posted proposals to the Snapshot.org page," and that one of these proposals "empowered [Mr.] Phillips" to "create formal entities to facilitate DAO operations." VC ¶¶ 31, 33. On August 23, 2022, Mr. Phillips proposed a Movement Improvement Proposal ("MIP"), MIP-0000, entitled "Adopt the Guiding Principles, Terms of Service, and Code of Conduct." Declaration of Mark Phillips ("Phillips Decl.") ¶ 2, Ex. 1 at 1. MIP-0000, among other things, stated that the Guiding Principles, which was attached to MIP-0000 as an exhibit, would "[e]stablish the DAO as an Unincorporated Nonprofit Association pursuant to the Delaware Unincorporated Nonprofit Association Act." *Id.* Under the Guiding Principles attached as an Exhibit to MIP-0000, "These guiding principles constitute the Agreement ('Agreement') and is entered into by and amongst the Members of DAO, also known as Move, an unincorporated nonprofit association organized under the **laws of the State of Delaware**." *Id.* ¶ 3, Ex. 2 at 1.

The Gitbook, another document alleged in and central to the Complaint, also makes clear that MovementDAO's endowment is its own property, not the property of its individual contributors: "Movement DAO has a pool of capital called an endowment." Phillips Decl. ¶ 4, Ex. 3 at 11. The Gitbook further states:

> MovementDAO is neither designed to be nor is it set up to be, an investment vehicle and no jurisdiction has deemed any token produced by Movement

> DAO to be a 'security' as defined by the 1933 Securities and Exchange Act (the "Act"). Movement DAO is specifically designed to take advantage of the benefits of the blockchain and cryptocurrencies to ensure that contributions to nonprofit works will have a larger impact based upon larger financial backing than traditional nonprofit corporations or charities.

*Id.*, Ex. 3 at 59.

Under both Delaware law and the Federal Rules of Civil Procedure, an unincorporated association has standing to sue and be sued under its own name. *See* Del. Code Ann. tit. 6, § 1906(a) ("A nonprofit association is a legal entity separate from its members for the purposes of determining and enforcing rights, duties and liabilities in contract and tort"); Fed. R. Civ. P. 17(b)(3)(A) (granting unincorporated associations without the capacity to sue or be sued under state law to bring an action under its own name to enforce substantive rights under federal law). While DAOs are a novel governance structure, courts have treated DAOs as legal persons subject to suit. *See Commodity Futures Trading Comm'n v. Ooki DAO*, No. 3:22-CV-05416-WHO, 2022 WL 17822445, at *4 (N.D. Cal. Dec. 20, 2022) (allowing the CFTC to bring an action against a DAO despite amici's contention that the DAO "is a technology, not an entity or group of persons").

The "breach" at issue is Plaintiffs' allegation that Mr. Phillips "leverage[ed] the access that he was provided to transfer money out of the DAO endowment and into accounts ultimately managed and/or controlled by Defendants." VC ¶ 61. MovementDAO's Guiding Principles (enacted through MIP-0000) makes clear that MovementDAO is a DUNA, and the Gitbook confirms that MovementDAO's endowment belongs to MovementDAO. Thus, even taking Plaintiffs' allegation that Mr. Phillips misappropriated funds in MovementDAO's endowment at face value, the proper plaintiff would be MovementDAO, not Plaintiffs, individually.

Plaintiffs' breach of fiduciary duties claim is therefore defective as Plaintiffs brought a direct claim instead of a derivative claim under FRCP 23.1, which expressly covers unincorporated

associations. "Rule 23.1 applies 'when one or more shareholders or members of a corporation or an unincorporated association bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce.'" *Steven Douglas Assocs., Inc. v. Sadovnick*, No. 07-60817-CIV, 2008 WL 11399693, at *2 (S.D. Fla. Oct. 21, 2008) (quoting Fed. R. Civ. P. 23.1).

Under Delaware law (the law under which MovementDAO is organized), the question of whether a claim is derivative or direct "must turn *solely* on the following questions: (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?" *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.3d 1031, 1033 (Del. 2004). Plaintiffs' allegation is that Mr. Phillips misappropriated funds in MovementDAO's endowment. If true, the primary victim would be MovementDAO, and Plaintiffs would have suffered no unique harm relative to MovementDAO's member-donors as a whole. If Mr. Phillips were forced to unwind any transfer, the funds would revert to MovementDAO—not to Plaintiffs, individually. Thus, even accepting Plaintiffs' allegations as true, the action is derivative because MovementDAO would have suffered the harm, and MovementDAO would receive the benefit of any recovery. *See Feldman v. Cutaia*, 951 A.2d 727, 733 (Del. 2008) ("Where all of a corporation's stockholders are harmed and would recover *pro rata* in accordance with their ownership of the corporation's stock solely because they are stockholders, then the claim is derivative in nature." (footnote omitted)).

Under Florida law, the failure to name the corporation (and by extension, an unincorporated association) as a party is a jurisdictional defect. *See Nat'l Credit Union Admin. Bd. v. HSBC Bank USA, Nat. Ass'n*, 117 F. Supp. 3d 392, 400 (S.D.N.Y. 2015) (holding that a derivative action on

behalf of trusts that are legally unincorporated associations must include the associations as nominal parties). Plaintiffs' failure to join MovementDAO as a party prevents the Court from having jurisdiction over the breach of fiduciary duties claim.

The sole basis for Plaintiffs' contention that Mr. Phillips breached fiduciary duties he owed Plaintiffs is that Mr. Phillips "leverage[ed] the access that he was provided to transfer money out of the DAO endowment account and into accounts ultimately managed and/or controlled by Defendants." VC ¶ 61. Even if this were true, the money at issue belongs to MovementDAO, not Plaintiffs individually. Thus, Plaintiffs' breach of fiduciary duties claim is, at best, a defective derivative claim as they have no direct claim against Defendants.

### B. Plaintiffs' Fraud Claim Fails to State a Claim.

Plaintiffs' fraud claim fails because Plaintiffs have failed to identify a single intentional misrepresentation on Mr. Phillips's part on which Plaintiffs relied to their detriment. At most, Plaintiffs' fraud claim is a jumble of disguised breach of contract claims based on allegedly broken promises and statements that fall short of the particularity standard required by FRCP 9(b). The elements of fraud are: "(1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party." *Nyesa Costa Rica v. Wilson Capital Grp. Holdings, LLC*, No. 11-22036, 2012 WL 1492344, at *3 (S.D. Fla. Apr. 27, 2012) (citation omitted). In order to satisfy FRCP 9(b)'s requirement that fraud be pleaded with particularity, "a plaintiff must establish the who, what, when, where, and how of a fraud." *Combe v. Flocar Inv. Grp. Corp.*, 977 F. Supp. 2d 1301, 1305–06 (S.D. Fla. 2013) (citing *Mizarro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008)). Plaintiffs cannot meet the legal standard for fraud with

respect to any of the purported misrepresentations on which Plaintiffs base their fraud claim, which are listed in paragraph 74 of the Complaint.

The first "misrepresentation" Plaintiffs allege is "Defendant Phillips's statement that he previously worked for the SEC." VC ¶ 74. Defendants put this dispute to bed in their opposition to Plaintiffs' motion for a preliminary injunction, explaining, with documentary evidence, that Mr. Phillips did indeed perform work for the SEC. Beyond Plaintiffs' conclusory label of this (true) statement as a "misrepresentation," Plaintiffs allege no facts indicating that Mr. Phillips's representation was false. Plaintiffs allege that Mr. Phillips "represented to Plaintiffs Breslow and Gordon that he had previously worked for the Securities and Exchange Commission ('SEC') and held a security clearance in connection with that work," *id.* ¶ 67, but they allege no facts demonstrating how this representation was false (nor could they).

Second, Plaintiffs allege that "Defendant Phillips' statement that he would operate the DAO in accordance with the Gitbook's policies and regulations" was a misrepresentation. VC ¶ 74. A promise can only serve as the basis for a fraud claim "if the plaintiff can demonstrate that the person promising future action does so with no intention of performing or with a positive intention not to perform." *Nodus Int'l Bank, Inc. v. Arocha Hernandez*, 511 F. Supp. 3d 1316, 1324 (S.D. Fla. 2021). Mr. Phillips's alleged statement is a promise, not a statement of fact, as he is pledging future action, not describing the present factual reality. Plaintiffs' allegation that Mr. Phillips "never intended to comply with the DAO's governing rules," VC ¶ 69, is conclusory and deficient even if Plaintiffs intended "the DAO's governing rules" to mean the Gitbook. Further, Plaintiffs do not satisfy FRCP 9(b)'s heightened pleading requirement as there are no details regarding this purported misrepresentation other than the fact that Mr. Phillips supposedly said it. *See NCR Credit Corp. v. Reptron Elecs., Inc.*, 155 F.R.D. 690, 693 (M.D. Fla. 1994) (holding that

an alleged misrepresentation did not satisfy FRCP 9(b)'s requirements where the pleading did not "allege a specific date, time, or name, nor does it quote any misstatements").

Third, Plaintiffs allege that "Defendant Phillips's statement that he would unwind the DAO and allow Plaintiffs to redeem their interests" constitutes a misrepresentation. VC ¶ 74. The fact section of the Complaint contradicts this allegation. Plaintiffs allege that "Plaintiff Breslow asked Defendant Phillips to announce to the DAO community that each community member's investment into the DAO endowment would be redeemed and their assets returned." *Id.* ¶ 38. But Plaintiffs do not allege that Mr. Phillips promised to do so (let alone made such a promise with the requisite intent to breach it)—instead, Plaintiffs allege that Mr. Phillips "stalled for time," "did not make the announcement," "told Plaintiffs that he would need to consult with the sham law firm," and "became distant and . . . slowed his communications with Plaintiffs." *Id.* ¶ 39. Thus, Plaintiffs' factual allegations wholly contradict their allegations that Mr. Phillips promised to unwind MovementDAO. Plaintiffs further failed to (1) allege facts showing that Mr. Phillips made this promise (which he did not make) without a present intent to comply; and (2) include sufficient details regarding this supposed promise so as to comply with FRCP 9(b).

The fourth and final "misrepresentation" on which Plaintiffs base their fraud claim is "[Mr.] Phillips's statement that the Snapshot.org voting proposals had no effect." VC ¶ 74. Yet, the Guiding Principles, which MovementDAO's members adopted through MIP-0000, state the complete opposite:

> Whenever any action, including any approval, consent, decision, determination, or resolution is to be taken or given by the Members or [sic] of the DAO under this Agreement or under the ACT, it shall only be authorized by a majority vote of the Members of the Members via the Dapp or the DAO's Snapshot Spaces, unless otherwise provided herein.

Phillips Decl. ¶ 3, Ex. 2 at 5. "[T]his District has clearly held that reliance on fraudulent representations is unreasonable as a matter of law where the alleged misrepresentations contradict the express terms of the ensuing written agreement." *Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc.*, 262 F. Supp. 2d 1334, 1342 (S.D. Fla. 1999), *aff'd sub nom. Eclipse Med., Inc. v. Am. Hydro-Surgical*, 235 F.3d 1344 (11th Cir. 2000) (citations omitted). Thus, even if Mr. Phillips made the statement at issue, it cannot serve as the basis for a fraud claim because it contradicts one of MovementDAO's governing documents.

Finally, irrespective of the deficiencies in each statement underpinning Plaintiffs' fraud claim, Plaintiffs' fraud claim fails for the additional, independent reason that Plaintiffs suffered no harm as a result of any representation on Mr. Phillips's part. The only specific harm Plaintiffs allege is the "the loss of their initial contributions to the DAO endowment[.]" VC ¶ 75. If Plaintiffs' argument is that they were defrauded into contributing to MovementDAO, the second, third, and fourth misrepresentations are utterly irrelevant as Mr. Phillips made these alleged statements *after* Plaintiffs had already contributed to MovementDAO. If Plaintiffs' argument is that Mr. Phillips harmed them by making the transfers in February 2023 to which Plaintiffs object, this is not a cognizable injury to Plaintiffs because the funds in the endowment belong to MovementDAO, not Plaintiffs individually. *See* Section IV.A, *supra*.

Plaintiffs are therefore unable to point to a single statement on Mr. Phillips's part that can plausibly be the basis for a fraud claim.

### C.  Plaintiffs Fail to State a Claim for Civil Conspiracy.

Plaintiffs' civil conspiracy claim fails as a matter of law because Plaintiffs have not established any underlying tort claim and because the intracorporate conspiracy doctrine bars the claim. "A claim for civil conspiracy must consist of the following allegations: 1) a conspiracy

between two or more parties; 2) the doing of an unlawful act or a lawful act by unlawful means; 3) the doing of some overt act in pursuance of the conspiracy; and 4) damage to the plaintiff as a result of the acts done under the conspiracy." *Sonnenreich v. Philip Morris Inc.*, 929 F. Supp. 416, 419 (S.D. Fla. 1996) (citation omitted). Civil conspiracy is not an "independent cause of action;" rather, there must be an underlying "illegal act or tort on which conspiracy is based." *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1316 (S.D. Fla. 2014) (citations omitted). As Plaintiffs' breach of fiduciary duties and fraud claims fail, there is no illegal act or tort.

Even if Plaintiffs could establish an underlying illegal act or tort, Defendants cannot, as a matter of law, have conspired with one another. "According to the intracorporate conspiracy doctrine, however, a civil conspiracy claim will not succeed where the only members of the alleged conspiracy are a corporation and/or its officers. . . .  This is because the actions of corporate agents, acting within the scope of their employment, are attributed to the corporation itself, thereby negating the multiplicity of actors needed for a conspiracy." *HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 302 F. Supp. 3d 1319, 1325 (M.D. Fla. 2016), *aff'd*, 703 F. App'x 814 (11th Cir. 2017) (citations omitted). Under MIP-0000, MovementDAO's members approved the appointment of Messrs. Phillips (tankbottoms.eth) and Reed (benreed.eth) as Authorized Members of MovementDAO. Phillips Decl. ¶ 2, Ex. 1 at 3. All acts that Plaintiffs allege comprise the "conspiracy" at issue relate to actions Defendants took in connection with MovementDAO. The intracorporate conspiracy doctrine therefore bars the civil conspiracy claim as two Authorized Members of a DUNA cannot conspire with one another in managing the DUNA's affairs.

### D.  Plaintiffs Failed to Join an Indispensable Party by Failing to Join MovementDAO as a Party.

In the alternative to dismissing the Complaint for failure to state a claim, the Court should dismiss the Complaint because of Plaintiffs' failure to join MovementDAO, an indispensable

party, as a plaintiff or defendant in this action. MovementDAO is a required party as the resolution of this case will affect its governance, treasury, and continued operations. As MovementDAO's joinder would destroy diversity jurisdiction, the Court must dismiss the case.

At the first stage of the analysis, the issue is whether MovementDAO's presence is required under FRCP 19(a). *See Moreiras v. Scottsdale Ins. Co.*, No. 20-CV-21303, 2020 WL 2084851, at *1 (S.D. Fla. Apr. 30, 2020) (citations and internal quotation marks omitted). "A party is considered 'necessary' to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings." *Laker Airways, Inc. v. Brit. Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999) (citation omitted). MovementDAO has an obvious interest in the disposition of the case as Plaintiffs are seeking to limit MovementDAO's ability to transact future business and are trying to unwind transactions MovementDAO already made. *See* VC at pp. 20–21. Just as a trustee is a required party in a lawsuit "affecting the corpus or assets of a trust," *Barbachano v. Standard Chartered Bank Int'l (Americas) Ltd.*, No. 10-22961-CIV, 2014 WL 29595, at *5 (S.D. Fla. Jan. 3, 2014), MovementDAO is a required party here as this lawsuit bears on title to its property and its continued existence.

At the second stage of the analysis, the court examines whether the absent party's joinder is feasible and whether the case should nonetheless proceed if not. *See Moreiras*, 2020 WL 2084851, at *2 (citation omitted). Here, MovementDAO cannot be joined as a plaintiff or defendant because doing so would divest the Court of diversity jurisdiction. "For purposes of determining diversity jurisdiction, all unincorporated associations, regardless of their particular corporate-like features, are treated as partnerships and deemed to possess the citizenship of their partners or members." *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1303–

04 (S.D. Fla. 2016) (collecting cases). To the extent all parties are members of MovementDAO, joining MovementDAO as a plaintiff or defendant would destroy diversity as MovementDAO's citizenship would necessarily duplicate the citizenship of the parties on the opposite side.

In order to determine whether a lawsuit can proceed "in equity and good conscience," "[t]he court must consider the prejudice suffered by the litigants, whether it can shape relief to avoid prejudice, whether a judgment would be adequate, and whether the plaintiff would have an adequate remedy if the action were dismissed." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1347 (11th Cir. 2011) (citing Fed. R. Civ. P. 19(b)). This lawsuit is in its infancy—Plaintiffs can therefore re-file the Complaint in a forum that has jurisdiction over all required parties (including MovementDAO), i.e., any state court that has personal jurisdiction over Defendants and in which venue would be proper, including, for example, the Delaware Court of Chancery. Allowing the case to proceed would be highly inequitable as MovementDAO would not be represented in a case that will affect its treasury, governance, and continued operations. This harm greatly outweighs whatever inconvenience Plaintiffs may incur in refiling this action in a forum in which Plaintiffs should have filed their lawsuit in the first place.

The Court should therefore dismiss the case because MovementDAO—a required party—cannot be joined without destroying diversity jurisdiction.

*[continued on following page.]*

## V.      CONCLUSION

Defendants respectfully request that Plaintiffs' Verified Complaint be dismissed with prejudice pursuant to FRCP 12(b)(6), or, in the alternative, dismissed without prejudice under FRCP 12(b)(7).

Respectfully submitted,

 /s/ Nitoj P. Singh

DHILLON LAW GROUP INC.
Matthew S. Sarelson (Florida Bar 888281)
MSarelson@dhillonlaw.com
1601 Forum Place, Suite 403
West Palm Beach, FL 33401
305.773.1952

DHILLON LAW GROUP INC.
Nitoj P. Singh (admitted *pro hac vice*)
NSingh@dhillonlaw.com
Jesse Franklin-Murdock (admitted *pro hac vice*)
JFranklin-Murdock@dhillonlaw.com
177 Post Street, Suite 700
San Francisco, CA 94108
415.433.1700

Attorneys for Defendants Mark Phillips and Benjamin Reed