**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

| | |
|---|---|
| RYAN BRESLOW, ALEX FINE, and JON GORDON,<br><br>Plaintiffs,<br><br>v.<br><br>MARK PHILLIPS and BENJAMIN REED,<br><br>Defendants. | Action No.: 23-cv-20727-ALTMAN/Reid<br><br>Honorable Roy K. Altman |

**PLAINTIFFS' PROPOSED LEGAL STIPULATIONS RE PRELIMINARY INJUNCTION HEARING**

Plaintiffs Ryan Breslow, Alex Fine, and Jon Gordon ("Plaintiffs") hereby file their proposed stipulations of law in advance of the Preliminary Injunction hearing set for April 27, 2023.

| Plaintiffs' Proposed Stipulation of Law | Defendants' Response / Objection |
|---|---|
| 1.      "A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."  Fla. Stat. Ann. § 90.502(2). | The Law Office of Reed Yurchak and Reed Yurchak himself are located in the State of Washington. Mr. Yurchak's clients included residents of Washington and entities that did business in Washington. Accordingly, the Court should apply Washington law when assessing Mr. Yurchak and his firm's professional obligations. <br><br> Regardless of whether Washington or Florida law apply, law governing the waiver of the attorney client relationship is also relevant to this inquiry. *See Pappas v. Holloway* 787 P.2d 30, 36 (Wash. 1990) ("'An implied waiver of the attorney-client privilege should be found [when]: the assertion of the privilege was the result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the |

| | |
|---|---|
| | asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense." (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975))); *Dominguez v. Citizens Property Ins. Corp.*, 269 So.3d 623, 627 (Fla. Dist. Ct. App. 2019) ("[A] waiver [of the attorney-client privilege] can occur when a party bases its claim on the very matters that it later claims are privileged." (citations omitted)). |
| 2.      "A fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation." Comment to Rule 4-1.6 - CONFIDENTIALITY OF INFORMATION, R. Regul. FL. Bar 4-1.6. | *See* response to ¶ 1. I |

| | |
|---|---|
| 3.  "Although a lawyer's ethical obligation of confidentiality and the evidentiary matter of attorney-client privilege are related, the two issues are distinct.  Confidentiality is much broader than privilege.  According to Rule 4-1.6, [Florida] Rules of Professional Conduct, all information relating to a client's representation is confidential and may not be voluntarily disclosed without either the client's consent or the application of a relevant exception to the confidentiality rule."  Florida Bar Ethics Opinion (February 1, 2011) *available at* https://www.floridabar.org/etopinions/etopinion-10-3. | *See* response to ¶ 1. |
| 4.  "The confidentiality rule applies not merely to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source."  Comment to Rule 4-1.6 - CONFIDENTIALITY OF INFORMATION, R. Regul. FL. Bar 4-1.6. | *See* response to ¶ 1. |

| | |
|---|---|
| 5.      "If a lawyer is called as a witness to give testimony concerning a client, absent waiver by the client, Rule 4-1.6(a) requires the lawyer to invoke the privilege when it is applicable. The lawyer must comply with the _final_ orders of a court or other tribunal of competent jurisdiction requiring the lawyer to give information about the client."  Comment to Rule 4-1.6 - CONFIDENTIALITY OF INFORMATION, R. Regul. FL. Bar 4-1.6 (emphasis added). | *See* response to ¶ 1. |
| 6.      "When required by a tribunal to reveal confidential information, a lawyer may first exhaust all appellate remedies."  Rule 4-1.6(d) - CONFIDENTIALITY OF INFORMATION: Exhaustion of Appellate Remedies, R. Regul. FL. Bar 4-1.6. | *See* response to ¶ 1. |

| | |
|---|---|
| 7.      "The duty of confidentiality continues after the client-lawyer relationship has terminated. " Comment to Rule 4-1.6 - CONFIDENTIALITY OF INFORMATION, R. Regul. FL. Bar 4-1.6. | *See* response to ¶ 1. |
| 8.      The Washington Rules of Professional Conduct regarding the prohibition of disclosure of confidential client information accords with the Florida rule.  *See, e.g.*, Comment to Rule 1.6, Washington Rules of Professional Conduct ("A fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation."), *available at* https://www.courts.wa.gov/court_rules/pdf/RPC/GA_RPC_01_06_00.pdf. | *See* response to ¶ 1. |

|  |  |
|---|---|
| 9.      The standard for a preliminary injunction is the same as a temporary restraining order:  a party must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam); *Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1035 (11th Cir. 2001) (per curiam). |  |
| 10.      Substantial likelihood of success on the merits "requires a showing of only *likely* or probable, rather than *certain*, success."  *Schiavo ex rel. Schindler*, 403 F.3d at 1232 (emphasis in original). |  |

| | |
|---|---|
| 11.  The elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach.  *Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002); *Brouwer v. Wyndham Vacation Resorts, Inc.*, 336 So.3d 372, 373 (Fla. Dist. Ct. App. 2022). | |
| 12.  The Florida Supreme Court has held that a fiduciary duty extends "to every possible case . . . in which there is confidence reposed on one side and the resulting superiority and influence on the other. . . .  The rule embraces both technical fiduciary relations and those informal relations which exist whenever one man trusts in and relies upon another."  *Quinn v. Phipps*, 93 Fla. 805, 810–811 (Fla. 1927). | |

| | |
|---|---|
| 13.    A fiduciary relationship is implied in law when "confidence is reposed by one party and a trust accepted by the other."  *Capital Bank v. MVB, Inc.*, 644 So.2d 515, 518 ( Fla. Dist. Ct. App. 1994) *citing Dale v. Jennings*, 90 Fla. 234 (Fla 1925); *see Hogan v. Provident Life & Acc. Ins. Co.*, 665 F.Supp.2d 1273, 1287 (M.D. Fla. 2009). | Defendants agree that this is an accurate statement of law, but offer the following as relevant guiding authority. Fiduciary relationships "are 'premised upon the specific factual situation surrounding the transaction and the relationship of the parties.'" *Doe v. Evans*, 814 So.2d 370, 374 (Fla. 2002) (quoting *Capital Bank v. MVB, Inc.*, 644 So.2d 515, 518 (Fla. Dist. Ct.  App. 1994)). |
| 14.    "An implied fiduciary relationship will lie when there is a degree of dependency on one side and an undertaking on the other side to protect and/or benefit the dependent party." *Masztal v. City of Miami*, 971 So.2d 803, 809 ( Fla. Dist. Ct. App. 2007). | |
| 15.    The elements of fraud are: (1) Defendant made a false statement concerning a specific material fact; (2) Defendant knew that the material statement was false; (3) Defendant intended | |

| | |
|---|---|
| for Plaintiffs to rely on his misrepresentation; and (4) Plaintiffs were injured by their reliance on Defendant's misrepresentation. *Lopez-Infante v. Union Cent. Life Ins. Co.*, 809 So.2d 13, 15 (Fla. Dist. Ct. App. 2002). | |
| 16.    The elements of civil conspiracy are: (1) an agreement between two or more parties; (2) to do an unlawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) resulting damage to plaintiffs. *Eagletech Comms., Inc. v. Bryn Mawr Inv. Group, Inc.*, 79 So.3d 855, 863 (Fla. Dist. Ct. App. 2012). | |
| 17.    A conspiracy "requires the combination of two or more persons—a meeting of two independent minds intent on one purpose." *Cedar Hills Properties Corp. v. Eastern Federal Corp.*, 575 So. 2d 673, 676 (Fla. Dist. Ct. App. 1991).  This agreement, | |

| | |
|---|---|
| however, need not be express but "may be implied and understood to exist from the conduct itself." *In re Chira*, 353 B.R. 693, 732 (Bankr. S.D. Fla. 2006) (applying Florida law); *see also Crawley-Kitzman v. Hernandez*, 324 So.3d 968, 976 (Fla. Dist. Ct. App. 2021) (civil conspiracy may consist of an implied agreement). | |
| 18.    "Each coconspirator need not act to further a conspiracy; each 'need only know of the scheme and assist it in some way to be held responsible for all of the acts of his coconspirators." *Charles v. Florida Foreclosure Placement Center, LLC*, 988 So.2d 1157, 1160 (Fla. Dist. Ap. 2008). | |
| 19.    "A showing of irreparable injury is 'the sine qua non of injunctive relief.'" *Siegel v.* Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000) (citing *Northeastern Fla. Chapter of the Ass'n of* | |

| | |
|---|---|
| *Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990). | |
| 20.     Dissipation and concealment of assets constitutes irreparable harm justifying injunctive relief.  *G.W. Palmer & Co., Inc. v. Florida Fresh Produce Corp.*, No. 17-cv-657-FtM-29MRM, 2017 WL 6041918, at *2 (M.D. Fla. Dec. 6, 2017) (noting that a "dissipation of trust assets constitutes irreparable harm justifying injunctive relief…"); *Tropical Fruit Trading, Inc. v. AgroFarms, LLC*, No. 16-cv-21735-GAYLES, 2016 WL 4376747, at *4 (S.D. Fla. Aug. 17, 2016) (emphasis omitted) (acknowledging that "dissipation can constitute irreparable harm 'if it makes ultimate recovery unlikely'…") (citing *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 140–41 (3d Cir. 2000); *General Produce, Inc. v. Raindrop Produce, Inc.*, No. 11-cv-8-Orl-22GJK, 2011 WL 13298720, at *1 (M.D. Fla. | The cited cases are inapposite as they deal with trusts (statutory and otherwise). Furthermore, the "core purpose of injunctive relief" is not satisfied where the movant "essentially ask[s] [the] Court to either render the funds idle . . . or to preserve funds which can be traced to calculate damages[.]" *Helix Inv. Mgmt., LP v. Privilege Direct Corp.*, No. 8:18-CV-206-VMC-AEP, 2019 WL 1006099, at *3 (M.D. Fla. Jan. 7, 2019), *report and recommendation adopted*, No. 8:18-CV-206-T-33AEP, 2019 WL 460028 (M.D. Fla. Feb. 6, 2019). |

| | |
|---|---|
| Jan. 7, 2011) ("Because the dissipation of trust assets results in the unlikely chance the plaintiff will ever obtain recovery, PACA trust dissipation often constitutes irreparable harm"). | |
| 21.     Irreparable harm exists "where there is a strong indication that the defendant may dissipate or conceal assets." *Demaria v. Gisbex Clearing Corp., S.A.,* 2012 WL 13008158 (citing *Micro Signal Research, Inc. v. Otus,* 417 F.3d 28, 31 (1st Cir. 2005)); *Marlite, Inc. v. Eckenrod,* 2012 WL 12863139 (S.D. Fla. Jan. 31, 2012); *Millennium Funding, Inc. v. 1701 gmt. LLC,* 2023 WL 1863516 (S.D. Fla. Feb. 9, 2023); *Textron Financial Corp. v. Unique Marine, Inc.,* 2008 WL 4716965 (S.D. Fla. Oct. 22, 2008) (issuing injunctive relief where defendant was likely to "continue to liquidate the assets that constitute Collateral owed to [plaintiff] and, for all practical purposes, frustrate [plaintiff's] right to collect the Collateral") | *See* response to ¶ 20. In addition, the full language from *Demaria* is: "<u>Although the possibility that a party may have difficulty collecting on a judgment due to the defendant's financial situation typically will not constitute irreparable harm</u>, 'the story is quite different where there is a strong indication that the defendant may dissipate or conceal assets.'" *Demaria,* 2012 WL 13008158, at *4 (emphasis added). |

| | |
|---|---|
| 22.    "[T]he public interest is advanced by enforcing faithful compliance with the laws of the United States and the State of Florida." *Fla. Atl. Univ. Bd. of Trs. v. Parsont*, 465 F.Supp.3d 1279, 1298 (S.D. Fla. 2020). | |
| 23.    The elements of an agency relationship are "(1) acknowledgment by the principal that the agent will act for him, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent." *Jackson-Davis v. Carnival Corp.*, 2018 WL 1468665, at *4 (S.D. Fla. Mar. 23, 2018). | |
| 24.    When an agent performs an act pursuant to the direction of a principal, such as creating a bank account, that account is the property of the principal, not the agent. *See* | |

| | |
|---|---|
| Restatement (Second) of Agency § 423 (1958) ("[A]n agent who holds the title to something for the principal is subject to a duty to . . . act in accordance with the directions of the principal [and] to use it only for the principal's benefit."). | |
| 25. "An agent may, in the scope of its agency, hold property on its principal's behalf. In such instances, it is said that the principal [] both owns the property held by the agent and bears authority to direct the agent's actions concerning that property." *Phan v. Deutsche Bank Nat. Tr. Co., ex rel. First Franklin Mortg. Loan Tr. 2006-FF11*, 198 So. 3d 744, 748 (Fla. Dist. Ct. App. 2016); *see also Wachovia Bank, N.A. v. Tien*, 534 F. Supp. 2d 1267 (S.D. Fla. 2007) (finding bank accounts to which principals granted agents signing authority were owned by each respective principal, and not by individual agents who were authorized to sign on the accounts). | |

| | |
|---|---|
| 26.     The corporate form will be disregarded "where the corporation is created for some illegal purpose or to commit an illegal act." *State ex rel. Cont'l Distilling Sales Co. v. Vocelle*, 27 So. 2d 728, 729 (Fla. 1946). | The cited authority pertains to piercing the corporate veil and not whether a duly formed entity will be treated as null and void. In any event, the full statement of law regarding veil-piercing is as follows: "To establish a claim for piercing the corporate veil under Florida law, a plaintiff must allege that '(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form [was] used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant.'" *Alvarez Galvez v. Fanjul Corp.*, 533 F. Supp. 3d 1268, 1284 (S.D. Fla. 2021), *appeal dismissed*, No. 21-13130-HH, 2021 WL 5985065 (11th Cir. Dec. 9, 2021) (citations omitted) (alterations in original). |

|  |  |
|---|---|
| 27.     Federal Rule of Civil Procedure 65 permits a court to require a party moving for an injunction to give security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. *Developers Sur. & Indem. Co. v. Bi-Tech Const., Inc.*, 964 F. Supp. 2d 1304, 1310 (S.D. Fla. 2013).  In granting interim relief, the Court has wide discretion in setting the amount of the bond required, if any.  *Univ. Books & Videos, Inc. v. Metro. Dade County*, 33 F.Supp.2d 1364, 1374 (S.D. Fla. 1999). A district court has discretion to dispense with the security requirement, or to require only a nominal security.  *BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Services, LLC*, 425 F.3d 964, 971 (11th Cir. 2005). |  |

| | |
|---|---|
| 28.     Bond is not required where it would force Plaintiffs to suffer additional hardship due to Defendants' misconduct, including where the absence of an injunction would enable Defendants to "be free to sell, transfer, or conceal their assets to avoid their obligations." *Developers Sur. & Indem. Co. v. Bi-Tech Const., Inc.*, 964 F.Supp.2d 1304, 1310 (S.D. Fla. 2013). A bond is not required where the defendants "could obtain the return of the [money subject to injunction]" if they "ultimately succeed on the merits of this litigation." *Id.* | The "sell, transfer, or conceal" quote relates to the irreparable injury element of a preliminary injunction, not the bond requirement. The second quote's use of brackets misstates the holding. The case involved a situation where the injunction required the issuance of funds to the plaintiff in accordance with an indemnity agreement, so the court explained requiring the plaintiff to post an identical bond would defeat the purpose of the injunction. |
| 29.     An injunction "binds those who receive actual notice of it, including the parties, . . . as well as other persons who are in active concert or participation with them.  The injunction not only binds the parties but also those . . . subject to their control." *F.T.C. v. Leshin*, 618 F.3d 1221, 1235 (11th Cir. 2010). | |

| | |
|---|---|
| 30.    "The power to punish for contempt is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders and writs of the courts." *Ex parte Robinson*, 86 U.S. 505, 510 (1873); *F.T.C. v. RCA Credit Servs., LLC*, 2012 WL 11406549, at *1 (M.D. Fla. Mar. 20, 2012) ("District courts have inherent power to enforce compliance with their orders through civil contempt."). | |
| 31.    A finding of civil contempt must be supported by clear and convincing evidence that (1) the allegedly violated order was valid and lawful, (2) the order was clear and unambiguous, (3) the alleged violator had the ability to comply with the order, and (4) the order was violated.  *F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citing *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002)). | |

| | |
|---|---|
| 32.    "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). | |

Respectfully Submitted,

Dated:  April 20, 2023

By:  /s/ Christopher T. Berg

John K. Shubin, Esq.
Dylan M. Helfand, Esq.
Jamie L. Katz, Esq.
**SHUBIN & BASS, P.A.**
150 W Flagler Street, Suite 1420
Miami, FL 33130
Tel.: (305) 381-6060
Fax: (305) 381-9457
Email:  jshubin@shubinbass.com
        jkatz@shubinbass.com
        dhelfand@shubinbass.com

Christopher T. Berg (*pro hac vice*)
Benjamin J. Kussman (*pro hac vice*)
**ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP**
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
(310) 274-7100
Email:  cberg@egcfirm.com
        bkussman@egcfirm.com

*Attorneys for Plaintiffs Ryan Breslow, Alex Fine, And Jon Gordon*