UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:23-cv-20727-RKA

**RYAN BRESLOW**, *et al.*,

    Plaintiffs,

v.

**MARK PHILLIPS**, *et al.*,

    Defendants.

## DEFENDANTS' PROPOSED STIPULATION OF LAW FOR EVIDENTIARY HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Defendants Mark Phillips and Benjamin Reed (collectively, "Defendants"), by and through their attorneys, Dhillon Law Group Inc., hereby file their proposed stipulation of law for the evidentiary hearing on Plaintiffs Ryan Breslow, Alex Fine, and Jon Gordon's (collectively, "Plaintiffs") motion for a preliminary injunction on April 27, 2023.

| No. | Defendants' Proposed Statement of Law | Plaintiffs' Response |
|---|---|---|
| 1 | "A party seeking 'a preliminary injunction must establish that (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.'" *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1290–91 (11th Cir. 2022) (quoting *Forsyth Cnty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011)). | |
| 2 | "'A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" *Id.* at 1291 (quoting *Forsyth Cnty.* at 1039). | |
| 3 | The elements of a breach of fiduciary duty claim are (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) | |

|   | | |
|---|---|---|
|   | damage to the plaintiff caused by the breach. *Gracey v. Eaker,* 837 So.2d 348, 353 (Fla. 2002). | |
| 4 | Under Delaware law, "[a] nonprofit association is a legal entity separate from its members for the purposes of determining and enforcing rights, duties and liabilities in contract and tort." Del. Code Ann. tit. 6, § 1906(a). | |
| 5 | Under Delaware law, the question of whether a claim is derivative or direct "must turn *solely* on the following questions: (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?" *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.3d 1031, 1033 (Del. 2004). | This statement of the law is irrelevant. Plaintiffs have not asserted a derivative claim and the standard under Delaware law to determine the validity of a derivative claim has no bearing on this hearing. |
| 6 | "Where all of a corporation's stockholders are harmed and would recover *pro rata* in accordance with their ownership of the corporation's stock solely because they are stockholders, then the claim is derivative in nature." *Feldman v. Cutaia*, 951 A.2d 727, 733 (Del. 2008) (footnote omitted). | This statement of the law is irrelevant. Plaintiffs have not asserted a derivative claim and the standard under Delaware law to determine the validity of a derivative claim has no bearing on this hearing. |
| 7 | The elements of fraud are: "(1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party." *Nyesa Costa Rica v. Wilson Capital Grp. Holdings, LLC*, No. 11-22036, 2012 WL 1492344, at *3 (S.D. Fla. Apr. 27, 2012) (citation omitted). | |
| 8 | In order to satisfy Fed. R. Civ. P. 9(b)'s requirement that fraud be pleaded with particularity, "a plaintiff must establish the who, what, when, where, and how of a fraud." *Combe v. Flocar Inv. Grp. Corp.*, 977 F. Supp. 2d 1301, 1305–06 (S.D. Fla. 2013) (citing *Mizarro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008)). | |
| 9 | A promise can only serve as the basis for a fraud claim "if the plaintiff can demonstrate that the person promising future action does so with no intention of performing or with a positive | |

| | | |
|---|---|---|
| | intention not to perform." *Nodus Int'l Bank, Inc. v. Arocha Hernandez*, 511 F. Supp. 3d 1316, 1324 (S.D. Fla. 2021). | |
| 10 | "[T]his District has clearly held that reliance on fraudulent representations is unreasonable as a matter of law where the alleged misrepresentations contradict the express terms of the ensuing written agreement." *Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc.*, 262 F. Supp. 2d 1334, 1342 (S.D. Fla. 1999), *aff'd sub nom. Eclipse Med., Inc. v. Am. Hydro-Surgical*, 235 F.3d 1344 (11th Cir. 2000) (citations omitted). | |
| 11 | "A claim for civil conspiracy must consist of the following allegations: 1) a conspiracy between two or more parties; 2) the doing of an unlawful act or a lawful act by unlawful means; 3) the doing of some overt act in pursuance of the conspiracy; and 4) damage to the plaintiff as a result of the acts done under the conspiracy." *Sonnenreich v. Philip Morris Inc.*, 929 F. Supp. 416, 419 (S.D. Fla. 1996) (citation omitted). | |
| 12 | Civil conspiracy is not an "independent cause of action;" rather, there must be an underlying "illegal act or tort on which conspiracy is based." *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1316 (S.D. Fla. 2014) (citations omitted). | |
| 13 | "According to the intracorporate conspiracy doctrine, . . . a civil conspiracy claim will not succeed where the only members of the alleged conspiracy are a corporation and/or its officers. . . .  This is because the actions of corporate agents, acting within the scope of their employment, are attributed to the corporation itself, thereby negating the multiplicity of actors needed for a conspiracy." *HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 302 F. Supp. 3d 1319, 1325 (M.D. Fla. 2016), *aff'd*, 703 F. App'x 814 (11th Cir. 2017) (citations omitted). | |

Respectfully submitted,

 /s/ Nitoj P. Singh

DHILLON LAW GROUP INC.
Matthew S. Sarelson (Florida Bar 888281)
MSarelson@dhillonlaw.com
1601 Forum Place, Suite 403
West Palm Beach, FL 33401
305.773.1952

DHILLON LAW GROUP INC.
Nitoj P. Singh (Admitted *pro hac vice*)

3

NSingh@dhillonlaw.com
Jesse Franklin-Murdock (Admitted *pro hac vice*)
JFranklin-Murdock@dhillonlaw.com
177 Post Street, Suite 700
San Francisco, CA 94108
415.433.1700

Attorneys for Defendants Mark Phillips and Benjamin Reed

4