**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:23-cv-20727-RKA

**RYAN BRESLOW**, *et al.*,

    Plaintiffs,

v.

**MARK PHILLIPS**, *et al.*,

    Defendants.

_____/

**MOVEMENTDAO**, *et al.*,

    Counterclaim-Plaintiffs,

v.

**RYAN BRESLOW**, *et al.*,

    Counterclaim-Defendants.

**DEFENDANTS' ANSWER TO VERIFIED COMPLAINT;
COUNTERCLAIM; AND DEMAND FOR JURY TRIAL**

**DEFENDANTS MARK PHILLIPS AND BENJAMIN REED'S**
**ANSWER TO VERIFIED COMPLAINT**

Defendants Mark Phillips and Benjamin Reed (collectively, "Defendants"), by and through their attorneys, Dhillon Law Group Inc., for their answer to Plaintiffs Ryan Breslow, Alex Fine, and Jon Gordon's (collectively, "Plaintiffs") Verified Complaint ("VC") [ECF No. 1], allege and aver as follows:

Responses to Allegations in the Verified Complaint

1. Defendants deny the allegations in Paragraph 1 of the VC.

2. Defendants deny the allegations in the first sentence of Paragraph 2 of the VC. Defendants lack knowledge as to the truth or falsity of the allegations in the second sentence of Paragraph 2 and therefore deny the same.

3. Defendants deny the allegations in the first sentence of Paragraph 3 of the VC. Defendants lack knowledge as to the truth or falsity of the allegations in the second sentence of Paragraph 3 and therefore deny the same.

4. Defendants deny the allegations in the first sentence of Paragraph 4 of the VC. Defendants lack knowledge as to the truth or falsity of the allegations in the second sentence of Paragraph 4 and therefore deny the same.

5. Defendants admit the allegations in Paragraph 5 of the VC.

6. Defendants admit the allegations in Paragraph 6 of the VC.

7. Paragraph 7 of the VC is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and leave Plaintiffs to their proof.

8. Paragraph 8 of the VC is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and leave Plaintiffs to their proof.

9. Defendants lack knowledge as to the truth or falsity of the allegations in Paragraph 9 of the VC and therefore deny the same.

10. Defendants lack knowledge as to the truth or falsity of the allegations in Paragraph 10 of the VC and therefore deny the same.

11. Defendants deny the allegations in Paragraph 11 of the VC.

12. With regard to the allegations in Paragraph 12 of the VC, Defendants affirmatively state that the Gitbook was made available to the public online on February 2, 2022. Defendants affirmatively state that the contents of the Gitbook speaks for itself, and Defendants deny the allegations in Paragraph 12 of the VC to the extent they are inconsistent with the Gitbook.

13. With regard to the allegations in Paragraph 13 of the VC, Defendants affirmatively state that the contents of the Gitbook speaks for itself, and Defendants deny the allegations in Paragraph 13 of the VC to the extent they are inconsistent with the Gitbook.

14. With regard to the allegations in Paragraph 14 of the VC, Defendants affirmatively state that the contents of the Gitbook speaks for itself, and Defendants deny the allegations in Paragraph 14 of the VC to the extent they are inconsistent with the Gitbook.

15. With regard to the allegations in Paragraph 15 of the VC, Defendants affirmatively state that the contents of the Gitbook speaks for itself, and Defendants deny the allegations in Paragraph 15 of the VC to the extent they are inconsistent with the Gitbook.

16. With regard to the allegations in Paragraph 16 of the VC, Defendants affirmatively state that the contents of the Gitbook speaks for itself, and Defendants deny the allegations in Paragraph 16 of the VC to the extent they are inconsistent with the Gitbook. Defendants deny the allegations in the final two sentences of Paragraph 16 of the VC.

17. Defendants lack knowledge as to the truth or falsity of the allegations in the first sentence of Paragraph 17 of the VC and therefore deny the same. Defendants admit the allegations in the second sentence of Paragraph 17 of the VC and affirmatively states that Mr. Phillips was performing work for the SEC during the time period at issue.

18. Defendants lack knowledge as to the truth or falsity of the allegations in the first two sentences of Paragraph 18 of the VC and therefore deny the same. Defendants deny the allegations in the third sentence of Paragraph 18 of the VC.

19. Defendants deny the allegations in Paragraph 19 of the VC.

20. With regard to the allegations in Paragraph 20 of the VC, Defendants affirmatively state that Phillips began work on the DAO architecture, and Defendants admit the allegations in the second sentence of Paragraph 20 of the VC. Defendants deny the allegations in the third sentence of Paragraph 20 of the VC.

21. With regard to the allegations in Paragraph 21 of the VC, Defendants affirmatively state that Phillips established the Gnosis SAFE account for the Law Office of Reed Yurchak at Plaintiffs' direction. Defendants deny the remainder of the allegations in Paragraph 21 of the VC.

22. Defendants deny the allegations in Paragraph 22 of the VC.

23. Defendants deny the allegations in Paragraph 23 of the VC.

24. Defendants deny the allegations in Paragraph 24 of the VC.

25. Defendants deny the allegations in Paragraph 25 of the VC.

26. Defendants deny the allegations in Paragraph 26 of the VC.

27. Defendants deny the allegations in the first sentence of Paragraph 27 of the FAC. Defendants lack knowledge as to the truth or falsity of the allegations in the second sentence of

Paragraph 27 of the VC and therefore deny the same. Defendants deny the remainder of the allegations in Paragraph 27 of the VC.

28.     With regard to Paragraph 28 of the VC, Defendants admit that Phillips advocated that the DAO's resources should be focused on development during the time period at issue and admit the allegations in the third sentence. Defendants deny the remainder of the allegations in Paragraph 28 of the VC.

29.     With regard to Paragraph 29 of the VC, Defendants affirmatively state that the transfer of $1.75 million was approved by the DAO's members through the Snapshot.org voting platform and that Plaintiffs had agreed to this proposal. Defendants deny the remainder of the allegations in Paragraph 29 of the VC.

30.     Defendants deny the allegations in Paragraph 30 of the VC.

31.     Defendants deny the allegations in Paragraph 31 of the VC.

32.     With regard to Paragraph 32 of the VC, Defendants affirmatively state that the referenced proposal speaks for itself, and Defendants deny the allegations in Paragraph 32 of the VC to the extent they are inconsistent with the referenced proposal. Defendants deny the remaining allegations in Paragraph 32 of the VC.

33.     With regard to Paragraph 33 of the VC, Defendants affirmatively state that the referenced proposals speak for themselves, and Defendants deny the allegations in Paragraph 33 of the VC to the extent they are inconsistent with the referenced proposals. Defendants deny the remaining allegations in Paragraph 33 of the VC.

34.     Defendants deny the allegations in Paragraph 34 of the VC.

35.     Defendants deny the allegations in Paragraph 35 of the VC.

36.     Defendants deny the allegations in Paragraph 36 of the VC.

37. With regard to Paragraph 37 of the VC, Defendants lack knowledge as to the truth or falsity of the allegations relating to Fine's concerns and his discussions with the other Plaintiffs and therefore deny the same. Defendants deny the remainder of the allegations in Paragraph 37 of the VC.

38. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 38 of the VC and therefore deny the same. Defendants deny the remaining allegations in Paragraph 38 of the VC.

39. Defendants deny the allegations in Paragraph 39 of the VC.

40. With regard to Paragraph 40 of the VC, Defendants affirmatively state that the referenced proposals and comments speak for themselves, and Defendants deny the allegations in Paragraph 40 of the VC to the extent they are inconsistent with the referenced proposals and comments. Defendants deny the remaining allegations in Paragraph 40 of the VC.

41. With regard to Paragraph 41 of the VC, Defendants affirmatively state that the referenced proposal speaks for itself, and Defendants deny the allegations in Paragraph 41 of the VC to the extent they are inconsistent with the referenced proposal. Defendants deny the remaining allegations in Paragraph 41 of the VC.

42. With regard to Paragraph 42 of the VC, Defendants affirmatively state that MovementDAO worked with the Law Office of Reed Yurchak, which utilized the name Dao-lawfirm.eth. Defendants further affirmatively state that the contents of the website https://www.dao-lawfirm.xyz/ speak for itself, and Defendants deny the allegations in Paragraph 42 of the VC to the extent they are inconsistent with the contents of the referenced website. Defendants deny the remaining allegations in Paragraph 42 of the VC.

43. With regard to Paragraph 43 of the VC, Defendants affirmatively state that the referenced website speaks for itself, and Defendants deny the allegations in Paragraph 43 of the VC to the extent they are inconsistent with the contents of the referenced website. Defendants deny the remaining allegations in Paragraph 43 of the VC.

44. With regard to Paragraph 44 of the VC, Defendants affirmatively state that the referenced website speaks for itself, and Defendants deny the allegations in Paragraph 44 of the VC to the extent they are inconsistent with the contents of the referenced website. Defendants admit that Reed Yurchak represented Phillips in the referenced criminal matter. Defendants deny the remaining allegations in Paragraph 44 of the VC.

45. Defendants lack knowledge as to the truth or falsity of the allegations in the third sentence of Paragraph 45 of the VC and therefore deny the same. Defendants deny the remaining allegations in Paragraph 45 of the VC.

46. With regard to Paragraph 46 of the VC, Defendants admit that Breslow wrote to Phillips on the dates listed, affirmatively state that the contents of Breslow's communications speak for themselves, and deny the allegations in Paragraph 46 to the extent they are inconsistent with the referenced communications. Defendants deny the remaining allegations in Paragraph 46 of the VC.

47. Defendants deny the allegations in Paragraph 47 of the VC.

48. With regard to Paragraph 48 of the VC, Defendants affirmatively state that the referenced proposals speak for themselves, and Defendants deny the allegations in Paragraph 48 of the VC to the extent they are inconsistent with the referenced proposals. Defendants deny the remaining allegations in Paragraph 48 of the VC.

49. With regard to Paragraph 49 of the VC, Defendants affirmatively state that the referenced proposals speak for themselves, and Defendants deny the allegations in Paragraph 49 of the VC to the extent they are inconsistent with the referenced proposals. Defendants deny the remaining allegations in Paragraph 49 of the VC.

50. Defendants deny the allegations in Paragraph 50 of the VC.

51. With regard to Paragraph 51 of the VC, Defendants admit that the transfers were made in the alleged amounts on the alleged dates. Defendants deny the remaining allegations in Paragraph 51 of the VC.

52. Defendants deny the allegations in Paragraph 52 of the VC.

53. With regard to Paragraph 53 of the VC, Defendants admit that the transfers were made to Phillips and Reed in the amounts alleged. Defendants deny the remaining allegations in Paragraph 53 of the VC.

54. Defendants deny the allegations in Paragraph 54 of the VC.

55. Defendants deny the allegations in Paragraph 55 of the VC.

56. Defendants deny the allegations in Paragraph 56 of the VC.

57. With regard to Paragraph 57 of the VC, Defendants incorporate their responses to Paragraphs 1–56 of the VC.

58. Defendants admit the allegations in the second sentence of Paragraph 58 of the VC. Defendants deny the remaining allegations in Paragraph 58 of the VC.

59. Defendants deny the allegations in Paragraph 59 of the VC.

60. Defendants deny the allegations in Paragraph 60 of the VC.

61. Defendants deny the allegations in Paragraph 61 of the VC.

62. Defendants deny the allegations in Paragraph 62 of the VC.

63. With regard to Paragraph 63 of the VC, Defendants incorporate their responses to Paragraphs 1–62 of the VC.

64. Defendants deny the allegations in Paragraph 64 of the VC.

65. With regard to Paragraph 65 of the VC, Defendants affirmatively state that the Gitbook governed MovementDAO after MovementDAO's launch, along with MovementDAO's organizational documents attached to MIP-0000, and other MIPs adopted by MovementDAO's community. Defendants deny the remaining allegations in Paragraph 65 of the VC.

66. Defendants deny the allegations in Paragraph 66 of the VC.

67. Defendants admit the allegations in the first sentence of Paragraph 67 of the VC. Defendants lack knowledge as to the truth or falsity of the remaining allegations in Paragraph 67 and therefore deny the same.

68. With regard to Paragraph 68 of the VC, Defendants affirmatively state that the Gitbook speaks for itself and deny the allegations in Paragraph 68 of the VC to the extent they are inconsistent with the Gitbook.

69. Defendants deny the allegations in Paragraph 69 of the VC.

70. Defendants deny the allegations in Paragraph 70 of the VC.

71. Defendants deny the allegations in Paragraph 71 of the VC.

72. Defendants deny the allegations in Paragraph 72 of the VC.

73. Defendants deny the allegations in Paragraph 73 of the VC.

74. Defendants deny the allegations in Paragraph 74 of the VC.

75. Defendants deny the allegations in Paragraph 75 of the VC.

76. With regard to Paragraph 76 of the VC, Defendants incorporate their responses to Paragraphs 1–75 of the VC.

77. Defendants deny the allegations in Paragraph 77 of the VC.

78. Defendants deny the allegations in Paragraph 78 of the VC.

79. Defendants deny the allegations in Paragraph 79 of the VC.

80. Paragraph 80 of the VC is not a factual allegation to which a response is required.

81. Defendants deny that Plaintiffs are entitled to any of the remedies or relief set forth in Paragraphs A through I of the Prayer for Relief in the VC.

82. Defendants deny each and every allegation in the VC that they did not specifically respond to above.

## Affirmative Defenses

### First Affirmative Defense

83. The VC fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

84. Plaintiffs lack standing to prosecute the claims in the VC.

### Third Affirmative Defense

85. The claims in the VC are derivative claims that must be filed in the name of MovementDAO.

### Fourth Affirmative Defense

86. Plaintiffs failed to follow the procedure in Fed. R. Civ. P. 23.1 before bringing a derivative claim on behalf of MovementDAO.

### Fifth Affirmative Defense

87. Plaintiffs' claims are barred by their failure to join an indispensable party.

### Sixth Affirmative Defense

88. Plaintiffs' claims are barred by the business judgment rule.

## Seventh Affirmative Defense

89. The VC asserts claims subject to a mandatory arbitration clause.

## Eighth Affirmative Defense

90. Plaintiffs failed to plead their fraud claim with particularity as required by Fed. R. Civ. P. 9(b).

## Ninth Affirmative Defense

91. Plaintiffs' claims are barred by the doctrine of waiver.

## Tenth Affirmative Defense

92. Plaintiffs' claims are barred by the doctrine of unclean hands.

## Eleventh Affirmative Defense

93. Plaintiffs' claims are barred by the doctrine of estoppel.

## Twelfth Affirmative Defense

94. Plaintiffs' claims are barred by the doctrine of laches.

## Thirteenth Affirmative Defense

95. Plaintiffs' fraud claim is barred by the existence of a contradictory writing.

## Fourteenth Affirmative Defense

96. Plaintiffs' breach of fiduciary duties claim fails because no fiduciary relationship exists.

## Fifteenth Affirmative Defense

97. Plaintiffs' breach of fiduciary duties claim is barred by exculpatory language in MovementDAO's governing documents.

### Sixteenth Affirmative Defense

98. Plaintiffs' claims are barred in whole or in part by their failure to mitigate their damages.

### Seventeenth Affirmative Defense

99. Plaintiffs' civil conspiracy claim is barred by the intracorporate conspiracy doctrine.

### Eighteenth Affirmative Defense

100. Plaintiffs' claims for equitable remedies are barred because Plaintiffs have an adequate remedy at law to the extent they are entitled to any remedy.

### Nineteenth Affirmative Defense

101. Plaintiffs' claims are barred by their failure to act in a commercially reasonable manner.

### Twentieth Affirmative Defense

102. Plaintiffs' claims are barred by their own fraudulent conduct.

### Twenty-First Affirmative Defense

103. Plaintiffs' claims are barred because Plaintiffs are not the real parties in interest.

### Twenty-Second Affirmative Defense

104. Plaintiffs' claims are barred by an express, implied, or equitable release of rights.

### Twenty-Third Affirmative Defense

105. Defendants' investigation is ongoing, and discovery has not yet commenced. Defendants therefore reserve the right to assert any additional defenses, including affirmative defenses, that become applicable in the course of their investigation and discovery.

Prayer for Relief

WHEREFORE, Defendants pray for relief as follows:

A. That the Court enter judgment in favor of Defendants as against Plaintiffs.

B. That Plaintiffs' claims against Defendants be dismissed with prejudice.

C. That Plaintiffs take nothing by way of their Verified Complaint.

D. That the Court award Defendants their attorneys' fees and costs of suit to the extent permitted by law or contract.

E. That the Court provide Defendants with such other relief as is just and proper.

Respectfully submitted,

  /s/ Nitoj P. Singh

DHILLON LAW GROUP INC.
Matthew S. Sarelson (Florida Bar 888281)
MSarelson@dhillonlaw.com
1601 Forum Place, Suite 403
West Palm Beach, FL 33401
305.773.1952

DHILLON LAW GROUP INC.
Nitoj P. Singh (Admitted *pro hac vice*)
NSingh@dhillonlaw.com
Jesse Franklin-Murdock (Admitted *pro hac vice*)
JFranklin-Murdock@dhillonlaw.com
177 Post Street, Suite 700
San Francisco, CA 94108
415.433.1700

Attorneys for Defendant and Counterclaim-Plaintiff Mark Phillips; Defendant Benjamin Reed; and Counterclaim-Plaintiff MovementDAO