# Exhibit A

**ELLIS GEORGE CIPOLLONE**
ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP

2121 Avenue of the Stars
30th Floor
Los Angeles, CA 90067

Christopher T. Berg
424.202.5506
cberg@egcfirm.com

File No. 10098-001

April 3, 2023

**Via Electronic Mail**

Nitoj P. Singh, Esq.
Dhillon Law Group Inc.
177 Post Street, Suite 700
San Francisco, CA 94108
Email:  nsingh@dhillonlaw.com

Re: Ryan Breslow, et al. v. Mark Phillips, et al. Case No.: 23-cv-020727 (S.D. Fla.)

Dear Mr. Singh:

I am following up on the representations made at the hearing on March 28, 2023.

First, you represented to the Court that there were "about a dozen," Hr'g Trans. 24:24, documents Defendants may want to use at the upcoming preliminary injunction hearing that implicate privilege concerns.  The Court directed you to provide those documents to us so that we can meet and confer regarding any privilege issues.  Hr'g Trans. 24:25–25:1 ("I think you got to show him those documents sooner rather than later.").  We have not received those documents from you.  Please provide them by Wednesday, April 5, 2023.

Second, the Court acknowledged that the accounting your clients provided to the Court did not properly account for the cryptocurrency from the DAO endowment that was converted to cash.  Hr'g Trans. 26:5–8 (Berg: "We still do not have an accounting for what defendants have done with the cryptocurrency they converted into cash.  The notice was very, very vague on that point." Court: "I agree with that.").  You then represented to the Court that you would "go back to [your] clients and provide a cash accounting." Hr'g Trans. 27:24–25.  We have not received that accounting from you.  Please provide a complete accounting of the cryptocurrency that was converted to cash by Wednesday, April 5, 2023, including any cash that has been used to pay attorney's fees or that has been used to fund a retainer.  Per the Court's direction, the accounting needs to clearly state *where* and *when* the money was spent, including whether it was spent on lawyers, DAO Labs business expenses (and the nature of those expenses), as well as how much cash remains unspent.  *See* Hr'g Trans. 28:24–29:3.

Third, you represented that some of the DAO endowment assets that have been converted into cash were used to pay attorney's fees to your firm and to a lawyer named Daniel Resnick-Neillie.  Hr'g Trans. 26:15–27:23.  The Court warned that no monies (whether cash or otherwise)

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP

April 3, 2023
Page 2

from the DAO endowment should have been spent since the issuance of the TRO. Hr'g Trans. 29:4–6 ("I do not want to find that after the TRO was entered, money was disbursed in violation of the TRO. That would be very bad for your client."). Please confirm by Wednesday, April 5, 2023 that your firm has not received any monies originating from the DAO endowment account since the issuance of the TRO on February 28, 2023.

Fourth, as you know, the TRO requires anyone who has notice of the TRO to unwind any transactions involving the DAO endowment transfers that occurred in February 2023 and to return those monies to the DAO endowment account. Dkt. No. 18; *see also* Dkt. No. 45 at 10 ("An injunction binds those who receive actual notice of it."). Please confirm that you will return the monies that you received to the DAO endowment account, as directed by the TRO, no later than Wednesday, April 5, 2023. If you believe the funds your firm received are somehow not subject to the terms of the TRO, please provide us with an explanation immediately. We take the issue of attorneys accepting allegedly stolen funds very seriously.

We look forward to hearing from you.

Very truly yours,

Christopher T. Berg

2205574.1