# Exhibit K

**Ben Kussman**

| | |
|---|---|
| **From:** | Christopher T. Berg |
| **Sent:** | Monday, April 17, 2023 4:48 PM |
| **To:** | Jesse Franklin-Murdock (Dhillon Law) |
| **Cc:** | Nitoj Singh (Dhillon Law); Ben Kussman; Andrew R. Iglesias; Eric M. George |
| **Subject:** | RE: Proposed Amendments to TRO |

We will need some time to review this material with our clients. What is clear is that these expenses are not new or sudden—you or your clients have known about them for some time but for some reason have decided to wait until the week before the hearing to raise them (one of these entries is dated as far back as February 5, 2023). In fact, on our meet and confer on April 10, you said you would provide us with a proposal to amend the TRO—but you waited a week before providing that information (today, April 17). As you know, this is a very busy week for preparing for the hearing. We will get you a response once we've had an opportunity to consider your proposal and all the material you've included with it. It won't be by tomorrow—an unreasonable request given the circumstances. The pace with which you have treated this request demonstrates it is not exigent, which we will make clear to the Court if you decide to bring an emergency motion.

It is telling that you wish to petition the Court for an amendment to release funds but you have not petitioned the Court for guidance on what to do with the cryptocurrency that your clients converted to cash, despite representing numerous times that you would seek the Court's guidance about what to do with the cash. It was a notable omission at the last hearing, for example. Instead, your clients have opted to remain in noncompliance with the TRO.

**Christopher T. Berg** | Partner

**ELLIS GEORGE CIPOLLONE**
ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
T 310.274.7100 | F 310.275.5697
cberg@egcfirm.com
www.egcfirm.com

**From:** Jesse Franklin-Murdock (Dhillon Law) <JFM@dhillonlaw.com>
**Sent:** Monday, April 17, 2023 10:42 AM
**To:** Christopher T. Berg <cberg@egcfirm.com>
**Cc:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Subject:** Proposed Amendments to TRO

Chris,

As a result of the TRO, MovementDAO has been unable to pay certain vendors, and our clients have advanced the funds for other expenses. Most notably, Mikhail Radin returned $238,417.67 of funds he was paid for his work in 2022. The attached table contains our proposed amendments to the TRO so that MovementDAO can continue its business. The zipfolder contains the referenced exhibits. Our clients have identified three expenses most vital to MovementDAO's business for payment, which are bolded in the table.

We further request that your clients agree that the following personal accounts may be released from the TRO (to the extent they are covered by the TRO). These are our clients' personal accounts so freezing them is causing them to incur personal hardship as they would otherwise use their personal funds therein to pay bills and living expenses.

1. Mr. Reed's Wells Fargo checking account ending in 9216.

1

2. Mr. Phillips Robinhood account.

We request that you discuss with your clients whether they will consent to MovementDAO paying these three expenses and releasing the above accounts from the TRO. If not, we will seek emergency relief from the court for permission to do so. Given the time-sensitive nature of this matter, we request a response tomorrow.

Thanks,
Jesse


**Jesse Franklin-Murdock, Esq.**
*Associate* | Dhillon Law Group Inc.
177 Post Street, Suite 700 | San Francisco, CA 94108
O: 415.433.1700 | F: 415.520.6593
D: 415.493.3030 | M: 808.256.9845

www.dhillonlaw.com

**Admitted to practice law in California and Hawaii.**



**This email may be an attorney client privileged communication. If you received it in error, please destroy it and inform the sender.**