**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:23-cv-20727-RKA

**RYAN BRESLOW**, *et al.*,

     Plaintiffs,

v.

**MARK PHILLIPS**, *et al.*,

     Defendants.

_____/

**FIRST AMENDED EXHIBIT LIST**

By stating specific objections to exhibits, the parties do not alleviate their responsibility to introduce and meet admissibility requirements with respect to any exhibit. The parties may abbreviate objections as needed. The number in the "Exhibit Number" column must indicate the pre-marked identification label (*e.g.*, P-1 or D-1).[1]

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-301 | MIP-0000: Adopt the Guiding Principles, Terms of Service, and Code of Conduct, dated August 9, 2022 | 000001-000004 | | | |
| D-302 | MIP-0000: Exhibit A - Certificate of Adoption of the Organization Documents, dated August 23, 2022 | 000005-000005 | | | |

---

[1] The Plaintiffs' exhibits must be marked numerically with the letter "P" as a prefix; the Defendants' exhibits must be marked numerically with the letter "D" as a prefix.

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-303 | MIP-0000: Exhibit B - Guiding Principles, dated August 23, 2022 | 000006-000024 | | | |
| D-304 | MIP-0000: Exhibit C- Terms of Service, dated August 21, 2022 | 000025-000043 | | | |
| D-305 | MIP-0000: Exhibit D - Code of Conduct, dated August 21, 2022 | 000044-000047 | | | |
| D-306 | MIP-0000: Exhibit E - Definitions, dated August 21, 2022 | 000048-000060 | | | |
| D-307 | MIP-0001: Adopt the Governance and Multisig Processes, dated August 22, 2022 | 000061-000064 | | | |
| D-308 | MIP-0001: Exhibit A - Governance Process, dated August 22, 2022 | 000065-000066 | | | |
| D-309 | MIP-0001: Exhibit B - Multi-signature, dated August 22, 2022 | 000067-000067 | | | |
| D-310 | MIP-0001 voting log, dated August 29, 2022 | 000068-000068 | | | |
| D-311 | MIP-0002: Initial Treasury Diversification, dated August 22, 2022 | 000069-000072 | | | |
| D-312 | MIP-0002: Initial Treasury Diversification-proposal, dated August 23, 2022 | 000073-000076 | | | |
| D-313 | MIP-0002 voting log, dated August 29, 2022 | 000077-000077 | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-314 | MIP-0003: Bootstrap Product Development, dated August 22, 2022 | 000078-000081 | | | |
| D-315 | MIP-0003 voting log, dated August 29, 2022 | 000082-000082 | | | |
| D-316 | MIP-0003: Exhibit A - initialization budget, dated August 29, 2022 | 000083-000083 | | | |
| D-317 | MIP-0004: Adopt Actions, dated August 22, 2022 | 000084-000087 | | | |
| D-318 | MIP-0004 voting log, dated August 29, 2022 | 000088-000088 | | | |
| D-319 | MIP-0004: Exhibit A - DAOLABS, INC., Independent Consulting Agreement, dated August 29, 2022 | 000089-000099 | | | |
| D-320 | MIP-0004: Exhibit B - DAOLABS Technology License Agreement, dated August 29, 2022 | 000100-000107 | | | |
| D-321 | MIP-0005: Adopt Banking Relationship Authorizations, dated August 22, 2022 | 000108-000111 | | | |
| D-322 | MIP-0005 voting log, dated August 29, 2022 | 000112-000112 | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-323 | MIP-0005: Exhibit A - Movement DAO Resolution to Open a Bank Account, dated August 29, 2022 | 000113-000114 | | | |
| D-324 | MIP-0006: Appoint a Treasury Committee, dated August 22, 2022 | 000115-000118 | | | |
| D-325 | MIP-0006 voting log, dated August 29, 2022 | 000119-000119 | | | |
| D-326 | MIP-0007: Snapshot Consent of the Members of the DAO, dated August 22, 2022 | 000120-000123 | | | |
| D-327 | MIP-0007 voting log, dated August 29, 2022 | 000124-000124 | | | |
| D-328 | MIP-0007: Exhibit A - DAOLABS, INC., Indemnification Agreement, dated August 29, 2022 | 000125-000136 | | | |
| D-329 | MIP-0007: Exhibit B - DAOLABS, INC., Independent Consulting Agreement, dated August 29, 2022 | 000137-000147 | | | |
| D-330 | MIP-0007: Exhibit C - DAOLABS, LLC, Innovations and Assignment Agreement, dated August 29, 2022 | 000148-000153 | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-331 | MIP-0007: Exhibit D - DAOLABS Corporation Starter Kit, dated August 29, 2022 | 000154-000195 | | | |
| D-332 | MIP-0008: Custody ETH in EOA to Prepare for Merge, dated September 12, 2022 | 000196-000200 | | | |
| D-333 | MIP-0008 voting log, dated September 19, 2022 | 000201-000201 | | | |
| D-334 | MIP-0009: Approve Launch of DAOLABS Beta Services, dated January 3, 2023 | 000202-000209 | | | |
| D-335 | MIP-0009 voting log, dated January 9, 2023 | 000210-000210 | | | |
| D-336 | MIP-0010: Approve Authorized Members to Retain Further Legal Counsel, dated January 3, 2023 | 000211-000217 | | | |
| D-337 | MIP-0010 voting log, dated January 9, 2023 | 000218-000218 | | | |
| D-338 | MIP-0011: Pay Deferred Legal Fees From 2022, dated January 3, 2023 | 000219-000225 | | | |
| D-339 | MIP-0011 voting log, dated January 9, 2023 | 000226-000226 | | | |
| D-340 | MIP-0012: Pay Deferred Service Provider Fees From 2022, dated January 3, 2023 | 000227-000233 | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-341 | MIP-0012 voting log, dated January 9, 2023 | 000234-000234 | | | |
| D-342 | MIP-0013: Notice of Contributors of Questionnaire, dated January 4, 2023 | 000235-000240 | | | |
| D-343 | MIP-0014: Proposal to Ratify Action to Cycle All Gnosis Keys, dated January 31, 2023 | 000241-000247 | | | |
| D-344 | MIP-0014 voting log, dated January 9, 2023 | 000248-000248 | | | |
| D-345 | MIP-0015: Proposal to Ratify the Termination of Certain Members, dated January 31, 2023 | 000249-000255 | | | |
| D-346 | MIP-0015 voting log, dated February 9, 2023 | 000256-000256 | | | |
| D-347 | MIP-0016: Proposal to the Update to the DAO's Snapshot Strategy , dated January 31, 2023 | 000257-000262 | | | |
| D-348 | MIP-0016 voting log, dated February 9, 2023 | 000263-000263 | | | |
| D-349 | MIP-0017: Proposal for Outstanding Operational Expense Payouts, dated January 31, 2023 | 000264-000270 | | | |
| D-350 | MIP-0017 voting log, dated February 9, 2023 | 000271-000271 | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-351 | MIP-0018: Proposal for Deferred 2022 Developer Payouts, dated January 31, 2023 | 000272-000278 | | | |
| D-352 | MIP-0018 voting log, dated February 9, 2023 | 000279-000279 | | | |
| D-353 | MIP-0019: Proposal Regarding the Service Provider Fee Payout from 2022, dated January 31, 2023 | 000280-000286 | | | |
| D-354 | MIP-0019 voting log, dated February 9, 2023 | 000287-000287 | | | |
| D-355 | MIP-0020: Proposal for Payout of Deferred Legal and Indemnification Expenses, dated January 31, 2023 | 000288-000295 | | | |
| D-356 | MIP-0020 voting log, dated February 9, 2023 | 000296-000296 | | | |
| D-357 | MIP-0021: Proposal for the DAO's 2023 Operational Budget, dated January 31, 2023 | 000297-000305 | | | |
| D-358 | MIP-0021 voting log, dated February 9, 2023 | 000306-000306 | Lacks foundation. Fed. R. Evid. 602. Failure to properly authenticate. Fed. R. Evid. 901. Without further explanation, context, or accompanying documentation, it is unclear what this document reflects. Rule of completeness. Fed. R. Evid. 106. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-359 | MIP-022: Emergency Proposal to Consolidate Crypto Pursuant to Court Order, dated March 6, 2023 | 000307-000312 | | | |
| D-360 | MIP-0022 voting log, dated March 13, 2023 | 000313-000313 | Lacks foundation. Fed. R. Evid. 602. Failure to properly authenticate. Fed. R. Evid. 901. Without further explanation, context, or accompanying documentation, it is unclear what this document reflects. Rule of completeness. Fed. R. Evid. 106. | | |
| D-361 | MIP-0023: Proposal for Ltd Waiver of Attorney-Client Privilege & Work Product Doctrine w/the Law Firm of Reed Yurchak, dated March 14, 2023 | 000314-000318 | | | |
| D-362 | MIP-0023 voting log, dated March 21, 2023 | 000319-000319 | Lacks foundation. Fed. R. Evid. 602. Failure to properly authenticate. Fed. R. Evid. 901. Without further explanation, context, or accompanying documentation, it is unclear what this document reflects. Rule of completeness. Fed. R. Evid. 106. | | |
| D-363 | SEC Authorization for Release of Credit Information dated June 27, 2021 | 000320-000320 | Rule of completeness. Fed. R. Evid. 106. This exhibit only includes page 1 of 2. | | |
| D-364 | Email dated July 26, 2021, from Joey Krug to Ryan Breslow re: Welcome to Merkaba | 000321-000332 | | | |
| D-365 | Consulting Agreement dated July 22, 2021 | 000333-000342 | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-366 | Engineering Outline dated November 11, 2021 | 000343-000346 | Lacks foundation. Fed. R. Evid. 602. Failure to properly authenticate. Fed. R. Evid. 901. This document does not include a date, authorship information, nor does it identify who sent or received this document. Although it purports to be a contract, it does not con | | |
| D-367 | Confindential Independent Contractor Agreement dated December 6, 2021 | 000347-000352 | | | |
| D-368 | Email dated December 24, 2021, from j.ted-dao@protonmail.com to m@teddao.xyz re: Please find attached engagement letters | 000353-000353 | Lacks foundation. Fed. R. Evid. 602. Failure to properly authenticate. Fed. R. Evid. 901. The sender and recipient aliases included in this email are not identified. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-369 | Email dated December 29, 2021, from Marc Welton to Reed Yurchak; Mark Phillips re: Gitbook | 000354-000358 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6.<br>Mr. Phillips's communications with Mr. Yurchak and his law firm in this document occurred in the context of Mr. Phillips acting as an agent of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-370 | Email dated January 2, 2022, from Steve Faffle to Reed Yurchak; m@teddao.xyz; me@teddao.xyz re: $1M Confirmation | 000359-000359 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6.<br>Mr. Phillips's presence on communications with Mr. Yurchak in this document occurred in the context of Mr. Phillips acting as an agent of Plaintiffs and/or Merkaba, Inc. | | |
| D-371 | Email dated January 12, 2022, from Reed Yurchak to Ryan Mallory; mmfredyh2@gmail.com re: N/A | 000360-000360 | Rule of completeness. Fed. R. Evid. 106. This appears to be an incomplete email chain and does not show the subject line, which is necessary to understand its context. | | |
| D-372 | Chat with Ryan Breslow and Alexander Fine dated January 24, 2022 | 000361-000361 | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-373 | Chat with Alex Fine and Mark Phillips dated January 27, 2022 | 000362-000362 | Lacks foundation. Fed. R. Evid. 602. Failure to properly authenticate. Fed. R. Evid. 901. This text exchange does not identify the sender(s) or recipient(s). | | |
| D-374 | Discord Chat with Fuego and OBStaker dated February 2, 2022 | 000363-000363 | | | |
| D-375 | Movement DAO (branch deployed) dated February 2, 2022 | 000364-000428 | | | |
| D-376 | Discord Chat with FoxFlint; cRekto; AliG; mr_fine; Fuego; ChoosingtheGarden; mrtdlgc; AmyMarcella and dated February 15, 2022 | 000429-000429 | | | |
| D-377 | Email dated March 21, 2022, from Ryan Breslow to Mark Phillips re: The Peace Movement | 000430-000430 | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-378 | Email dated April 11, 2022, from Marc Welton to Reed Yurchak; Mark Phillips re: https://gitbook.move.xyz/move/legal/token-sale-and-use | 000431-000431 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6.<br>Mr. Phillips's communications with Mr. Yurchak and his law firm in this document occurred in the context of Mr. Phillips acting as an agent of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege.<br>Rule of completeness. Fed. R. Evid. 106. This exhibit does not include the full email exchange, which is necessary to understand its context. | | |
| D-379 | Discord Chat with tankbottoms; OBStacker; myco\|MOVE; filipviz and dated June 13, 2022 | 000432-000432 | Relevance. Fed. R. Evid. 402. No Plaintiff is included on this document. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-380 | Email dated July 11, 2022, from Benjamin Reed to Reed Yurchak re: Non profit | 000433-000433 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rules of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6.<br>Mr. Reed's communications with Mr. Yurchak and his law firm in this document occurred in the context of Mr. Reed acting as an agent of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-381 | Email dated July 14, 2022, from Marc Welton to Mark Phillips re: Template, Draft documents | 000434-000446 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6. Mr. Phillips's communications with Mr. Yurchak's law firm in this document occurred in the context of Mr. Phillips acting as an agent of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak's law firm is therefore protected by the attorney-client privilege. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-382 | Email dated July 14, 2022, from Reed Yurchak to Mark Phillips re: Reminder: Invoice 1391 from Action Engine Inc. | 000447-000449 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6.<br>Mr. Phillips's communications with Mr. Yurchak in this document occurred in the context of Mr. Phillips acting as an agent of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege. | | |
| D-383 | Letter dated August 2, 2022, from IRS to DAOLABS re: DAOLABS LLC EIN | 000450-000451 | | | |
| D-384 | Letter dated August 8, 2022, from IRS to MOVEMENTDAO re: MOVEMENTDAO EIN | 000452-000453 | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-385 | Letter dated August 10, 2022, from IRS to MOVEMENTDAO INC re: MOVEMENTDAO INC EIN | 000454-000456 | | | |
| D-386 | Discord Chat with OBStacker; _anna; Jim OB and Fuego dated August 11, 2022 | 000457-000457 | Rule of completeness. Fed. R. Evid. 106. It appears the full exchange of messages are not included in this exhibit, which is necessary to understand the document's context. | | |
| D-387 | Email dated August 17, 2022, from Benjamin Reed to Reed Yurchak re: Change of Registered Agent - DAOLABS, LLC | 000458-000458 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6. Mr. Reed's communications with Mr. Yurchak in this document occurred in the context of Mr. Reed and Mr. Phillips acting as agents of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-388 | Text with Alex Fine and Mark Phillips dated August 24, 2022 | 000459-000459 | | | |
| D-389 | Text with Jon Gordon; Ryan Breslow and Mark Phillips dated August 27, 2022 | 000460-000460 | Lacks foundation. Fed. R. Evid. 602. Failure to properly authenticate. Fed. R. Evid. 901. | | |
| D-390 | Workbook re DAOLABS Budget Accounting dated September 11, 2022 | 000461-000470 | | | |
| D-391 | Workbook re DAOLABS Headcount and salaries dated September 11, 2022 | 000471-000471 | Lacks foundation. Fed. R. Evid. 602. Failure to properly authenticate. Fed. R. Evid. 901. The document contains no date, no author, no evidence of recipients, and no other content that explains the nature of the document. | | |
| D-392 | Workbook re DAOLABS Stock Allocationtock-Allocation and salaries dated September 11, 2022 | 000472-000505 | Lacks foundation. Fed. R. Evid. 602. Failure to properly authenticate. Fed. R. Evid. 901. The document contains no date, no author, no evidence of recipients, and no other content that explains the nature of the document. | | |
| D-393 | Email dated September 11, 2022, from Mark Phillips to Jon Gordon re: Accounting | 000506-000507 | Rule of completeness. Fed. R. Evid. 106. The document does not contain the five attachments to the email chain, which are necessary to understand the document's context. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-394 | Email dated September 21, 2022, from Reed Yurchak to Benjamin Reed re: DAOLABS Inc EIN | 000508-000510 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6. Mr. Reed's communications with Mr. Yurchak in this document occurred in the context of Mr. Reed and Mr. Phillips acting as agents of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-395 | Email dated October 1, 2022, from Reed Yurchak to Mark Phillips re: Movement GitBook | 000511-000529 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6.<br>Mr. Phillips's communications with Mr. Yurchak in this document occurred in the context of Mr. Phillips acting as an agent of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege.<br>Rule of completeness. Fed. R. Evid. 106. The attachments to the email are not included. | | |
| D-396 | The Movement Endowment dated October 2, 2022 | 000530-000533 | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-397 | Email dated October 17, 2022, from Reed Yurchak to Benjamin Reed re: Review please: DAOLABS Technology License Agreements | 000534-000536 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6. Mr. Reed's communications with Mr. Yurchak in this document occurred in the context of Mr. Reed acting as an agent of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege. Rule of completeness. Fed. R. Evid. 106. | | |
| D-398 | Email dated November 14, 2022, from Tomaso Deniro to Benjamin Reed re: New Bolt accounts follow up | 000537-000599 | Rule of completeness. Fed. R. Evid. 106. The email chains embedded in this document are not complete. Relevance. Fed. R. Evid. 402. | | |
| D-399 | Email dated December 8, 2022, from Mark Phillips to Jon Gordon re: A.F. talking points | 000600-000602 | Rule of completeness. Fed. R. Evid. 106. This document includes some but not all attachments. It omits files that are contained in the attached zip file. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-400 | Discord Chat dated December 28, 2022 | 000603-000603 | Rule of completeness. Fed. R. Evid. 106. The document contains messages which are out of context and out of chronological order.<br>Failure to properly authenticate. Fed. R. Evid. 901. | | |
| D-401 | Email dated January 3, 2023, from Mark Phillips to Ryan Breslow re: Treasury Vote | 000604-000604 | | | |
| D-402 | Movement DAO Emergency Committee Meeting Minutes dated January 9, 2023 | 000605-000651 | Failure to properly authenticate. Fed. R. Evid. 901. It is unclear who drafted this document, who it was sent to, who received it, and fails to identity the identities of the individual referenced in the document (e.g., references to speakers by Ethereum addresses only).  This document has been altered from its original.<br>Lacks foundation. Fed. R. Evid. 602.<br>Rule of completeness. Fed. R. Evid. 106. The exhibits to the documents are not included. | | |
| D-403 | Movement DAO Emergency Committee Meeting Minutes dated January 13, 2023 | 000652-000702 | Failure to properly authenticate. Fed. R. Evid. 901. It is unclear who drafted this document, who it was sent to, who received it, and it fails to identity the identities of the individual referenced in the document (e.g., references to speakers by Ethereum addresses only).  This document has been altered from its original.<br>Lacks foundation. Fed. R. Evid. 602. Rule of completeness. Fed. R. Evid. 106. The exhibits to the documents are not included. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-404 | Response to 0XDBE7…2B57 1/6/23 email, subject 'Some Important Notes' dated January 17, 2023 | 000703-000706 | Failure to properly authenticate. Fed. R. Evid. 901. It is unclear who drafted this document, who it was sent to, who received it, and it fails to identity the identities of the individual referenced in the document (e.g., references to speakers by Ethereum addresses only). Lacks foundation. Fed. R. Evid. 602. Rule of completeness. Fed. R. Evid. 106. The exhibits to the documents are not included. | | |
| D-405 | Email dated January 29, 2023, from Ryan Breslow to Reed Yurchak re: Some important notes | 000707-000708 | | | |
| D-406 | Movement DAO Emergency Committee Meeting Minutes dated January 26, 2023 | 000709-000747 | Failure to properly authenticate. Fed. R. Evid. 901. It is unclear who drafted this document, who it was sent to, who received it, and it fails to identity the identities of the individual referenced in the document (e.g., references to speakers by Ethereum addresses only). Lacks foundation. Fed. R. Evid. 602. Rule of completeness. Fed. R. Evid. 106. The exhibits to the documents are not included. | | |
| D-407 | Movement DAO Authorized Member Meeting Minutes dated January 31, 2023 | 000748-000756 | Failure to properly authenticate. Fed. R. Evid. 901. It is unclear who drafted this document, who it was sent to, who received it, and it fails to identity the identities of the individual referenced in the document (e.g., references to speakers by Ethereum addresses only). Lacks foundation. Fed. R. Evid. 602. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-408 | Authorized Members Statement re Governance Cycle dated February 3, 2023 | 000757-000759 | Failure to properly authenticate. Fed. R. Evid. 901. It is unclear who drafted this document, who it was sent to, and who received it. Lacks foundation. Fed. R. Evid. 602. Rule of completeness. Fed. R. Evid. 106. The exhibits to the documents are not included. | | |
| D-409 | Reed Yurchak Website screenshot dated March 1, 2023 | 000760-000760 | Failure to properly authenticate. Fed. R. Evid. 901. This document does not include a date or URL web address. | | |
| D-410 | Letter dated June 7, 2022, from SEC to Mark Phillips re: FOIA Request No. 21-02810 | 000761-000763 | | | |
| D-411 | DAOLABS LLC business entity information dated March 16, 2023 | 000764-000764 | | | |
| D-412 | Declaration of Federal Employment dated June 27, 2021, by Mark Phillips | 000765-000768 | | | |
| D-413 | SEC, Personnel Security Operations Branch, Fingerprint Privacy Act Advisement dated June 27, 2021 | 000769-000769 | | | |
| D-414 | Code of Conduct dated August 20, 2022 | 000770-000773 | Lacks foundation. Fed. R. Evid. 602. Failure to properly authenticate. Fed. R. Evid. 901. It is unclear who drafted this document, who it was sent to, and who received it. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-415 | MIP-0013: Questionnaire Answers, dated February 25, 2023 | 000774-000783 | Failure to properly authenticate. Fed. R. Evid. 901. This document does not include a date. The document purports to reflect that individuals had reviewed other documents that are not included with the exhibit, but are essential for understanding the context of the document." Rule of completeness. Fed. R. Evid. 106. | | |
| D-416 | MOVE Terms of Service dated January 8, 2023 | 000784-000786 | Lacks foundation. Fed. R. Evid. 602. Failure to properly authenticate. Fed. R. Evid. 901. It is unclear who drafted this document, who it was sent to, and who received it. | | |
| D-417 | Movement DAO presentation - The platform enabling sustainably funded & governed movements | 000787-000806 | Failure to properly authenticate. Fed. R. Evid. 901. This document does not include a date, authorship information, or any URL web address (to the extent this was available online). Lacks foundation. Fed. R. Evid. 602. | | |
| D-418 | Email dated January 10, 2022, from Reed Yurchak to Benjamin Reed re: Custodial Account | 000807-000807 | | | |
| D-419 | Email dated January 10, 2022, from Reed Yurchak to Benjamin Reed re: Client Information Sheet (Crypto Custodial Account) | 000808-000809 | | | |
| D-420 | Email dated January 11, 2022, from Reed Yurchak to Benjamin Reed re: Engagement Letter, Custodial Crypto Account (fully executed) | 000810-000815 | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-421 | Discord Chat with theryanking; myco\|MOVE; OBStacker; rice$cracker and mr_fine dated March 24, 2022 | 000816-000816 | | | |
| D-422 | Ryan Breslow twitter screenshot dated March 24, 2022 | 000817-000817 | | | |
| D-423 | Discord Chat with Felixander; rice$cracker; _anna; Fuego and theryanking dated April 7, 2022 | 000818-000818 | Rule of completeness. Fed. R. Evid. 106. This document does not include the linked document referenced therein. | | |
| D-424 | Ryan Breslow twitter screenshot dated April 29, 2022 | 000819-000819 | Rule of completeness. Fed. R. Evid. 106. This document does not include the linked document referenced therein. | | |
| D-425 | Discord Chat with  and theryanking dated May 11, 2022 | 000820-000820 | Rule of completeness. Fed. R. Evid. 106. This message thread appears to be cut off and does not include the full exchange.<br>Lacks foundation. Fed. R. Evid. 602.<br>Failure to properly authenticate. Fed. R. Evid. 901. It is unclear to whom this message was sent or on what platform. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-426 | Email dated August 9, 2022, from Benjamin Reed to Reed Yurchak; Mark Phillips re: [None] | 000821-000821 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6.<br>Mr. Reed's communications with Mr. Yurchak in this document occurred in the context of Mr. Reed and Mr. Phillips acting as agents of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-427 | Email dated August 17, 2022, from Benjamin Reed to Reed Yurchak re: Change of Registered Agent | 000822-000822 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6.<br>Mr. Reed's communications with Mr. Yurchak in this document occurred in the context of Mr. Reed and Mr. Phillips acting as agents of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-428 | Email dated September 26, 2022, from Benjamin Reed to Reed Yurchak re: Juicebox Engagement Letter - 1 of 3 (no attachment) | 000823-000823 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6.<br>Mr. Reed's communications with Mr. Yurchak in this document occurred in the context of Mr. Reed and Mr. Phillips acting as agents of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege.<br>Failure to properly authenticate. Fed. R. Evid. 901. The "to" field in the email appears to have been redacted.<br>Rule of completeness. Fed. R. Evid. 106. The attachment to the email is not included. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-429 | Email dated September 26, 2022, from Benjamin Reed to Reed Yurchak re: Opinion Letter - 3 of 3 (no attachment) | 000824-000824 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6.<br>Mr. Reed's communications with Mr. Yurchak in this document occurred in the context of Mr. Reed and Mr. Phillips acting as agents of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege.<br>Rule of completeness. Fed. R. Evid. 106. The attachment to the email is not included. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-430 | Email dated September 27, 2022, from Mark Phillips to Reed Yurchak re: Jango Laboratory Inc Docs - 2 of 3 (no attachment) | 000825-000826 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6.<br>Mr. Phillips's communications with Mr. Yurchak in this document occurred in the context of Mr. Reed and Mr. Phillips acting as agents of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege.<br>Rule of completeness. Fed. R. Evid. 106. The attachment to the email is not included. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-431 | Email dated October 11, 2022, from Reed Yurchak to Benjamin Reed re: Review please: DAOLABS Technology License Agreements | 000827-000828 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6. Mr. Reed's communications with Mr. Yurchak in this document occurred in the context of Mr. Reed acting as an agent of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege. | | |
| D-432 | Order form - covered site daolabs.wtf dated November 2, 2022 | 000829-000830 | Relevance. Fed. R. Evid. 402. Any provision of services by Bolt Financial, Inc. to DAO Labs is irrelevant and has no bearing on this case. | | |
| D-433 | Order form - covered site move.xyz dated November 2, 2022 | 000831-000832 | Relevance. Fed. R. Evid. 402. Any provision of services by Bolt Financial, Inc. to Movement DAO is irrelevant and has no bearing on this case. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-434 | Email dated November 14, 2022, from Tomaso Deniro to Benjamin Reed re: New Bolt accounts follow up | 000833-000895 | Rule of completeness. Fed. R. Evid. 106. The email thread appears to cut off after page 8. Relevance. Fed. R. Evid. 402. Bolt Financial, Inc.'s provision of services to DAO Labs is irrelevant and has no bearing on this case. | | |
| D-435 | Discord Chat with Fuego and rice$cracker dated November 17, 2022 | 000896-000896 | | | |
| D-436 | DAOLabs Corporation - Investment Overview dated November 20, 2022 | 000897-000929 | Best evidence rule. Fed. R. Evid. 1002. To the extent this exhibit is offered as evidence that the Movement DAO website was operational, the best evidence of that is the website itself. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-437 | Email dated November 29, 2022, from Reed Yurchak to Benjamin Reed re: Address verification requested for DAOLABS Inc | 000930-000930 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6.<br>Mr. Reed's communications with Mr. Yurchak in this document occurred in the context of Mr. Reed acting as an agent of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-438 | Email dated January 30, 2023, from Benjamin Reed to Reed Yurchak re: Official Department of State 2023 Annual Report Filing Notice for N22000008251 | 000931-000932 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6. Mr. Reed's communications with Mr. Yurchak in this document occurred in the context of Mr. Reed acting as an agent of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege. | | |
| D-439 | DAOLabs Corporation - Investment Overview - Jon Gordon Scrrenshot dated April 9, 2023 | 000933-000933 | Rule of completeness. Fed. R. Evid. 106. This appears to be a single screenshot from a presentation or slideshow. Without further explanation, context, or accompanying documentation, it is unclear what this document reflects. Failure to properly authenticate. Fed. R. Evid. 901. There is nothing to indicate who drafted this document, when it was drafted, or who received it. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-440 | Chat with Jon Gordon | 000934-000938 | | | |
| D-441 | Workbook regarding Full GTM Checklist - Launch Checklist dated December 24, 2021 | 000939-000941 | Failure to properly authenticate. Fed. R. Evid. 901. Without further explanation, context, or accompanying documentation, it is unclear what this document reflects.<br>Lacks foundation. Fed. R. Evid. 602. There is nothing to indicate who drafted this document, when it was drafted, or who sent or received it. | | |
| D-442 | Workbook regarding Full GTM Checklist - Launch Features dated December 24, 2021 | 000942-000943 | Failure to properly authenticate. Fed. R. Evid. 901. Without further explanation, context, or accompanying documentation, it is unclear what this document reflects. Lacks foundation. Fed. R. Evid. 602. There is nothing to indicate who drafted this document, when it was drafted, or who sent or received it. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-443 | Email dated December 26, 2021, from Marc Welton to j.ted-dao@protonmail.com re: Gitbook Legal Advice | 000944-000946 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney- client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6. Mr. Phillips's communications with Mr. Yurchak and his law firm in this document occurred in the context of Mr. Phillips acting as an agent of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak and his law firm is therefore protected by the attorney-client privilege. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-444 | Email dated January 3, 2022, from Reed Yurchak to Marc Welton re: Gitbook headings | 000947-000976 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6.<br>Mr. Phillips's presence on communications with Mr. Yurchak and his law firm in this document occurred in the context of Mr. Phillips acting as an agent of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak and his law firm is therefore protected by the attorney-client privilege. | | |
| D-445 | Email dated May 6, 2022, from Julien Boedec to Ryan Breslow re: Move + Optimism | 000977-000981 | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-446 | Email dated July 20, 2022, from Reed Yurchak to Mark Phillips re: Structures | 000982-000999 | Attorney-client privilege. Fed. R. Evid. 501; see also Fla. Stat. § 90.502(2) ("[a] client has a privilege…to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."); Fla. Stat. § 90.502(1)(c)(2)(the privilege extends to the agents of the privilege-holder); Gerheiser v. Stephens, 712 So. 2d 1252, 1254-1255 (Fla. Dist. Ct. App. 1998) ("A communication, then, by any form of agency employed or set in motion by the client is within the privilege."). This document discloses attorney-client confidential material protected under Florida Rule of Professional Conduct 4-1.6 and Washington Rule of Professional Responsibility 1.6.<br>Mr. Phillips's communications with Mr. Yurchak in this document occurred in the context of Mr. Phillips acting as an agent of Plaintiffs and/or Merkaba, Inc. This communication with Mr. Yurchak is therefore protected by the attorney-client privilege. | | |
| D-447 | MIP-0000 voting log, dated August 27, 2022 | 001000-001000 | | | |
| D-448 | Reed Yurchak Website | 001001-001012 | Failure to properly authenticate. Fed. R. Evid. 901. This document is undated and does not have an accurate URL web address. The URL web address listed on the document does not take you to a page that contains the information that appears on the exhibit. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-449 | Peace DAO Movement Juicebox | 001013-001013 | Failure to property authenticate. Fed. R. Evid. 901. This document is undated and does not include a URL web address. | | |
| D-450 | Declaration of Ryan Breslow dated February 23, 2023 | 001014-001035 | | | |
| D-451 | Declaration of John Gordon dated March 13, 2023 | 001036-001038 | | | |
| D-452 | Declaration of Nicolas Bax dated March 13, 2023 | 001039-001059 | | | |
| D-453 | Declaration of Christopher Berg dated March 13, 2023 | 001060-001142 | | | |
| D-454 | Declaration of Nicolas Bax dated March 20, 2023 | 001143-001146 | | | |
| D-455 | Declaration of Christopher Berg dated March 20, 2023 | 001147-001190 | | | |
| D-456 | Declaration of Reed Yurchak dated March 19, 2023 | 001191-001195 | | | |
| D-457 | Declaration of Aidan Heintsman dated March 20, 2023 | 001196-001199 | | | |
| D-458 | Declaration of Nicolas Bax dated March 23, 2023 | 001200-001210 | | | |
| D-459 | Declaration of Ryan Breslow  dated March 23, 2023 | 001211-001224 | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-460 | Declaration of Alex Fine dated March 23, 2023 | 001225-001243 | | | |
| D-461 | Declaration of John Gordon dated March 23, 2023 | 001244-001278 | | | |
| D-462 | Declaration of John Gordon dated March 20, 2023 | 001279-001292 | | | |
| D-463 | SEC Solicitation for Commercial Items dated August 24, 2020 | 001293-001353 | | | |
| D-464 | W-2 and Wage Statement for 2021 for Mark Phillips from Infotrend Incorporated | 001354-001355 | | | |
| D-465 | Discord Chat with Fuego and tankbottoms dated N/A | 001356-001360 | | | |
| D-466 | Email dated October 26, 2022, from Ryan Breslow to Jon Gordon; Mark Phillips re: FYI | 001361-001361 | | | |
| D-467 | Etherscan - Public Name Tags, Lables & Public Notes | 001362-001365 | Failure to properly authenticate. Fed. R. Evid. 901. This document is undated and does not include a URL web address. | | |
| D-468 | Verified Complaint dated February 23, 2023 | 001366-001387 | | | |
| D-469 | Discord Direct Messages Private/Fuego Chat | 001388-001390 | Rule of completeness. Fed. R. Evid. 106. This exhibit appears to be redacted without explanation or context. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-470 | Discord Chat with Jon Gordon, Benjamin Reed, and Mark Phillips | 001391-001393 | Rule of completeness. Fed. R. Evid. 106. The exhibit does not include the referenced attachments and is incomplete. | | |
| D-471 | Discord Chat with notice to everyone on server | 001394-001400 | | | |
| D-472 | Discord Chat with Alex Fine, Benjamin Reed, David Steen, Jon Gordon, and others | 001401-001402 | | | |
| D-473 | Movement DAO MOVE Governance Discussion | 001403-001405 | Rule of completeness. Fed. R. Evid. 106. The exhibit does not include the embedded video link. | | |
| D-474 | Movement DAO MOVE Governance Vote | 001406-001407 | Rule of completeness. Fed. R. Evid. 106. Failure to properly authenticate. Fed. R. Evid. 901. The exhibit does not identify the participants of this message exchange. | | |
| D-475 | Twitter messages from Ryan Breslow | 001408-001408 | | | |
| D-476 | Movement DAO General Messages from Jon Gordon, Ryan Breslow, and others | 001409-001409 | | | |
| D-477 | Movement DAO Peace DAO proposals | 001410-001413 | Failure to properly authenticate. Fed. R. Evid. 901. This exhibit does not include a URL web address. Rule of completeness. Fed. R. Evid. 106. | | |
| D-478 | Chat with Jon Gordon, Mark Phillips, David Steen, and others | 001414-001414 | Failure to properly authenticate. Fed. R. Evid. 901. This exhibit does not include a URL web address. | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-479 | Movement DAO (branch deployed) | 001415-001505 | Lacks foundation. Fed. R. Evid. 602. Nothing in the document indicates who made edits to it. Failure to properly authenticate. Fed. R. Evid. 901. Nothing in the document indicates its origin or source. Rule of completeness. Fed. R. Evid. 106. This exhibit does not contain a complete record of edits for all users. | | |
| D-480 | Movement DAO - Working Draft (branch main) | 001506-001621 | Lacks foundation. Fed. R. Evid. 602. No indication of who received or viewed this document. Failure to properly authenticate. Fed. R. Evid. 901. This document is undated, does not include a URL web address, and lacks any other indicia of source or origin. | | |
| D-481 | Text Message chain with Jon Gordon | 001622 | | | |
| D-482 | New York Times Article "Bolt Built $11 Billion Payment Business on Inflated Metrics and Eager Investors." | 001623-001629 | | | |