**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORDA**
Case No.: 1:23-cv-20727-RKA

**RYAN BRESLOW**, *et al.*,

      Plaintiffs,

v.

**MARK PHILLIPS**, *et al.*,

      Defendants.

_____ /

**MOVEMENTDAO**, *et al.*,

      Counterclaim-Plaintiffs,

v.

**RYAN BRESLOW**, *et al.*,

      Counterclaim-Defendants.

---

**DEFENDANT AND COUNTERCLAIM-PLAINTIFF MARK PHILLIPS AND
DEFENDANT BENJAMIN REED'S EXPEDITED MOTION FOR CLARIFICATION OF
THE COURT'S FEBRUARY 28, 2023, TEMPORARY RESTRAINING ORDER
[ECF NO. 18]**

---

Pursuant to Fed. R. Civ. P. 7(b) and S.D. Fla. L.R. 7.1, Defendants Mark Phillips and Benjamin Reed (collectively, "Defendants") hereby seek further clarification of the Court's February 28, 2023, Order Granting Plaintiffs' Emergency *Ex Parte* Application for Temporary Restraining Order [ECF No. 18] (the "TRO"), specifically the Court's order that Defendants unwind any transfers that have been made within 30 days of the TRO. As Defendants first identified for the Court at the March 28, 2023, hearing on this matter, certain cryptocurrency assets have been converted into fiat money, and those transactions cannot be immediately unwound due to account limitations. However, Defendants hereby propose returning those assets to the DAO Endowment Gnosis via alternative means that could be considered a prohibited transfer under the TRO. In the abundance of caution, Defendants seek leave of the Court before making these transfers as set forth below.

Additionally, Defendants and their counsel seek clarification as to payments made to counsel within the 30 days preceding the TRO, that the TRO ordered unwound, in the amount of $300,000. That payment was received by counsel on February 13, 2023, some fifteen days prior to the TRO being issued. Had it not been for that payment, counsel would not have agreed to represent Defendants given the complex nature of this dispute. At the March 28, 2023, hearing, the Court did not indicate that the payment needed to be returned, but that an accounting be provided. Defendants have since provided that accounting, met and conferred with Plaintiffs with respect to the format of that accounting, and made changes to the format of the accounting following Plaintiffs' requests.

Defendants respectfully request that the Court decide the motion on an expedited basis pursuant to Local Rule 7.1(d)(2). Defendants understand that the Court has directed Defendants to return certain assets held in cash to the DAO Endowment Gnosis, and Defendants are seeking

clarification on how to do so to avoid violating the TRO. Accordingly, Defendants seek a ruling at the Court's earliest convenience.

In support of this Motion, Defendants state as follows:

## I.  Defendants Seek Leave of Court for Alternative Means to Return DAO Endowment Assets.

The TRO required Defendants to unwind any transfers that have been made in the last 30 days from the DAO Endowment's Gnosis account or any other DAO-affiliated account. ECF No. 18 at 5. Following receipt of the Court's TRO, Defendants did unwind cryptocurrency transactions, where the assets remained in transferable cryptocurrency form. However, cryptocurrency converted into fiat money proved to be more problematic. That is because Defendants utilized Robinhood, an online cryptocurrency and brokerage platform, to convert cryptocurrency into fiat. Robinhood only permits its users to send cryptocurrency amounts of $5,000 each 24 hours. Declaration of Mark Phillips ("Phillips Decl.") ¶ 2, Ex. 1. With approximately $2,000,000 of transfers to be unwound, it would take approximately 400 days' worth of transfers to unwind the transactions at issue. On March 21, 2023, Defendants contacted Robinhood to see if they could increase the transfer limit but were unable to do so. Phillips Decl. ¶ 3, Ex. 2. Nonetheless, Defendants have started the process of unwinding the transactions in $5,000 increments.

Instead of a strict unwinding of the transactions at issue, Defendants instead propose that they transfer assets subject to the TRO back to the DAO Endowment Gnosis through alternative means. Specifically, Defendants understand that they can transfer the assets at issue back to the DAO Endowment Gnosis through Coinbase, another cryptocurrency trading platform. Coinbase does not have the same send limits that Robinhood does, and Defendants understand that they can complete the transactions within 15 business days—subject to Coinbase's ability to settle

transactions in the timely manner they advertise. Additionally, the assets returned through Coinbase would be converted to USDC, a stablecoin cryptocurrency similar to the DAI stablecoin cryptocurrency sent from the DAO Endowment Gnosis originally. Because this is not a strict unwinding of a transaction, and will require the transfer of TRO assets to other accounts and other forms before they can be returned to the DAO Endowment Gnosis, Defendants seek leave of the Court before undertaking this action in an abundance of caution.

Defendants have also contacted another cryptocurrency service provider, Galaxy Digital, as an additional alternative to return assets to the DAO Endowment Gnosis, but have not yet been able to confirm how long Galaxy Digital's process will take. Defendants do expect Galaxy Digital to take longer than Coinbase, but less than 400 days.

## II.    Defendants Seek Clarification Regarding Payments to the Dhillon Law Group Inc.

On February 13, 2023, Defendants made a payment to the Dhillon Law Group Inc. ("DLG") in the amount of $300,000. DLG required a significant deposit as Defendants contemplated filing suit against Plaintiffs, and DLG expected this to be a complex litigation. DLG would not have agreed to represent Defendants in their dispute with Plaintiffs but for the $300,000 deposit, and DLG has provided more than $300,000 worth of services during their initial investigation of this matter, and over the course of what will be four hearings on Plaintiffs' pending motion for a preliminary injunction.

Defendants made clear to the Court at the March 28, 2023, hearing that DLG had received a payment that could be considered TRO assets. The Court did not then explicitly require DLG to return the $300,000 payment, but instead instructed Defendants to provide an accounting:

> THE COURT:  Well, I think that in order to streamline that issue, because
> I can see already it's going to be a big issue at the time of the preliminary

4

> injunction hearing, you're going to want to show him all of these
> accountings with respect to where that money was spent, whether it's to the
> lawyers, whether it's to DAO Labs business expenses, or whatever else so
> that we can all be on the same page about where that money went.

March 28, 2023, Hearing Transcript, 28-29:22-3.

Defendants have complied with the Court's March 28, 2023, instructions with respect to the accounting, have met and conferred with Plaintiffs' counsel with respect to the format of the accounting, and prepared updated accountings to accommodate Plaintiffs' requests about the format. Defendants are in the process of preparing a further accounting to share with Judge Reid, following Judge Reid's instructions at the May 25, 2023, hearing on this matter.

Should the Court instruct DLG to return the $300,000 in now earned fees, it will certainly comply with the Court's Order. However, it notes that it incurred fees between February 13, 2023, and February 28, 2023, and since incurred more than $300,000 in fees and costs in total.

## III.    Certification Under Local Rule 7.1(A)(3)

Pursuant to Local Rule 7.1(A)(3), I hereby certify that counsel for Defendants conferred with counsel for Plaintiffs regarding the relief requested herein. Plaintiffs oppose the relief sought by Defendants.

Respectfully submitted,

 /s/ Nitoj P. Singh

DHILLON LAW GROUP INC.
Matthew S. Sarelson (Florida Bar 888281)
MSarelson@dhillonlaw.com
1601 Forum Place, Suite 403
West Palm Beach, FL 33401
305.773.1952

DHILLON LAW GROUP INC.
Nitoj P. Singh (Admitted *pro hac vice*)
NSingh@dhillonlaw.com

5

Jesse Franklin-Murdock (Admitted *pro hac vice*)
JFranklin-Murdock@dhillonlaw.com
177 Post Street, Suite 700
San Francisco, CA 94108
415.433.1700

Attorneys for Defendant and Counterclaim-Plaintiff Mark Phillips; Defendant Benjamin Reed; and Counterclaim-Plaintiff MovementDAO