UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:23-cv-20727-RKA

**RYAN BRESLOW**, *et al.*,

    Plaintiffs,

v.

**MARK PHILLIPS**, *et al.*,

    Defendants.

**DEFENDANTS' NOTICE OF COMPLIANCE AND
RESPONSE TO ORDER TO SHOW CAUSE**

**EXHIBIT 118**                                            PLAINTIFF0000899

## I. INTRODUCTION

Plaintiffs Ryan Breslow, Alex Fine, and Jon Gordon obtained an ex parte temporary restraining order (the "TRO") against Defendants Mark Phillips and Benjamin Reed based on a multitude of distortions, fabrications, and even falsehoods. Plaintiffs obtained the TRO only by telling the Court that money they contributed to MovementDAO, a Delaware unincorporated nonprofit association, housed in accounts belonging to MovementDAO, is still their money. In their opposition to Plaintiffs' motion for a preliminary injunction, Defendants established that these assets in fact belong to MovementDAO, and that Defendants have acted at all times as Authorized Members of MovementDAO in accordance with MovementDAO's governing documents and authority granted to them by MovementDAO's members. Defendants nonetheless engaged in diligent efforts to unwind transactions made from MovementDAO accounts within the time period at issue. In the instances where they did not do so, good cause exists because the funds (1) were paid to third parties for expenses MovementDAO incurred in the normal course of its business; (2) are in accounts with transfer limits that make unwinding impossible; or (3) were converted to fiat and it is unclear if the Court is asking that MovementDAO incur the transaction costs associated with converting the fiat to cryptocurrency.

## II. PROCEDURAL HISTORY

On February 23, 2023, Plaintiffs filed an emergency application for a temporary restraining order and an order to show cause as to why a preliminary injunction should not issue. ECF No. 1. In its February 28, 2023, Order granting Plaintiffs' application, the Court issued the TRO, which (1) enjoined Defendants from transferring assets from MovementDAO's Gnosis account or any other MovementDAO-affiliated account; (2) enjoined Defendants from transferring assets from seven cryptocurrency accounts that contain or were used to transfer assets originating from a

1

MovementDAO-affiliated account; and (3) ordered Defendants to unwind transfers that have been made in the last 30 days from the Movement Gnosis Account (0x143cC0A996De329C1C5723Ee4F15D2a40c1203c6) and the Developer Gnosis Account (0x2187e6a7c765777d50213346F0Fe519fCA706fbD). *See* ECF No. 18 at 4–5.

On March 13, 2023, Plaintiffs filed an emergency motion to amend the TRO to require Defendants to convert MovementDAO cryptocurrency into fiat currency and for an order holding Defendants in contempt of court for allegedly failing to comply with the Court's order regarding the unwinding of transfers. ECF No. 35.

On March 16, 2023, Defendants filed their opposition to Plaintiffs' motion to amend the TRO, explaining, in pertinent part, that Defendants have not made any unauthorized transfers and that certain transfers cannot be unwound because certain wallets at issue belong neither to Defendants nor MovementDAO. ECF No. 41.

On March 22, 2023, the Court issued an Order denying Plaintiffs' motion to amend the TRO and ordering Defendants to file a notice of compliance stating that they have complied with the provision in the TRO regarding the unwinding of transfers or show cause why they have not done so. ECF No. 47.

### III. LEGAL STANDARD

"Proof of contempt must be clear and convincing." *S.E.C. v. Pension Fund of Am., L.C.*, No. 05-20863-CIV, 2006 WL 1104768, at *7 (S.D. Fla. Mar. 23, 2006) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)). "'This clear and convincing proof must also demonstrate that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order.'" *Id.* (quoting *McGregor*, 206 F.3d at 1383).

PLAINTIFF0000901

## IV. DEFENDANTS' COMPLIANCE WITH THE TRO

Defendants have complied with the TRO to the maximum extent possible as they have unwound each transfer subject to the TRO within their power. With respect to each transfer Defendants have not unwound, good cause exists because those transfers were made to accounts belonging to third parties, that contain restrictions that prevent unwinding, or transactional concerns impact the unwinding.

Defendants have unwound the vast majority of transfers made from the Movement Gnosis Account and the Developer Gnosis Account, i.e., the two accounts from which the Court ordered Defendants to unwind transfers. ECF No. 18 at 4–5.

The following table ("**Table 1**") reflects transfers made <u>from</u> the Movement Gnosis Account between January 26, 2023, and the present:

**TABLE 1**

| Date | Recipient | Transfer | Dollar Value |
|---|---|---|---|
| 02/02/2023 | Developer Gnosis | 805 ETH | $1,322,405.70 |
| 02/02/2023 | Developer Gnosis | 7,500,000 DAI | $7,504,497.26 |
| Total | | | $8,826,902.96 |

*See* Declaration of Benjamin Reed ("Reed Decl.") ¶ 2. The next table ("**Table 2**") reflects transfers made back <u>to</u> the Movement Gnosis in compliance with the TRO:

**TABLE 2**

| Date | Transferor | Transfer | Dollar Value |
|---|---|---|---|
| 03/07/2023 | Developer Gnosis | 722.69 ETH | $1,128,574.38 |
| 03/07/2023 | Developer Gnosis | 4,217,950.97 DAI | $4,222,912.15 |

3

PLAINTIFF0000902

| 03/07/2023 | benreed.eth | 148.53 ETH | $231,948.90 |
|---|---|---|---|
| 03/22/2023 | gnosis.service-provider.eth | 478,621.50 yvDAI | $502,184.00 |
| 3/23/2023 | Robinhood account controlled by Mr. Phillips | 4.168 ETH | $7,540.74 |
| Total | | | $6,093,205.18 |

*Id.* ¶ 3.

Tables 1 and 2 therefore show that of the $8,826,902.96 transferred <u>from</u> the Movement Gnosis Account during the relevant time period, all but $2,733,697.78 has been returned back <u>to</u> the Movement Gnosis Account, and that this shortfall consists wholly of transfers made to the Developer Gnosis Account. *See id.* ¶¶ 2–3.

The next table ("**Table 3**") accounts for all transfers made <u>from</u> the Developer Gnosis Account from January 26, 2023, to the present, that <u>have</u> been unwound:

## TABLE 3

| Date | Transferor | Transfer |
|---|---|---|
| 02/02/2023 | gnosis.service-provider.eth | 500,00 DAI |
| 02/13/2023 | benreed.eth | 250,000 DAI |
| Total | | 750,000 DAI |

*Id.* ¶ 4. These two unwound transactions are also reflected in Table 2, as the two recipients transferred the funds at issue back to the Movement Gnosis Account. *Id.* ¶ 5.

4

PLAINTIFF0000903

The next table ("**Table 4**") accounts for all transfers made <u>from</u> the Developer Gnosis Account from January 26, 2023, to the present, which have <u>not</u> been unwound along with the reason they have not been unwound:

**TABLE 4**

| Date | Recipient | Transfer | Dollar Value | Notes | Reason Not Unwound |
|---|---|---|---|---|---|
| Feb. 2 | Evita Stenqvist | 100,000 DAI | $100,063.96 | Payment to Evita Stenqvist for salary owed for development work in 2022 | Payment to third party for services rendered |
| Feb. 2 | Evita Stenqvist | 20,000 DAI | $20,012.79 | Payment to Evita Stenqvist for salary owed for development work in 2022 | Payment to third party for services rendered |
| Feb. 2 | Evita Stenqvist | 100,000 DAI | $100,063.96 | Payment to Evita Stenqvist for salary owed for development work in 2022 | Payment to third party for services rendered |
| Feb. 2 | Evita Stenqvist | 15,000 DAI | $15,009.59 | Payment to Evita Stenqvist for salary owed for development work in 2022 | Payment to third party for services rendered |
| Feb. 2 | benreed.eth | 592,000 DAI | $593,378.66 | Indemnification advance; December 2022 and January 2023 salary; four-month salary advance | Converted to fiat currency and used to pay expenditures authorized by MovementDAO |
| Feb. 2 | benreed.eth | 250,000 DAI | $250,159.91 | Funds to be used for development in accordance with the approved MovementDAO 2023 budget. | Converted to fiat currency for the payment of expenditures authorized by MovementDAO |

5

| | | | | | |
|---|---|---|---|---|---|
| Feb. 2 | tankbottoms.eth | 1,058,000 DAI | $1,058,676.73 | Indemnification advance; December 2022 and January 2023 salary; four-month salary advance; deferred developer payout | Converted to fiat currency and used to pay expenditures authorized by MovementDAO and held in a Robinhood account that only allows transfers of cryptocurrency of up to $5,000 per 24-hour period |
| Feb. 2 | benreed.eth | 322,034.67 DAI | $322,034.67 | Converted to fiat currency to pay Mikhail Radin for development work in 2022 | Payment to third party for services rendered |
| Feb. 2 | Robinhood account belonging to Mr. Phillips | 39.53 ETH | $64,937.51 | Transferred for the purpose of paying outstanding operational expenses in accordance with MIP-0017 | Converted to fiat currency and used to pay expenditures authorized by MovementDAO and held in a Robinhood account that only allows transfers of cryptocurrency of up to $5,000 per 24-hour period |
| Feb. 2 | sveltedev.eth | 50,000 DAI | $50,000 | Payment to Sameer Tariq as four-month salary advance for development work | Payment to third party for services rendered |
| Feb. 5 | gnosis.service-provider.eth | 10 ETH | $16,298.00 | Payment to Daniel Resnick-Neillie for legal services | Payment to third party for services rendered |

6

PLAINTIFF0000905

| | | | | | |
|---|---|---|---|---|---|
| Feb. 6 | Marc Welton | 18.49 ETH | $29,848.59 | Payment to paralegal from the Law Offices of Reed Yurchak for expenses incurred on behalf of MovementDAO in 2022 | Reimbursement to third party for expenses |
| Feb. 6 | jimmyethworld.eth | 13.39 ETH | $21,615.61 | Payment to Plaintiff Jon Gordan for December 2022 salary | Payment to third party for services rendered |
| Feb. 10 | jango.eth | 10,000 DAI | $9,998.13 | Payment to third-party developer for services provided to MovementDAO in the form of intellectual and technical contributions | Payment to third party for services rendered |
| Feb. 10 | filip.eth | 12,000 DAI | $11,997.76 | Payment to third-party developer for December 2022 salary | Payment to third party for services rendered |
| Feb. 10 | gnosis.service-provider.eth | 3,877.50 DAI | $3,877.50 | Payment to Daniel Resnick-Neillie for legal services | Payment to third party for services rendered |
| **Total** | | | $2,667,973.37 | | |

*Id.* ¶ 6.

The sum of the transfers Defendants did not unwind from the Developer Gnosis Account (the sum total of Table 4) is therefore $65,724.41 less than the net total of transfers from the Movement Gnosis Account. *Id.* ¶ 7. This shortfall is explained solely by the following: (1) fluctuations in the value of Ethereum relative to fiat currency; and, to a lesser extent, (2) gas payments, i.e., the transaction fees associated with the conversion of cryptocurrency. *Id.* This

7

PLAINTIFF0000906

shortfall represents only 0.56% of the current $11,827,237.67 value of the assets in the Movement Gnosis Account. *Id.* Thus, this shortfall in no way represents non-compliance on Defendants' part; rather, it reflects that transfers of cryptocurrency entail transaction costs and that Ethereum is an asset with a fluctuating value.

Defendants have demonstrated good cause for not unwinding the transfers listed in Table 4. Many of the transfers at issue are payments that were made before the TRO was issued to third parties for services rendered to MovementDAO. *See id.* ¶ 6. Defendants have no authority to force third parties with whom MovementDAO has contracted for services to return money paid for services rendered. *Id.* ¶ 8. The remainder of the transfers are transfers made to a Robinhood wallet with the intention of using the funds to pay for MovementDAO's operational expenses. *Id.* ¶ 9. Robinhood limits account holders to transfers of no more than $5,000 in any 24-hour period; thus, Defendants have no ability to unwind these transfers. *Id.* ¶ 10; *see also* Robinhood, "Crypto transfers," https://robinhood.com/us/en/support/articles/crypto-transfers/ ("**Transfer limits:** You can send up to $5,000 worth of crypto or make up to 10 transfers total in a 24-hour period."). With respect to MovementDAO cryptocurrency that had already been converted to fiat currency, Defendants did not convert these assets back to cryptocurrency as doing so would entail additional transaction costs and would be inconsistent with Plaintiffs' demand that cryptocurrency holdings be converted to fiat currency. Reed Decl. ¶ 11. Defendants are honoring their obligations under the TRO with regard to their stewardship of MovementDAO's fiat currency holdings. *Id.* ¶ 12.

In each instance, Defendants have thus shown that they cannot comply with the order, which precludes a finding of contempt. *See S.E.C. v. Pension Fund of Am., L.C.*, No. 05-20863-CIV, 2006 WL 1104768, at *7 (S.D. Fla. Mar. 23, 2006) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)); *Oliner v. Kontrabecki*, 305 B.R. 510, 520 (N.D. Cal. 2004 ("'Where

PLAINTIFF0000907

compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action.'" (quoting *United States v. Rylander*, 460 U.S. 752, 757 (1983))).

## V. CONCLUSION

Defendants respectfully request that the Court find that Defendants have substantially complied with the Court's Order Granting the Plaintiffs' Emergency Ex Parte Application for Entry of a Temporary Restraining Order and have shown good cause in connection with the transfers Defendants have been unable to unwind.

Respectfully submitted,

 /s/ Nitoj P. Singh

DHILLON LAW GROUP INC.
Matthew S. Sarelson (Florida Bar 888281)
MSarelson@dhillonlaw.com
1601 Forum Place, Suite 403
West Palm Beach, FL 33401
305.773.1952

DHILLON LAW GROUP INC.
Nitoj P. Singh (Admitted *pro hac vice*)
NSingh@dhillonlaw.com
Jesse Franklin-Murdock (Admitted *pro hac vice*)
JFranklin-Murdock@dhillonlaw.com
177 Post Street, Suite 700
San Francisco, CA 94108
415.433.1700

Attorneys for Defendants Mark Phillips and Benjamin Reed

9

PLAINTIFF0000908