UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-20727-ALTMAN/REID

RYAN BRESLOW, *et al.*,

    Plaintiffs,

v.

MARK PHILLIPS, *et al.*,

    Defendants.
_____/

**ORDER ON DEFENDANTS/COUNTERCLAIMANTS' EXPEDITED MOTION TO MODIFY THE TEMPORARY RESTRAINING ORDER AND EXPEDITED MOTION FOR CLARIFICATION OF THE TEMPORARY RESTRAINING ORDER**

Defendants and Counterclaimant Mark Philips and Defendant Benjamin Reed have filed an Expedited Motion to Modify the February 28, 2023 Temporary Restraining Order [ECF No. 86], and an Expedited Motion for Clarification of the February 28, 2023 Temporary Restraining Order. [ECF No. 93]. The motions, as well as Plaintiffs' motion for a preliminary injunction against Defendants, were referred to me for disposition by the Honorable Roy K. Altman. *See* 28 U.S.C. § 636; [ECF Nos. 87, 94].

Defendants seek clarification and modification of Judge Altman's Order Granting the Plaintiffs' Emergency *Ex Parte* Application for Entry of Temporary Restraining Order ("TRO"). [ECF No. 18]. Following entry of the TRO, I conducted a hearing on Plaintiff's Motion for Preliminary Injunction and heard argument on Defendants' Motions. [ECF No. 81, 92, 96]. After careful consideration of the motions and governing law, and for the reasons stated on the record, Defendant's Motion to Modify the Temporary Restraining Order [ECF No. 86] and Defendant's

1

Motion for Clarification of the Temporary Restraining Order [ECF No. 93] are **DENIED** for the reasons explained in this Order. Plaintiffs' Motion for Preliminary Injunction will be discussed in a separate Order**.**

## I.  BACKGROUND

Plaintiffs Ryan Breslow, Alex Fine, and Jon Gordon brought this action against Defendants Mark Phillips and Benjamin Reed on February 24, 2023 for breach fiduciary duty, fraud, and civil conspiracy. [ECF No. 1]. Plaintiffs also filed an *ex parte* application for entry of a temporary restraining order and order to show cause regarding a preliminary injunction against Defendants. [ECF No. 4]. On February 28, 2023, the district court granted Plaintiffs' *ex parte* application for entry of a temporary restraining order. [ECF No. 18]. In granting TRO, the district court concluded that Plaintiffs had established a likelihood to succeed on the merits and the evidence showed:

   a. The Plaintiffs are the co-founders and majority owners of the Movement DAO (the "DAO"). Collectively they invested over $16 million into the DAO endowment fund, held in a Gnosis SAFE account, which accounts for over 97% of the DAO's total assets.

   b. Under the DAO's relevant principles and guidelines, funds in the DAO endowment Gnosis account were to remain untouched.

   c. The Defendant Mark Phillips was hired by the Plaintiffs to implement the DAO's systems architecture and oversee its development. The Defendant Mark Phillips was entrusted with custody over certain authorization keys that allowed him access to the DAO endowment funds. As such, the Defendant Mark Phillips owed a fiduciary duty to the Plaintiffs.

   d. In January and February 2023, the Defendant Mark Phillips submitted several voting proposals on Snapshot.org that purported to authorize additional transfers of DAO assets.

e. In February 2023, the Defendant Mark Phillips disabled Plaintiffs' voting tokens, preventing them from voting on Snapshot.org proposals.

f. Beginning on February 2, 2023, the Defendant Mark Phillips began transferring large sums of DAO endowment funds from the DAO endowment Gnosis account and into accounts managed and/or controlled by the Defendants Mark Phillips and/or Benjamin Reed.

g. Plaintiffs, who contributed over 97% of the DAO endowment funds and retained over 97% of all voting rights in the DAO, never approved or authorized the February 2023 transfer of DAO endowment funds.

[ECF No. 18 at 2].

The district court determined Plaintiffs had established they were likely to suffer irreparable harm absent the injunctive relief and that the equities and public interest weighed in favor of the injunctive relief. [ECF No. 18 at 1].

Judge Altman's instructions in the TRO were simple. The court ordered Defendants and those in active participation with them, to return all assets transferred out of the DAO endowment in February 2023, and prohibited any further transfers from any account that received DAO endowment assets from those February 2023 transfers. Specifically, the Court restrained Defendants and those in participation with them from "[t]ransferring any assets from the DAO endowment's Gnosis account or any other DAO-affiliated account" and "[t]ransferring any assets from any account that contains or has been used to transfer assets originating from a DAO-affiliated account." The Order then lists the accounts, or cryptocurrency wallets, subject to the TRO. [*Id.*]

The court further ordered: "Defendants, their agents, employees, attorneys, and any persons in active concert or participation with them are further ordered **to unwind any transfers that have**

3

**been made in the last 30 days from the DAO endowment's Gnosis account or any other DAO-affiliated account**. [ECF No. 18 at 4–5].

About two weeks after the TRO was entered, Plaintiffs noted Defendants had yet to comply with the TRO. [ECF No. 35]. They asked the Court to enter an order to show cause why Defendants should not be held in contempt for failing to comply with the TRO. [*Id.*]. In a paperless order, the court ordered Defendants to show cause why they should not be held in contempt for failing to comply with the TRO. [*Id.*]

In response, Defendants filed a notice of compliance with the TRO, but in the Notice admitted they had *not* unwound all of the transactions as ordered by the court. [ECF No. 51]. Plaintiffs filed a response noting Defendants had not complied with the TRO and had not demonstrated good cause for failing to do so. [ECF Nos. 52]. Since then, Defendants filed the two motions seeking modification and clarification, which were referred to me along with Plaintiff's motion for a preliminary injunction. [ECF Nos. 64, 87, 94].

## II. DISCUSSION

**Motion to Modify the TRO**

Rather than return DAO funds to the DAO endowment Gnosis account as ordered, in their Motion to Modify the TRO Defendants seek to use DAO funds to pay certain third parties who they claim have rendered services to Movement DAO. They also seek to resume using other accounts identified in the TRO because they claim that these accounts hold their personal funds as well as DAO funds. [*Id.* at 4]. Plaintiffs respond that Defendants remain non-compliant with the TRO's directive to unwind transactions made 30 days before the issuance of the TRO. [ECF No. 88 at 2]. Plaintiffs argue that Defendants are essentially asking the Court to unlock the personal accounts described in the TRO so they may continue using Plaintiffs' monies. [*Id.*].

4

At the hearing on the preliminary injunction, and in their motions and accompanying affidavits, Defendants acknowledged they remain non-compliant with the TRO but again argue that the transfers are necessary to pay Movement DAO vendors and their attorneys in this case, the Dhillon Law Group. *See* [ECF Nos. 88, 93]. In their declarations, Defendant Phillips and Defendant Reed state that they transferred Movement DAO funds to their personal accounts to facilitate the payment of vendors and the accounts should be unlocked because they rely on them to pay their bills and living expenses. [ECF No. 86-1, 86-3].

But other than these arguments, Defendants have provided no legal basis for modifying the TRO as requested. "A district court has continuing jurisdiction over a [TRO] and may relieve a party from obligations determined by the decree if it is no longer equitable." *Cady Studios, LLC v. Clift*, No. 1:18-CV-04670-JPB, 2020 WL 5551059, at *2 (N.D. Ga. July 23, 2020) (quoting *Atlanta Journal & Constitution v. City of Atlanta Dept. of Aviation*, 6 F. Supp. 2d 1359, 1364 (N.D. Ga. 1998)). To modify or dissolve a temporary restraining order, the movant must persuade the Court that the circumstances requiring the order have changed. In other words, "[w]hen considering whether to modify a [TRO], a district court . . . is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law.'" *Omaha Indem. Co. v. Wining*, 949 F.2d 235, 239 (8th Cir. 1991).

Here, Defendants have shown no subsequent changes or that the TRO's obligations are no longer equitable. Defendants have not shown they were required, let alone authorized, to incur expenses on behalf of Movement DAO. Nor do the equities now weigh in favor of Defendants. Plaintiffs, who contributed over 97% of the DAO endowment funds continue to face irreparable harm if Defendants remain non-compliant with the TRO. Accordingly, Defendants' Motion to Modify the TRO [ECF No. 86] is **DENIED.** Defendants' argument that they need clarification

regarding the use of personal accounts containing TRO assets is meritless because Defendants were ordered to "unwind all transfers made in the last 30 days from the DAO endowment's Gnosis account or any other DAO-affiliated account are to be unwound." [ECF No. 18].

**Motion for Clarification**

Shortly before the hearing on the preliminary injunction, Defendants filed their Motion for Clarification of the TRO. [ECF No. 93]. First, in the motion, they seek leave of court for alternative means to return DAO endowment assets. [*Id.*] Defendants claim that Robinhood, the cryptocurrency and brokerage platform used by Defendant Phillips and Defendant Reed, does not allow users to transfer more than $5,000 in cryptocurrency in a period of 24 hours. With approximately $2 million of transfers to be unwound, it would take about 400 days to comply with the TRO. Defendants ask the Court if they can transfer the TRO assets to another platform, Coinbase, which does not have a $5,000 transaction limit, where the funds could be converted into cryptocurrency and then transferred to the Movement DAO account in the form of cryptocurrency. As an alternative, Plaintiffs instead propose presenting the TRO to Robinhood and requiring Robinhood to comply with the TRO. If within ten days Robinhood declines to comply with the TRO, Mr. Berg, counsel for the Plaintiffs, agrees to inform the Court. Then, the parties may agree to Defendants' proposal to transfer the funds. This appears to be the most direct and simple means to comply with the TRO. As a result, this Court orders counsel for the Plaintiffs and Defendants to present the TRO to Robinhood to obtain compliance by directly transferring funds to the DAO-affiliated accounts as ordered in the TRO.

Second, Defendants seek clarification regarding payments made to their attorneys, Dhillon Law Group. The Group acknowledges that it received a $300,000 deposit from Defendants on February 13, 2023, within 30 days prior to the TRO, and admit that these funds are TRO assets

because these came from Movement DAO-affiliated accounts. Accordingly, under the TRO, Defendants are required to unwind the payment, or transfer, to Dhillon Law Group.

At the hearing on the preliminary injunction, the undersigned ruled that, consistent with the TRO, the February 13, 2023, transfer made to Dhillon Law Group in the amount of $300,000 must be returned. [ECF No. 96]. There is no need for clarification because the TRO clearly applies to Defendants' attorneys.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motions, ECF Nos. [86], [93] are **DENIED**.

2. Plaintiffs and Defendants shall present the TRO and this Order to Robinhood to obtain compliance. Robinhood shall immediately return any and all funds transferred from the DAO endowment Gnosis account or any other DAO affiliated account as required in the TRO. As stated on the record, Plaintiffs shall report to the Court the status of the transfer(s) within 10 days of this Order.

3. Dhillon Law Group shall restore the $300,000 payment to the Gnosis account within 15 days of this Order. Defendants shall provide an accounting to the Court within 15 days of the date of the preliminary injunction hearing as stated on the record.

**DONE AND ORDERED** this 9th day of June 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:    **All Counsel of Record**