# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

# MIAMI DIVISION

| | |
|---|---|
| RYAN BRESLOW, ALEX FINE, and JON GORDON, | |
| Plaintiffs, | Action No.: 23-cv-20727-ALTMAN/Reid |
| v. | Honorable Roy K. Altman |
| MARK PHILLIPS and BENJAMIN REED, | |
| Defendants. | |
| MOVEMENTDAO and MARK PHILLIPS, | |
| Counterclaim-Plaintiffs | |
| v. | |
| RYAN BRESLOW, ALEX FINE, and JON GORDON, | |
| Counterclaim-Defendants | |

## PLATINTIFFS AND COUNTERCLAIM-DEFENDANTS' MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Pursuant to Local Rule 5.4, Plaintiffs Ryan Breslow, Alex Fine, and Jon Gordon (collectively, "Plaintiffs"), by and through undersigned counsel, hereby move the Court for an order permitting Plaintiffs to file under seal the following materials in connection with the Preliminary Injunction Hearing which occurred on April 27, May 25, and May 30, 2023:  (1) the declaration of Jango.eth, previously admitted into evidence as Plaintiffs' Exhibit No. 165, (2) the declaration of Ryan Breslow, previously admitted into evidence as Plaintiffs' Exhibit No. 2, and (3) the exhibit appended to the Breslow declaration, previously admitted into evidence as Defendants' Exhibit No. 367.

I.     **INTRODUCTION**

The declaration of Jango.eth directly supports Plaintiffs' theory that Defendants have dissipated Movement DAO assets by fraudulently transferring funds to individuals under the false pretext of "developer payments."  The individual who submitted the declaration is well-known in the cryptocurrency space only by his alias, and thus has agreed to provide his testimony on the condition that his true identity remain under seal.  Plaintiffs previewed this issue to the Court and Defendants during the Preliminary Injunction Hearing on March 28, 2023, at which time neither expressed opposition to having this material filed under seal. (Hearing Tr.: 29:15-24.)

Plaintiffs also seek leave to file under seal the declaration of Ryan Breslow and its appended exhibit, previously admitted into evidence as Plaintiffs' Exhibit No. 2 and Defendants' Exhibit No. 367, respectively.  These exhibits were previously filed in support of Plaintiffs' *ex parte* TRO at Docket Nos. 6, 6-4, and were ordered to remain sealed per the Court's order at Docket No. 18 at 6.  Although these exhibits have already been sealed, Plaintiffs seek leave in

this motion to file under seal because the ECF system requires each document submitted for uploading under seal be linked to a motion seeking leave to so file.

For these reasons, and as explained more fully below, Plaintiffs respectfully request the Court permit them to file Exhibit No. 165, Exhibit No. 2, and Exhibit No. 376 under seal.

## II.    <u>BACKGROUND</u>

On February 23, 2023, Plaintiffs filed an *ex parte* application for a temporary restraining order.  Dkt. No. 4.  Plaintiffs' application was supported by a declaration of Ryan Breslow (Dkt. No. 6) and appended exhibit (Dkt. No. 6-4).  On February 28, 2023, the Court granted Plaintiffs' *ex parte* application, issued a temporary restraining order, and ordered that the Declaration of Ryan Breslow and the appended exhibit remain under seal.  Dkt. No. 18 at 6.

In the course of Plaintiffs' investigation, an individual operating the cryptocurrency alias Jango.eth informed Plaintiffs that he received a transfer of money from Defendants for development work which he never performed.  Those familiar with the industry know that the user Jango.eth is renowned in the cryptocurrency space for his developmental work on various cryptocurrency projects.  Aside from Plaintiffs, however, few individuals know Jango.eth's real identity.  Anonymity is one of the principal methods individuals like Jango.eth can utilize to protect themselves in the internet community.  Thus, maintaining anonymity is essential for Jango.eth's protection and the security of his identity.  Cognizant of those considerations, Jango.eth submitted a declaration under his true name on the condition that it be filed under seal.

During preliminary injunction hearing on March 28, 2023, Plaintiffs' counsel previewed this issue to the Court, explaining that some witnesses would only be willing to sign declarations if their anonymity would remain intact. (Hearing Tr.: 29:15-21 .)  Plaintiffs' counsel inquired whether the Court would be amenable to accepting the declarations filed under seal and having

the courtroom sealed when such evidence was discussed. The Court stated that it had no issue with such a proposal. (Hr'g Tr.: 29:22-23; 30:8-18.) When asked, Defendants represented to the Court that they also had "[n]o problem with that" request. *Id.* at 29:22-24. During the preliminary injunction hearing on April 27, 2023, Judge Reid similarly agreed to treat Jango.eth's declaration as sealed based on counsels' representations of the agreement made at the March 28, 2023 hearing.

## III.   LEGAL STANDARD

While court records are generally subject to the common law right of access, "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). Courts may allow documents to be filed under seal upon a showing of "good cause," which includes "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see Jankula v. Carnival Corp.*, No. 18-CV-24670, 2019 WL 8051714, at *1 (S.D. Fla. July 30, 2019).

## IV.   ARGUMENT

The Court should grant the Motion for leave to file the Declaration of Jango.eth under seal because it is an important piece of evidence which should not come at the cost of eviscerating Jango.eth's anonymity. As articulated throughout this litigation, Plaintiffs contend that Defendants have dissipated Movement DAO assets by fraudulently transferring money to individuals under the false pretext of "developer payments." Jango.eth's declaration directly supports Plaintiffs' theory. In his declaration, Jango.eth makes clear that he was in receipt of Movement DAO assets paid to him by Defendants for development work on the Movement DAO project that he did not perform. Given the importance of Exhibit No. 165, in conjunction

with the value ascribed to anonymity, Plaintiffs respectfully request the Court permit them to file under seal the declaration of Jango.eth.  Pursuant to Local Rule 5.4(b)(1), Plaintiffs request that Plaintiffs' Exhibit No. 165 remain under seal for the pendency of the litigation.  A redacted version of the above-referenced document will be filed electronically.

In addition to the Jango.eth declaration, the Court should grant leave for Plaintiffs to file under seal the Declaration of Ryan Breslow (Plaintiffs' Exhibit No. 2) and its appended exhibit (Defendants' Exhibit No. 367).  Both documents were previously filed in support of Plaintiffs' *ex parte* application for a temporary restraining order.  Dkt. Nos. 6, 6-4.  After granting the TRO, this Court determined that these two documents should remain sealed and so ordered.  *See* Dkt. No. 18 at 6.  Plaintiffs include these documents in the instant Motion because the ECF system requires documents uploaded under seal be linked to an accompanying motion.  Accordingly, Plaintiffs respectfully request the Court grant leave to file Exhibit No. 2 and Exhibit No. 367 under seal.

## V.     <u>CONCLUSION</u>

For the reasons set forth in this Memorandum, Plaintiffs respectfully request that the Court issue an Order permitting Plaintiffs to file under seal (1) the declaration of Jango.eth, previously admitted into evidence as Plaintiffs' Exhibit No. 165, (2) the declaration of Ryan Breslow, previously admitted into evidence as Plaintiffs' Exhibit No. 2, and (3) the exhibit appended to the Breslow declaration, previously admitted into evidence as Defendants' Exhibit No. 367.

Dated:  June 9, 2023


John K. Shubin, Esq.
Dylan M. Helfand, Esq.
Jamie L. Katz, Esq.
**SHUBIN & BASS, P.A.**
150 W Flagler Street, Suite 1420
Miami, FL 33130
Tel.: (305) 381-6060
Fax: (305) 381-9457
Email:  jshubin@shubinbass.com
           jkatz@shubinbass.com
           dhelfand@shubinbass.com

*Attorneys for Plaintiffs Ryan Breslow, Alex Fine, And Jon Gordon*

/s/ Benjamin J. Kussman
Christopher T. Berg (*pro hac vice pending*)
Benjamin J. Kussman (*pro hac vice pending*)
**ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP**
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
(310) 274-7100
Email:  cberg@egcfirm.com
           bkussman@egcfirm.com

*Attorneys for Plaintiffs Ryan Breslow, Alex Fine, And Jon Gordon*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of June 2023, the foregoing was electronically filed with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to authorized CM/ECF files.

Nitoj P. Singh, Esq. (*Pro Hac Vice*)                              Attorneys for Defendants Mark
Jesse D. Franklin-Murdock. Esq. (*Pro Hac Vice*)          Phillips and Benjamin Reed
Harmeet Dhillon, Esq.
Dhillon Law Group Inc.
177 Post Street, Suite 700
San Francisco, CA 94108
Office: 415-433-1700
Email:  nsingh@dhillonlaw.com
            jfranklin-murdock@dhillonlaw.com
             harmeet@dhillonlaw.com

Matthew Sarelson, esq.
Dhillon Law Group Inc.
1601 Forum Place, Suite 403
West Palm Beach, Florida 33401
Office: 305.773.1952
Fax: 415.520.6593
Email:  msarelson@dhillonlaw.com

*/s/ Jamie L. Katz*
_____
Attorney