# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| RYAN BRESLOW, ALEX FINE, and JON GORDON, | |
| Plaintiffs, | Action No.: 23-cv-20727-ALTMAN/Reid |
| v. | Honorable Roy K. Altman |
| MARK PHILLIPS and BENJAMIN REED, | **REDACTED VERSION** |
| Defendants. | |
| MOVEMENTDAO and MARK PHILLIPS, | |
| Counterclaim-Plaintiffs | |
| v. | |
| RYAN BRESLOW, ALEX FINE, and JON GORDON, | |
| Counterclaim-Defendants | |

## COUNTERCLAIM-DEFENDANTS' MOTION TO DISMISS COUNTERCLAIM AND INCORPORATED MEMORANDUM OF LAW

## **TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 2

LEGAL STANDARD ............................................................................................................ 5

ARGUMENT .......................................................................................................................... 5

   A.    MovementDAO lacks capacity to sue ...................................................................... 5

   B.    MovementDAO fails to allege federal jurisdiction ............................................... 6

   C.    MovementDAO fails to state a breach of contract claim ..................................... 8

      1.    MovementDAO fails to state a claim for breach of the GitBook ................................ 8

      2.    The Guiding Principles, Code of Conduct, and MIP-0004 are ultra vires ................ 11

      3.    MovementDAO fails to state a claim for breach of the Guiding Principles.............. 12

      4.    MovementDAO fails to state a claim for breach of the Code of Conduct ................ 15

      5.    MovementDAO fails to state a claim for breach of MIP-0004 ................................. 18

   D.    MovementDAO fails to state a claim for tortious interference with contract ............... 19

      1.    MovementDAO fails to allege a contractual relationship .......................................... 19

      2.    MovementDAO fails to allege breach of a contractual relationship ......................... 20

      3.    MovementDAO fails to allege unjustified interference .............................................. 21

   E.    The IC Agreement precludes all of Mark Phillips's counterclaims .............................. 22

      1.    Phillips fails to state a claim for breach of contract .................................................. 22

      2.    Phillips fails to state a claim for fraud ....................................................................... 23

      3.    Phillips fails to state a claim for promissory estoppel ............................................... 24

CONCLUSION........................................................................................................................ 25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acosta v. Dist. Bd. of Trustees of Miami-Dade Cmty. Coll.*,
  905 So. 2d 226 (Fla. Dist. Ct. App. 2005) ...............................................................10

*Advanced Mktg. Sys. Corp. v. ZK Yacht Sales*,
  830 So. 2d 924 (Fla. Dist. Ct. App. 2002) ..........................................................24, 25

*Agrico Canada Ltd. v. Helm Fertilizer Corp.*,
  2009 WL 4730525 (M.D. Fla. Dec. 6, 2009)...........................................................23

*American Dental Ass'n v. Cigna Corp.*,
  605 F.3d 1283 (11th Cir. 2010) ...........................................................5, 11, 13, 18

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................................5, 15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................5

*Billington v. Ginn-La Pine Island, Ltd., LLLP*,
  192 So. 3d 77 (Fla. Dist. Ct. App. 2016) ................................................................23

*United States ex rel. Boothe v. Sun Healthcare Grp., Inc.*,
  496 F.3d 1169 (10th Cir. 2007) (Gorsuch, J.).....................................................7, 8

*Comer v. Gerdau Ameristeel US, Inc.*,
  2016 WL 4702425 (M.D. Fla. Sept. 8, 2016) .......................................................3, 4

*Cucinotta v. CVS Pharmacy, Inc.*,
  2012 WL 5467524 (M.D. Fla. Nov. 9, 2012) ...........................................................9

*Day v. Taylor*,
  400 F.3d 1272 (11th Cir. 2005) ........................................................................2, 3, 4

*Eslava v. Gulf Tel. Co., Inc.*,
  2006 WL 8437737 (S.D. Ala. Jan. 30, 2006) ...........................................................6

*Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*,
  710 F.3d 1221 (11th Cir. 2013) .........................................................................7, 8

*Gateway Cable T.V., Inc. v. Vikoa Const. Corp.*,
  253 So. 2d 461 (1971)...............................................................................................9

*Gibson v. Courtois*,
539 So. 2d 459 (Fla. 1989)....................................................................................9, 12, 16, 18

*Griffin Indus., Inc. v. Irvin*,
496 F.3d 1189 (11th Cir.2007) ................................................................................................9

*Hodges v. Buzzeo*,
193 F. Supp. 2d 1279 (M.D. Fla. 2002)................................................................................20

*Int'l Union United Auto., Aircraft & Agr. Implement Workers of Am. v. Delta Air
Lines*,
83 F. Supp. 63 (N.D. Ga. 1949) ..........................................................................................5, 6

*Integrated Health Srvcs. of Green Briar, Inc. v. Lopez-Silvero*,
827 So. 2d 338 (Fla. Dist. Ct. App. 2002) ..........................................................................9, 12

*Johnston v. Meredith*,
840 So. 2d 315 (Fla. Dist. Ct. App. 2003) ...............................................................................6

*Knowling v. Manavoglu*,
73 So.3d 301 (Fla. Dist. Ct. App. 2011) ..................................................................................9

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994).................................................................................................................7

*Lance v. Wade*,
457 So. 2d 1008 (Fla. 1984)...................................................................................................23

*Larkin v. Buranosky*,
973 So. 2d 1286 (Fla. Dist. Ct. App. 2008) .............................................................................6

*Mattocks v. Black Ent. Television LLC*,
43 F. Supp. 3d 1311 (S.D. Fla. 2014) ....................................................................................20

*Palm Beach Cnty. Health Care Dist. v. Prof'l Med. Educ., Inc.*,
13 So. 3d 1090 (Fla. Dist. Ct. App. 2009) .............................................................................21

*Rodriguez v. Tombrink Enterprises, Inc.*,
870 So. 2d 117 (Fla. Dist. Ct. App. 2003) .............................................................................23

*Romo v. Amedex Ins. Co.*,
930 So. 2d 643 (Fla. Dist. Ct. App. 2006) .............................................................................25

*Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*,
742 So. 2d 381 (Fla. Dist. Ct. App. 1999) .............................................................................21

*SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*,
600 F.3d 1334 (11th Cir. 2010) ...............................................................................................2

iv

*Taser Int'l, Inc. v. Phazzer Elecs., Inc.*,
   2023 WL 2924746 (M.D. Fla. Jan. 27, 2023) ........................................................................19

*Taylor v. Appleton*,
   30 F.3d 1365 (11th Cir. 1994) .............................................................................................5

*Travaglio v. Am. Exp. Co.*,
   735 F.3d 1266 (11th Cir. 2013) ...........................................................................................7

*Truly Nolen, Inc. v. Atlas Moving Storage Warehouses, Inc.*,
   125 So. 2d 903 (Fla. Dist. Ct. App. 1993) ........................................................................10

*Underwriters at Lloyd's, London v. Osting-Schwinn*,
   613 F.3d 1079 (11th Cir. 2010) .......................................................................................7, 8

*Wadlington v. Continental Medical Srvcs., Inc.*,
   907 So. 2d 631 (Fla. Dist. Ct. App. 2005) ........................................................................17

*White Const. Co. v. Martin Marietta Materials, Inc.*,
   633 F. Supp. 2d 1302 (M.D. Fla. 2009) ............................................................................24

*White Holding Co., LLC v. Martin Marietta Materials, Inc.*,
   423 F. App'x 943 (11th Cir. 2011) ...............................................................................24, 25

*World-Class Talent Experience, Inc. v. Giordano*,
   293 So. 3d 547 (Fla. Dist. Ct. App. 2020) ..................................................................10, 13

*Zisholtz v. Suntrust Banks, Inc.*,
   2009 WL 3132907 (N.D. Ga. Sept. 24, 2009) ..................................................................17

**Statutes**

28 U.S.C. § 1332 .................................................................................................................7, 8

28 U.S.C. § 1367 ......................................................................................................................8

Fla. Stat. Ann. § 725.01 .....................................................................................................11, 23

**Rules**

Fed. R. Civ. P. 8 ....................................................................................................................11

Fed. R. Civ. P. 9(b) ....................................................................................................16, 17, 18

Fed. R. Civ. P. 12(b)(1) ...................................................................................................1, 5, 6

Fed. R. Civ. P. 12(b)(6) .....................................................................................................1, 5

Fed. R. Civ. P. 12(h)(3) ........................................................................................................6

Fed. R. Civ. P. 13 ................................................................................................................7, 8

Fed. R. Civ. P. 17 .............................................................................................................1, 5, 6

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 17(b), Counterclaim-Defendants Ryan Breslow, Jon Gordon, and Alex Fine move to dismiss the Counterclaim filed by Counterclaim-Plaintiffs MovementDAO and Mark Phillips, ECF No. 73-1, for lack of capacity, lack of subject matter jurisdiction, and failure to state a claim.

All of MovementDAO's claims are foreclosed by two threshold issues. First, as an unincorporated association, MovementDAO lacks the capacity to sue in this Court. Second, MovementDAO fails to allege its citizenship, which precludes it from alleging diversity jurisdiction—the only basis for subject matter jurisdiction. Beyond that, MovementDAO's contract claims fail to state a claim principally because none of the documents on which it relies are enforceable contracts. It also fails to allege any breach or damage that resulted from Counterclaim-Defendants' alleged conduct. Finally, MovementDAO fails to state a claim for tortious interference with contractual relations because it does not allege the existence of any contracts that were the subject of interference, any breaches that resulted from that interference, or that Counterclaim-Defendants were strangers to the alleged relationships.

All of Mr. Phillips's claims are precluded by the Independent Contractor Agreement he entered with Mr. Breslow. ██████████████████████████████████████████ ██████████████████████████████████████. And the very existence of the agreement precludes his promissory estoppel claim.

The deficiencies in the Counterclaim are not remediable; amending the Counterclaim therefore would be futile. The Court should dismiss the entire Counterclaim with prejudice.

1

## STATEMENT OF FACTS

Counterclaim-Defendants Breslow and Gordon recruited Counterclaim-Plaintiff Mark Phillips to assist them with creating the systems architecture for a project called the MovementDAO—a decentralized, online platform governed by its members.  ECF No. 73-1 ¶ 26.  In connection with that project, Mr. Phillips initially contracted with an entity called Merkaba, Inc. to work on the project on a part time basis.  *Id.* ¶ 27.  At the same time, Mr. Phillips also worked for a subcontractor to the SEC.  *Id.* ¶¶ 21, 27.

Counterclaim-Defendants wanted Mr. Phillips to work full time on MovementDAO.  *Id.* ¶ 27.  On December 6, 2021, Mr. Phillips entered into an Independent Contractor Agreement ("IC Agreement") with Mr. Breslow.[1]  *Id.* ¶ 30; Ex. 1.  ███████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[1]     Mr. Phillips repeatedly references the provisions of the IC Agreement in the Counterclaim.  ECF No. 73-1 ¶¶ 30–33.  The IC Agreement is central to Mr. Phillips's claims because it establishes the terms and conditions between the parties vis-à-vis MovementDAO and contains integration and non-reliance clauses.  *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (holding that where an agreement sets forth the terms and conditions of the parties' relationship and contains a clause that claims to control over other agreements between the parties, "such relationship-forming contracts are central to a plaintiff's claim").  The IC Agreement is also central because it is the agreement Mr. Phillips alleges engaged him "to work exclusively on MovementDAO," ECF No. 73-1 ¶ 30, and that exclusivity is the consideration he allegedly exchanged in his breach of oral contract claim, *id.* ¶ 107, and is what he allegedly was induced to provide Counterclaim-Defendants in his fraud claim, *id.* ¶ 118.  The IC Agreement's authenticity is not in dispute.  Accordingly, the Counterclaim incorporates the IC Agreement by reference.  *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.").  A copy of the IC Agreement is attached to the Declaration of Christopher T. Berg dated June 30, 2023 ("Berg Decl." or "Berg Declaration") as Exhibit 1.

███████████████████████████████████████

███████████████████████████████████████████     *Id.* ¶ 6.

███████████████████████████

On February 2, 2022, Counterclaim-Defendants and Mr. Phillips published a document online called the GitBook.[2]  *Id.* ¶ 38.  The GitBook is "a white paper that set forth MovementDAO's policies, goals, and governance mechanisms" and function akin to the MovementDAO's "bylaws."  *Id.* ¶ 38.  There were multiple versions of the GitBook that "were published simultaneously."  *Id.* ¶ 38, n. 1.  One of the terms of the GitBook that varied between published versions is how long the founders of the MovementDAO would "lock up" (i.e., not cash out) the cryptocurrency tokens that were to be created in connection with the project.  *Id.*; Berg. Decl., Ex. 2 at PLAINTIFF0000138.  One version of the GitBook said the founders would lock up their tokens for "#years" while another version said "four years."  ECF No. 73-1 ¶ 38, n. 1.  The founders are Ryan Breslow, Jon Gordon, and Alex Fine.  *Id.*  ¶ 6.

The GitBook describes how the MovementDAO would be governed by its members.  In exchange for a contribution to the MovementDAO's endowment, a contributor will receive a corresponding number of cryptocurrency tokens called $MOVE tokens.  Berg. Decl., Ex. 2 at PLAINTIFF0000054-0000055, -138.  "$MOVE tokens represent voting rights on the [MovementDAO] platform."  *Id.* at PLAINTIFF0000139.  To authorize MovementDAO to take an action, a proposal would be posted on an online voting platform called Snapshot.  ECF No.

---

[2]     Because the GitBook is referenced in the Counterclaim, ECF No. 73-1 ¶ 38, is central to MovementDAO's claim for breach of the GitBook, *id.* ¶¶ 74–77, and its authenticity is not disputed by the parties, the Counterclaim incorporates the GitBook by reference.  *See Day*, 400 F.3d at 1276; *Comer v. Gerdau Ameristeel US, Inc.*, 2016 WL 4702425, at *1 (M.D. Fla. Sept. 8, 2016) ("In a breach-of-contract action, the allegedly breached contract is central to the plaintiff's claim.").  A copy of the GitBook is attached to the Berg Declaration as Exhibit 2.

73-1 ¶ 38.  $MOVE holders "are able to submit proposals and vote for governance changes" on

Snapshot.  Berg. Decl., Ex. 2 at PLAINTIFF0000139.  "Only staked $MOVE holders [are] able

to participate in Snapshot" voting.  *Id.* at PLAINTIFF0000089.

      In August 2022, two proposals—MIP-0000[3] and MIP-0004[4]—were posted on

MovementDAO's Snapshot page and voted on.  ECF No. ¶¶ 49, 52.  Attached as exhibits to MIP-

0000 were two documents: the Guiding Principles and the Code of Conduct.  *Id.* ¶ 49.

"Ratifying the Guiding Principles establishe[d] [MovementDAO as] an Unincorporated

Nonprofit Association."  Berg Decl., Ex. 3 at PLAINTIFF0000177.  MIP-0004 is a proposal that

purports to empower MovementDAO service providers and authorize MovementDAO to make

payments to them, among other things.  Berg Decl., Ex. 4 at PLAINTIFF0000298-0000306.

      Individuals that held "MAPE NFTs"—not $MOVE tokens—voted to pass MIP-0000 and

MIP-0004 on MovementDAO's Snapshot page.  ECF No. 73-1 ¶¶ 7, 45 (alleging as of March

2022 MovementDAO Snapshot voting utilized MAPE NFTs to vote); *id.* ¶¶ 49, 52 (alleging

MIP-0000 and MIP-0004 were adopted in August 2022); Berg Decl. Ex. 3 at

---

[3]    MovementDAO alleges that MIP-0000's ratification bound Counterclaim-Defendants to two of its attached exhibits: "the Guiding Principles" and "the Code of Conduct"—documents that MovementDAO alleges are contracts that Counterclaim-Defendants breached.  ECF No. 73-1 ¶ 49, 50, 78–87.  MovementDAO also alleges that MIP-0000 recognized it as a properly formed entity under Delaware law.  *Id.* ¶¶ 49, 51, 102–105.  MIP-0000 therefore is central to MovementDAO's contract and declaratory judgment claims, is referenced repeatedly in the Counterclaim, and its authenticity is not in dispute.  As a result, MIP-0000, along with its exhibits the Guiding Principles and the Code of Conduct, are incorporated by reference into the Counterclaim.  *See Day*, 400 F.3d at 1276; *Comer*, 2016 WL 4702425, at *1 (holding that allegedly breached contract is central to a plaintiffs' contract claim).  A copy of MIP-0000, and the Guiding Principles and Code of Conduct that are attached to it, appear in the Berg Declaration as Exhibit 3.

[4]    Because MIP-0004 is referenced in the Counterclaim, ECF No. 73-1 ¶¶ 88–91, is the basis for MovementDAO's contract claim for breach of MIP-0004, *id.*, and its authenticity is not in dispute, the Counterclaim incorporates MIP-0004 by reference.  *See See Day*, 400 F.3d at 1276; *Comer*, 2016 WL 4702425, at *1 (holding that allegedly breached contract is central to a plaintiffs' contract claim).  A copy of MIP-0004 is attached to the Berg Declaration as Exhibit 4.

PLAINTIFF0000172 & Ex. 4 at PLAINTIFF0000294 (MIP-0000 and MIP-0004 were voted on using Snapshot in August 2022).  Those votes were invalid because only $MOVE holders are authorized to participate in Snapshot votes.  Berg Decl., Ex. 2 at PLAINTIFF0000089.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 17, the capacity of a party asserting only state law claims is determined by the law of the forum state.  Fed. R. Civ. P. 17(b)(3).  If the Court finds that a party lacks capacity to sue, the Court must dismiss the claims asserted by that party.  *See, e.g.*, *Int'l Union United Auto., Aircraft & Agr. Implement Workers of Am. v. Delta Air Lines*, 83 F. Supp. 63, 64 (N.D. Ga. 1949).

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of claims lacking federal subject matter jurisdiction.  Once challenged, the party invoking the Court's jurisdiction—here, Counterclaim-Plaintiff MovementDAO—bears the burden of proving subject matter jurisdiction exists.  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Under Federal Rule of Civil Procedure12(b)(6), a complaint must plead facts sufficient to create a "reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that conclusory allegations are insufficient to state a claim).  Complainants must allege sufficient facts to establish that the claim is "plausible."  *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 1951–52).

## ARGUMENT

### A.    MovementDAO lacks capacity to sue

As an unincorporated association, MovementDAO lacks the capacity to sue under Florida law and thus lacks the capacity to sue in this Court.  Capacity for suit in federal court is

determined by Federal Rule of Civil Procedure 17(b).  The Counterclaim alleges that MovementDAO is an unincorporated association.  ECF No. 73-1 ¶ 14 ("MovementDAO is a Delaware unincorporated nonprofit association.").  An unincorporated association's capacity for suit is determined "by the law of the state where the court is located."  Fed. R. Civ. P. 17(b)(3). Florida law therefore determines whether MovementDAO has capacity to sue.

An unincorporated association cannot sue or be sued under Florida law.  *See, e.g.*, *Larkin v. Buranosky*, 973 So. 2d 1286, 1287 (Fla. Dist. Ct. App. 2008) (dismissing complaint as to two unincorporated associations because "Florida does not have an enabling statute that allows unincorporated associations to be sued in their own names"); *Johnston v. Meredith*, 840 So. 2d 315, 316 (Fla. Dist. Ct. App. 2003) ("Unlike in some jurisdictions that permit an unincorporated association to sue or be sued in its own name, Florida does not have such an enabling statute.").

The Court must dismiss claims asserted by a party that lacks capacity to sue.  *See Int'l Union United Auto.*, 83 F. Supp. at 64 (dismissing claims of unincorporated association complainant because it lacked capacity to sue under state law); *Eslava v. Gulf Tel. Co., Inc.*, 2006 WL 8437737, at *2–*4 (S.D. Ala. Jan. 30, 2006).[5]  MovementDAO's claims—Counts I, II, and III of the Counterclaim—must be dismissed.

### B.    MovementDAO fails to allege federal jurisdiction

MovementDAO's counterclaims must be dismissed because MovementDAO fails to allege federal subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1) & (h)(3).  When a new

---

[5]    MovementDAO only asserts state law claims for breach of contract and tortious interference with contractual relations, as well as a claim for declaratory judgment on a state law question—that MovementDAO is a duly formed entity under Delaware law.  ECF No. 73-1 ¶¶ 73–105.  Rule 17(b)(3)(A) therefore does not apply.  *See* Fed. R. Civ. P. 17(b)(3)(A) (allowing unincorporated association with no capacity to sue to nevertheless enforce federal rights).

party is joined in an existing litigation,[6] the new party has the burden to allege subject matter jurisdiction exists over any claims it asserts.  *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (burden to establish jurisdiction is on the complainant); *United States ex rel. Boothe v. Sun Healthcare Grp., Inc.*, 496 F.3d 1169, 1176 (10th Cir. 2007) (Gorsuch, J.) ("[W]e hold that district courts should assess jurisdiction on a claim-by-claim basis."); *cf. Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (dismissing jurisdiction-spoiling claims asserted by intervenor against non-diverse parties).

MovementDAO has failed to allege its citizenship, which precludes it from meeting its burden of alleging subject matter jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("the burden of establishing [federal subject matter] rests upon the party asserting jurisdiction.").  The only basis available to MovementDAO is diversity jurisdiction under 28 U.S.C. § 1332.  *See supra* n. 5.  Jurisdictional allegations, "when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant."  *Travaglio*, 735 F.3d at 1268.  MovementDAO alleges only that it is a "Delaware unincorporated nonprofit association."  ECF No. 73-1 ¶ 14.  However, "unincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332."  *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010).  MovementDAO does not identify its members or their citizenship.  "Without knowledge of [MovementDAO's] citizenship, it [is] impossible to

---

[6]     Defendant and Counterclaim-Plaintiff Mark Phillips has joined MovementDAO by including it as a co-Counterclaim-Plaintiff in the Counterclaim.  *See* ECF No. 73-1; Fed. R. Civ. P. 13(h).

say that complete diversity exists." *Id.* at 1092.  As a result, MovementDAO has failed to plead subject matter jurisdiction, and its claims must be dismissed.[7]

MovementDAO alleges that subject matter jurisdiction over its counterclaims exists because they constitute "a compulsory counterclaim to a complaint over which the Court has exercised diversity jurisdiction."  ECF No. 73-1 ¶ 19.  But MovementDAO cannot piggyback on the jurisdictional basis for Plaintiffs' claims because subject matter jurisdiction is evaluated on a claim-by-claim basis.  *See, e.g.*, *Flintlock Const. Servs.*, 710 F.3d at 1224; *United States ex rel. Boothe*, 496 F.3d at 1176.  Moreover, a counterclaim is compulsory only if the claim "does not require adding another party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13.  By denying the Court the means to evaluate whether the addition of MovementDAO deprives the Court of jurisdiction, MovementDAO cannot even demonstrate that its claims are compulsory.  Dismissal is required for failing to allege essential jurisdictional facts.

### C.    MovementDAO fails to state a breach of contract claim

#### 1.    MovementDAO fails to state a claim for breach of the GitBook

MovementDAO alleges that Counterclaim-Defendants breached a document called the GitBook.  ECF No. 73-1 ¶¶ 74–77.  According to MovementDAO, the GitBook obligated Counterclaim-Defendants "to keep their contributions locked for a period of multiple years," *id.* ¶ 75, and Counterclaim-Defendants breached that alleged obligation by "attempting to redeem their contributions to MovementDAO less than a year" after making them, *id.* ¶ 76.

---

[7]    Supplemental jurisdiction does not save MovementDAO because that jurisdictional basis requires the Court to analyze whether MovementDAO's presence would defeat complete diversity:  "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."  28 U.S.C. § 1367(b); *see also Flintlock Const. Servs.*, 710 F.3d at 1224 n.6.

### a.      The GitBook is not a contract

By the Counterclaim's own terms, the GitBook is not a contract; it is a "white paper that set forth Movement DAO's policies, goals, and governance mechanisms" aimed at "attract[ing] developers, contributors, and community members." *Id.* ¶ 38.

MovementDAO fails to allege facts that show Counterclaim-Defendants agreed to be contractually bound by the GitBook. *Gibson v. Courtois*, 539 So. 2d 459, 460 (Fla. 1989) ("Mutual assent is an absolute condition precedent to the formation of the contract.").  The Counterclaim does not allege that Counterclaim-Defendants signed the GitBook, and the GitBook itself shows that they did not sign it, Berg. Decl., Ex. 2.  MovementDAO alleges no other facts showing that Counterclaim-Defendants engaged in conduct suggesting they agreed to be bound by the GitBook. *See Gateway Cable T.V., Inc. v. Vikoa Const. Corp.*, 253 So. 2d 461, 463-64 (1971) (assent may be shown by signatures or the conduct of the parties).  It does not, for example, allege that they performed under the purported contract or otherwise "acted as if they had a valid contract." *See Integrated Health Srvcs. of Green Briar, Inc. v. Lopez-Silvero*, 827 So. 2d 338, 339 (Fla. Dist. Ct. App. 2002).  MovementDAO thus fails to allege mutual assent.

MovementDAO fails to allege that it was a contracting party to the GitBook that assented to its essential terms. *Knowling v. Manavoglu*, 73 So.3d 301, 303 (Fla. Dist. Ct. App. 2011) ("To be [a] binding [contract], mutual assent as to all essential terms is required.").  Although MovementDAO asserts that it was a party to the GitBook, ECF No.73-1 ¶ 74, that conclusory allegation is contradicted by MIP-0000, which is incorporated by reference in the Counterclaim, *see supra* note 2.  Where documents incorporated by reference "contradict the general and conclusory allegations of the pleading, the [incorporated documents]  govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir.2007); *see also Cucinotta v. CVS Pharmacy, Inc.*,

2012 WL 5467524, at *3–4 (M.D. Fla. Nov. 9, 2012) (terms of a document incorporated by reference and attached to motion to dismiss controlled over inconsistent allegations in pleading).

MIP-0000 shows that MovementDAO did not exist until MovementDAO members voted to pass MIP-0000 on August 30, 2022.  Berg Decl., Ex. 3 at PLAINTIFF0000177 ("Ratifying the Guiding Principles establishes an Unincorporated Nonprofit Association."); *id*. at PLAINTIFF0000173 (voting ended on August 30, 2022).  The GitBook was published on February 2, 2022.  ECF No. 73-1 ¶ 38.  MovementDAO is not a party to the GitBook because it did not exist as an entity until six months after the GitBook was published.

The GitBook is not an enforceable contract because the essential term that was allegedly breached was not "certain and definite." *Truly Nolen, Inc. v. Atlas Moving Storage Warehouses, Inc.*, 125 So. 2d 903, 905 (Fla. Dist. Ct. App. 1993) ("to have a contract, there must be reciprocal assent to certain and definite propositions.").  MovementDAO alleges that the GitBook obligated Counterclaim-Defendants to lock up their contributions to the MovementDAO for "a period of multiple years."  ECF No. 73-1 ¶ 75.  But the Counterclaim also alleges that the lock up period was not a certain or definite term in the GitBook:  "The length of the lock-up period varied in different versions of the GitBook. . . .  Versions with four years and '#years' were published simultaneously." *Id.*  ¶ 38, fn. 1.  That concession is fatal to MovementDAO's contract claim because it shows that there was no meeting of the minds on an essential term of the alleged agreement. *See Acosta v. Dist. Bd. of Trustees of Miami-Dade Cmty. Coll.*, 905 So. 2d 226, 228 (Fla. Dist. Ct. App. 2005) ("meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract.").

MovementDAO fails to allege Counterclaim-Defendants received anything in exchange for allegedly agreeing to lock up their contributions. *World-Class Talent Experience, Inc. v.*

*Giordano*, 293 So. 3d 547, 548 (Fla. Dist. Ct. App. 2020) ("A contract requires consideration to be enforceable.").  The terms of the GitBook itself do not provide any consideration for the alleged lock-up promise.  *See* Berg Decl., Ex. 2.  MovementDAO fails to allege the GitBook is a contract because MovementDAO does not allege consideration.

### b.  The GitBook does not satisfy the Statute of Frauds

MovementDAO's contract claim fails because the GitBook does not satisfy the statute of frauds.  An agreement imposing an obligation that requires more than one year to perform must be in writing and signed by the party charged with performance.  Fla. Stat. Ann. § 725.01. Because MovementDAO alleges that the GitBook obligates Counterclaim-Defendants to abstain from withdrawing their contributions to MovementDAO for a "period of multiple years" (*i.e.*, greater than one year), ECF No. 73-1 ¶ 75, the GitBook must be signed by the Counterclaim-Defendants to be enforceable.  The GitBook is not signed by the Counterclaim-Defendants.  *See* Berg Decl., Ex. 2.  MovementDAO therefore fails to state a claim for breach of the GitBook.

### c.  MovementDAO fails to allege harm from the alleged breach

Because Counterclaim-Defendants' alleged breach is solely based on their *attempt* to withdraw their contributions, ECF No. 73-1 ¶ 76, MovementDAO has failed to allege how that attempted act has caused it concrete injury.  The only allegation MovementDAO makes relating to harm is a conclusory assertion of damage.  *See id.* ¶ 77.  Without pleading specific facts describing the injury it suffered, MovementDAO fails to satisfy the plausibility standard required by Rule 8.  *See American Dental Ass'n*, 605 F.3d at 1290.

### 2.  The Guiding Principles, Code of Conduct, and MIP-0004 are ultra vires

MovementDAO cannot rely on the Guiding Principles, Code of Conduct, or MIP-0004 for its breach of contract claim because MovementDAO was not authorized to adopt or otherwise

enter into those documents.  The GitBook sets forth MovementDAO's governance procedures and functions like MovementDAO's bylaws.  ECF No. 73-1 ¶ 38.  "Only staked $MOVE holders [are] able to participate in Snapshot" voting.  Berg Decl., Ex. 2 at PLAINTIFF0000089. Nevertheless, MovementDAO alleges that holders of "MAPE NFTs"—not $MOVE tokens— voted to pass the Guiding Principles, Code of Conduct, and MIP-0004 on the MovementDAO's Snapshot page.  ECF No. 73-1 ¶¶ 7, 45, 49, 52.  Because MovementDAO alleges that these proposals were ratified in a manner that contradicts the governance process set forth in the GitBook—the admitted bylaws of the MovementDAO—the allegations of the Counterclaim show that these documents are ultra vires.  Accordingly, the unauthorized ratification of the Guiding Principles, Code of Conduct, and MIP-0004 precludes MovementDAO from alleging that it assented to entering into them as contracts with Counterclaim-Defendants.  *See Gibson*, 539 So. 2d at 460 ("Mutual assent is an absolute condition precedent to the formation of the contract.").

### 3. MovementDAO fails to state a claim for breach of the Guiding Principles

MovementDAO alleges that Counterclaim-Defendants breached sections 2(f) and 6(d) of the Guiding Principles, ECF No. 73-1 ¶¶ 78–83, a document attached as an exhibit to MIP-0000 and incorporated by reference in the Counterclaim, *see supra* note 3.

### a. The Guiding Principles are not a contract

MovementDAO fails to allege facts establishing that Counterclaim-Defendants agreed to be bound by the Guiding Principles.  *Gibson*, 539 So. 2d at 460.  Counterclaim-Defendants did not sign the Guiding Principles or any other part of MIP-0000.  Berg Decl., Ex. 3.  And MovementDAO alleges no facts that show they engaged in conduct suggesting they agreed to be bound by the Guiding Principles.  *See Integrated Health Srvcs.*, 827 So. 2d at 339.

MovementDAO alleges in conclusory fashion that Counterclaim-Defendants "consented to be bound by the Guiding Principles" by being "members of MovementDAO."  ECF No. 73-1 ¶ 78. That conclusory assertion is insufficient.  *See American Dental Ass'n*, 605 F.3d at 1290. MovementDAO does not allege facts that show Counterclaim-Defendants assented to being members of the MovementDAO entity or that being members of the MovementDAO automatically bound them to the Guiding Principles.  Without any factual allegations that establish Counterclaim-Defendants assent to be bound to the Guiding Principles, MovementDAO fails to allege an enforceable contract.

MovementDAO also fails to allege that Counterclaim-Defendants received any consideration from MovementDAO in relation to the Guiding Principles.  *World-Class Talent Experience, Inc.*, 293 So. 3d at 548.  This failure of consideration is notable given the onerous terms the Guiding Principles attempts to impose on MovementDAO members, including non-disparagement obligations, Berg Decl., Ex. 3 at PLAINTIFF0000197; being subject to removal at MovementDAO's discretion, *id.* at PLAINTIFF0000196; and receiving no right to own or manage MovementDAO's activities, *id.* at PLAINTIFF0000193.  In exchange, the Guiding Principles provide Counterclaim-Defendants with nothing.  *See id.*  207.  PLAINTIFF0000189–207.  MovementDAO's contract claim fails for failure to allege consideration.

### b.     MovementDAO fails to allege a breach of the Guiding Principles

Even if the Guiding Principles were a contract between Counterclaim-Defendants and MovementDAO, the Counterclaim does not allege that Counterclaim-Defendants breached their obligations under it.

MovementDAO claims that Plaintiffs breached section 2(f) of the Guiding Principles by "trying to exercise control over MovementDAO's treasury and operations" without specifying

what conduct constituted that attempt.  ECF No. 73-1 ¶ 80.  Elsewhere in the Counterclaim

MovementDAO takes issue with Counterclaim-Defendants' request to redeem their contributions

to the MovementDAO and their request to Mr. Phillips to cease all MovementDAO spending.

*Id.* ¶¶ 57–64.

Those requests breach no obligations enumerated in section 2(f) of the Guiding

Principles.  That section provides:

> Governance Rights and the governance tokens provide no possibility of profits and
> losses, no rights to distributions and dividends, and no rights to ownership or
> management of the DAO.  Each Member (or assign, as the case may be) that
> receives or holds governance Tokens expressly and unequivocally agrees that the
> Tokens provide no rights to profits and/or losses, that the Tokens do not entitle their
> holder to distributions or dividends, and that the Tokens do not make their holder
> an owner or manager of the DAO.

Berg Decl., Ex. 3 at PLAINTIFF0000193.

By its plain terms, section 2(f) only applies to MovementDAO members that receive or

hold governance tokens, and MovementDAO does not allege that Counterclaim-Defendants ever

received or held such tokens.  Even if MovementDAO so alleged, section 2(f) does not impose

any obligations on Counterclaim-Defendants to do or refrain from doing anything.  That section

simply disclaims that a tokenholder is entitled to certain rights.  It imposes no prohibition against

requesting to redeem contributions made to the MovementDAO or requesting that it curtail

spending.  And it imposes no prohibition against trying to "exercise control over

MovementDAO's treasury and operations," ECF No. 73-1 ¶ 80.  Because section 2(f) imposes

no obligations and is untethered to the conduct MovementDAO claims constitutes a breach of

that provision, MovementDAO fails to allege a breach of the Guiding Principles.

MovementDAO separately alleges that Counterclaim-Defendants made disparaging

remarks about MovementDAO, Mr. Phillips, and Mr. Reed, and that those remarks constituted a

breach of section 6(d) of the Guiding Principles, which is a non-disparagement provision.  *See id.*
¶¶ 81–82.  MovementDAO provides only a single, conclusory instance of so-called
disparagement, claiming that Counterclaim-Defendants "disparaged MovementDAO and Mr.
Phillips to Joao Ritter."  *Id.* ¶ 82.  There are no factual allegations describing the disparaging
conduct, only the bald assertion that disparaging conduct occurred.  MovementDAO provides no
details as to what was said, who said it, or why the unalleged statements were disparaging.  That
conclusory allegation is insufficient to allege breach.  *See Iqbal*, 556 U.S. at 681 (conclusory
allegations do not state a claim).

**c.     MovementDAO fails to allege damage**

MovementDAO fails to allege how the purported breach of section 2(f) and section 6(d)
damaged MovementDAO.  Tellingly, the Counterclaim does not allege that Counterclaim-
Defendants' requests to redeem their contributions or to halt MovementDAO spending were ever
honored; to the contrary, MovementDAO repeatedly alleges those requests were denied.  ECF
No. 73-1 ¶¶ 58–67.  No damage can plausibly result from a request that is not honored.
MovementDAO only makes a conclusory allegation of damage without pleading actual facts.  *Id.*
¶ 67.  Similarly, MovementDAO does not allege how it was damaged by Counterclaim-
Defendants' unalleged statements to Mr. Ritter.  With only conclusory allegations as to the
damage it suffered, and with no plausible theory for how damage could be incurred from denied
requests, MovementDAO fails to state a claim for breach of the Guiding Principles.

**4.     MovementDAO fails to state a claim for breach of the Code of
          Conduct**

MovementDAO alleges that Counterclaim-Defendants breached the Code of Conduct, a
document attached as an exhibit to MIP-0000 and incorporated by reference in the Counterclaim,
*see supra* note 3.  The Code of Conduct purports to forbid MovementDAO members from

15

defrauding MovementDAO.  ECF No. 73-1 ¶ 85.  MovementDAO alleges Counterclaim-Defendants defrauded it by attempting to withdraw their contributions from MovementDAO and by engaging in manipulative practices by disavowing MovementDAO's existence and describing MovementDAO's ongoing business as fraudulent.  *Id.* ¶ 86.

### a.     The Code of Conduct is not a contract

The Code of Conduct is not a contract for the same reasons the Guiding Principles are not a contract: MovementDAO alleges no facts that show Counterclaim-Defendants agreed to be bound by the Code of Conduct, no facts that show they are members of the MovementDAO, no facts that show membership in the MovementDAO contractually binds Counterclaim-Defendants to the Code of Conduct, and no facts that show Counterclaim-Defendants received consideration for their purported promise to be bound by the Code of Conduct.  *See supra* Section C(3)(a).  The Code of Conduct itself shows that Counterclaim-Defendants did not sign that document.  Berg Decl., Ex. 3 at PLAINTIFF0000228-0000231.  The terms of the Code of Conduct themselves indicate that anyone purporting to be bound by the Code of Conduct must manifest their assent to its terms.  *See id.* at PLAINTIFF0000228 ("Before being admitted as a DAO Member, each individual must accept the DAO's Code of Conduct.").  The Counterclaim contains no allegations that show Counterclaim-Defendants did anything to manifest their assent to the Code of Conduct.  *Gibson*, 539 So. 2d at 460 (mutual assent is an absolute condition for contract formation).  As a result, MovementDAO has not pleaded that a contract was formed.

### b.     MovementDAO fails to adequately allege breach

MovementDAO asserts that Counterclaim-Defendants breached the Code of Conduct by committing fraud.  ECF No. 73-1 ¶¶ 85–86.  By doing so, MovementDAO has effectively asserted a fraud cause of action that must be pleaded with particularly.  Fed. R. Civ. P. 9(b).

16

MovementDAO contends that Plaintiffs engaged in fraud by "attempting to withdraw their contributions to Movement after inducing MovementDAO's members to contribute funds to MovementDAO by promising that their contributions would be locked for a period of multiple years." ECF No. 73-1 ¶ 86. But a promise to perform in the future is not grounds for fraud unless made without the intent to perform, *Wadlington v. Continental Medical Srvcs., Inc.*, 907 So. 2d 631, 632 (Fla. Dist. Ct. App. 2005), and MovementDAO's claim has no such allegations.

MovementDAO does not allege that it relied on Counterclaim-Defendants' promise to lock-up their contributions. *Id.* (fraud requires reliance by the injured party). It alleges only that Counterclaim-Defendants induced certain, unidentified MovementDAO members to contribute funds to MovementDAO, not that MovementDAO itself exhibited any reliance on Counterclaim-Defendants' statements. *See* ECF No. 73-1 ¶ 86. By failing to allege that MovementDAO relied on the allegedly false statements, MovementDAO fails to state a claim.

Finally, MovementDAO fails to allege how Counterclaim-Defendants' *attempt* to withdraw their MovementDAO contributions could plausibly cause MovementDAO injury. *See* ECF 73-1 ¶ 86 (alleging Counterclaim-Defendants *attempted* to withdraw their contributions funds). Because no funds were actually withdrawn from MovementDAO, MovementDAO cannot plausibly allege an injury for Counterclaim-Defendants' so-called fraud.

MovementDAO also fails to allege with particularity the "manipulative practices" Counterclaim-Defendants' allegedly committed. *See, e.g.*, *Zisholtz v. Suntrust Banks, Inc.*, 2009 WL 3132907, at *6 (N.D. Ga. Sept. 24, 2009) (manipulative practice claim subject to Rule 9(b)). MovementDAO claims Counterclaim-Defendants disavowed "MovementDAO's existence to counterparties and describ[ed] its ongoing business, as well as Messrs. Phillips and Reed's role in governing MovementDAO, as fraudulent," ECF No. 73-1 ¶ 86, but fails to allege what

specific statements were made, who made them, when, or to whom.  These allegations fall short

of Rule 9(b)'s heightened pleading standard.

### 5.  MovementDAO fails to state a claim for breach of MIP-0004

MovementDAO alleges that Counterclaim-Defendants breached MIP-0004, which is a

proposal that purports to authorize MovementDAO to make payments to itself and various

service providers, among other things.  ECF No. 73-1 ¶ 89.

### a.  MIP-0004 is not a contract

MIP-0004 is not a contract for the same reasons the Guiding Principles and the Code of

Conduct are not contracts: MovementDAO alleges no facts that show Counterclaim-Defendants

agreed to be bound by MIP-0004.  MIP-0004, which is incorporated by reference into the

Counterclaim, *see supra* note 4, is structured as a document that purports to grant powers to

MovementDAO and its designates, not as a contract imposing obligations on MovementDAO

members or Counterclaim-Defendants.  Berg Decl., Ex. 4.  MIP-0004—like the GitBook, the

Guiding Principles, and the Code of Conduct—also does not bear Counterclaim-Defendants'

signature (or anyone else's).  *Id.*  This is a clear failure to allege mutual assent.  *Gibson*, 539 So.

2d at 460.

MovementDAO also fails to allege non-conclusory facts that show Counterclaim-

Defendants are members of the MovementDAO or that show membership in the MovementDAO

contractually binds them to MIP-0004.  It also fails to allege facts that show Counterclaim-

Defendants received consideration for their purported promise to be bound by MIP-0004.  *See*

*supra* Section C(3)(a).  MovementDAO's attempt to frame this document as a contract does not

meet the plausibility standard.  *American Dental Ass'n*, 605 F.3d at 1290.

### b.    MovementDAO fails to allege a breach of MIP-0004

MovementDAO alleges that Counterclaim-Defendants breached MIP-0004 by

"disclaiming Mr. Phillips's right to expend funds on behalf of MovementDAO and actively

frustrating MovementDAO's continued expenditures and operations."  ECF No. 73-1 ¶ 90.  But

MovementDAO's allegations are inconsistent with the language of MIP-0004, which grants

authority to the MovementDAO to make certain payments to service providers.  Berg Decl., Ex.

4 at PLAINTIFF0000298-0000306.  Nothing in MIP-0004 imposes obligations on Counterclaim-

Defendants, including nothing that prohibits them from disclaiming Mr. Phillips's right to spend

MovementDAO funds or otherwise acting to object to MovementDAO's operations.  *Id.*

Because MIP-0004 does not impose obligations on Counterclaim-Defendants, MovementDAO is

unable to allege that Counterclaim-Defendants breached MIP-0004.  Furthermore, as with its

other contract claims, MovementDAO fails to allege how it was damaged from the purported

breach of MIP-0004.  *See supra* Section C(1)(c).[8]

### D.    MovementDAO fails to state a claim for tortious interference with contract

### 1.    MovementDAO fails to allege a contractual relationship

MovementDAO alleges two bases for tortious interference in the Counterclaim:  that

Counterclaim-Defendants interfered with the contractual relationship between MovementDAO

and the Reed Yurchak law firm and the contractual relationship between MovementDAO and

Mr. Vizitiu.  ECF No. 73-1 at ¶¶ 95, 98.  Neither basis states a claim because MovementDAO

---

[8]    To the extent MovementDAO's bases any of its contract claims on statements made by
Counterclaim-Defendants in the course of this litigation, *see, e.g.*, ECF No. 73-1 ¶¶ 82, 86
(disclaiming existence of MovementDAO, which occurred only in the context of this litigation),
those statements are privileged and cannot be the basis for a contract claim.  *See, e.g.*, *Taser
Int'l, Inc. v. Phazzer Elecs., Inc.*, 2023 WL 2924746, at *5 (M.D. Fla. Jan. 27, 2023), report and
recommendation adopted, 2023 WL 2523447 (M.D. Fla. Mar. 14, 2023).

fails to allege that it entered into a contract with Mr. Yurchak's firm or Mr. Vizitiu.  *See Mattocks v. Black Ent. Television LLC*, 43 F. Supp. 3d 1311, 1318 (S.D. Fla. 2014) ("existence of a contract" is required for tortious interference with contract).

### 2.   MovementDAO fails to allege breach of a contractual relationship

MovementDAO fails to allege that the actions by Counterclaim-Defendants caused either Mr. Yurchak or Mr. Vizitiu to breach their (unalleged) contract with MovementDAO.  Under Florida law, there can be no claim for tortious interference of contract where there is no breach of the underlying contract. *See Hodges v. Buzzeo*, 193 F. Supp. 2d 1279, 1286 (M.D. Fla. 2002) (dismissing claim with insufficient allegations of breach).  MovementDAO contends that Counterclaim-Defendants put "pressure" on Mr. Yurchak to resign from his alleged representation of MovementDAO.  ECF No. ¶¶ 68, 95.  But MovementDAO fails to allege that Mr. Yurchak's resignation was a breach of his contract.  To satisfy that element, MovementDAO would have to allege that Mr. Yurchak's contract prohibited him from resigning his representation—a spurious assertion that would not survive the plausibility standard.

Similarly, MovementDAO fails to allege that Counterclaim-Defendants' conduct caused Mr. Vizitiu to breach his (unalleged) contract.  MovementDAO alleges only that Mr. Vizitiu was a contractor that ceased working for MovementDAO after Counterclaim-Defendants "impl[ied] that [Mr. Phillips had] stole[n] from MovementDAO." *Id.* ¶ 70.  But the Counterclaim fails to allege that Mr. Vizitiu ceasing to work for MovementDAO was a breach of his contractual relationship.  To satisfy that element, MovementDAO would have to allege that Mr. Vizitiu had some other employment or contractor relationship other than at-will employment that obligated him not to cease working for MovementDAO.  The Counterclaim alleges no such facts.  MovementDAO's failure to allege a breach is fatal to its tortious interference claim.

### 3.      MovementDAO fails to allege unjustified interference

MovementDAO fails to state a claim because Counterclaim-Defendants were not strangers to the business relationship.  In Florida, to state a tortious interference claim, "the interfering defendant must be a third party, a stranger to the business relationship." *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 386 (Fla. Dist. Ct. App. 1999). "A defendant is not a 'stranger' to a business relationship if the defendant 'has any beneficial or economic interest in, or control over, that relationship'" or "when it has a supervisory interest in how the relationship is conducted or a potential financial interest in how a contract is performed." *Palm Beach Cnty. Health Care Dist. v. Prof'l Med. Educ., Inc.*, 13 So. 3d 1090, 1094 (Fla. Dist. Ct. App. 2009).

Here, MovementDAO alleges that Counterclaim-Defendants were the "founders" of MovementDAO, ECF No. 73-1 ¶ 6, were empowered to assign Counterclaim-Plaintiff Phillips to roles within MovementDAO, *id.* ¶¶ 27, 30, exercised "complete editorial control" of the GitBook, *id.* ¶ 38, occupied a "position of leadership" in MovementDAO, *id.* ¶ 44, and had the largest financial interest of any MovementDAO member by contributing over $10,000,000 to the MovementDAO treasury,  *see id.* ¶ 47 (alleging that the MovementDAO contained $12,000,000 in its treasury); *id.* ¶ 41 (alleging that approximately $1.7 million was contributed by individuals other than Counterclaim-Defendants).  Counterclaim-Defendants therefore had "beneficial," a "supervisory," and a "potential financial" interest in MovementDAO's alleged business relationships with Mr. Yurchak's firm and Mr. Vizitiu, and thus were not strangers to the them. *See Palm Beach Cnty.*, 13 So. 3d at 1094.  This precludes the tortious interference claim.

### E.     The IC Agreement precludes all of Mark Phillips's counterclaims

Counterclaim-Plaintiff Mark Phillips's claims for breach of fraud, promissory estoppel, and breach of contract fail to state a claim because they are all precluded by the plain language of Mr. Phillips's IC Agreement. ████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████

██████████████████████████████████

████████████████████████████

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████████

Berg Decl., Ex. 1 ¶ 6.

### 1.     Phillips fails to state a claim for breach of contract

Mr. Phillips asserts that Counterclaim-Defendants entered into an oral contract with him around December 2021 to induce him to leave his work with the SEC.  ECF No. 73-1 ¶¶ 28, 107 (alleging that Counterclaim-Defendants promised Phillips would have veto power over the MovementDAO treasury and MovementDAO's founders would not withdraw their contributions for six years). ████████████████████████████████

████████████████████████████████████

██████████████████████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████

Mr. Phillips's oral contract claim also fails under the statute of frauds.  Because the alleged oral contract required Counterclaim-Defendants to refrain from withdrawing their contributions for six years, ECF No. 73-1 ¶¶ 28, 107, that promise muse be in writing and signed by Counterclaim-Defendants to be enforceable.  *See* Fla. Stat. Ann. § 725.01 (requiring an obligation that requires more than one year to perform to be in writing and signed by the party charged with performance).  Fatally, Mr. Phillips alleges no such signed writing.

### 2.      Phillips fails to state a claim for fraud

Mr. Phillips alleges that Counterclaim-Defendants fraudulently induced him to leave the SEC and work for the MovementDAO by making the same oral promises he contends comprise the oral contract discussed above.  ECF No. 73-1 ¶ 118.  Reliance is an essential element of fraud.  *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984).  ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████



The fraud claim fails for another, independent reason:

### 3. Phillips fails to state a claim for promissory estoppel

Mr. Phillips's claim for promissory estoppel fails because that remedy is not available "when the parties have a written contract addressing the relevant issues." *White Holding Co., LLC*, 423 F. App'x at 947; *see also Advanced Marketing Systems Corp. v. ZK Yacht Sales*, 830

So. 2d 924, 928 (Fla. Dist. Ct. App. 2002) (same).  The estoppel claim rests on the same promises that comprise Mr. Phillips's fraud and breach of contract claims.  ECF No. 73-1 ¶ 112.



The estoppel claim also fails because Mr. Phillips cannot allege justifiable reliance. *Romo v. Amedex Ins. Co.*, 930 So. 2d 643, 650 (Fla. Dist. Ct. App. 2006) (promissory estoppel requires reasonable reliance).

## CONCLUSION

For the foregoing reasons, MovementDAO's claims should be dismissed with prejudice because it lacks capacity to sue.  Its claims should also be dismissed for failure to allege subject matter jurisdiction and failure to state a claim.  Mr. Phillips's claims should be dismissed with prejudice for failure to state a claim because they are all precluded by the IC Agreement.

Dated:  June 30, 2023

John K. Shubin, Esq.
Dylan M. Helfand, Esq.
Jamie L. Katz, Esq.
**SHUBIN & BASS, P.A.**
150 W Flagler Street, Suite 1420
Miami, FL 33130
Tel.: (305) 381-6060
Fax: (305) 381-9457
Email:  jshubin@shubinbass.com
        jkatz@shubinbass.com
        dhelfand@shubinbass.com

Christopher T. Berg (*pro hac vice*)
Benjamin J. Kussman (*pro hac vice*)
Andrew Iglesias (*pro hac vice*)
**ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP**
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
(310) 274-7100
Email: cberg@egcfirm.com
        bkussman@egcfirm.com
        aiglesias@egcfirm.com

*Attorneys for Plaintiffs and Counterclaim-Defendants Ryan Breslow, Alex Fine, And Jon Gordon*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served by the

Court's CM/ECF system on June 30, 2023 on all counsel of record.

/s/ Jamie L. Katz_
Jamie L. Katz

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

RYAN BRESLOW, ALEX FINE, and JON
GORDON,

             Plaintiffs,

v.

MARK PHILLIPS and BENJAMIN REED,

             Defendants.

Action No.: 23-cv-20727-ALTMAN/Reid

Honorable Roy K. Altman

MOVEMENTDAO and MARK PHILLIPS,

             Counterclaim-
Plaintiffs
v.

RYAN BRESLOW, ALEX FINE, and JON
GORDON,

Counterclaim-Defendants

**[PROPOSED] ORDER GRANTING COUNTERCLAIM-DEFENDANTS' MOTION TO
DISMISS COUNTERCLAIM FOR LACK OF CAPACITY, LACK OF SUBJECT
MATTER JURISDICTION, AND FAILURE TO STATE A CLAIM**

      The Court has considered Counterclaim-Defendants' Motion to Dismiss Counterclaim

For Lack of Capacity, Lack of Subject Matter Jurisdiction, and Failure to State a Claim (the

"Motion").  This Court having considered the Motion and all other relevant materials, it is

hereby ORDERED AND ADJUDGED that:

      The Motion is GRANTED.  The Counterclaim, ECF No. 73-1, is dismissed with

prejudice.

.

_____ , 2023

_____
United States District Judge
Southern District of Florida

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by the

Court's CM/ECF system on June 30, 2023 on all counsel of record.


/s/ Jamie L. Katz
Jamie L. Katz