UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| RYAN BRESLOW, ALEX FINE, and JON GORDON,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>MARK PHILLIPS and BENJAMIN REED,<br><br>　　　　　　Defendants. | Action No.: 23-cv-20727-ALTMAN/Reid<br><br>Honorable Roy K. Altman<br><br>**REDACTED VERSION** |
| MOVEMENTDAO and MARK PHILLIPS,<br><br>　　　　Counterclaim-Plaintiffs<br><br>　v.<br><br>RYAN BRESLOW, ALEX FINE, and JON GORDON,<br><br>　　　　Counterclaim-Defendants | |

**COUNTERCLAIM-DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION TO DISMISS COUNTERCLAIM**

**TABLE OF CONTENTS**

**Page**

I. MovementDAO lacks capacity to sue.................................................................................1

II. MovementDAO has failed to allege subject matter jurisdiction.........................................2

III. The ▮▮▮▮▮▮ forecloses Mr. Phillips's claims............................................................4

    A. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮................4

    B. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ preclude Mr. Phillips's claims ...............6

    C. Mr. Phillips's arguments underscore the implausibility of an oral contract............7

IV. Counterclaim-Plaintiffs' remaining arguments are meritless .............................................8

    A. Mr. Phillips seeks to enforce a term in the Gitbook that is indefinite .....................8

    B. The Gitbook does not satisfy the Statute of Frauds .................................................8

    C. The consideration supporting all the alleged agreements is illusory ......................9

    D. The Guiding Principles, Code of Conduct, and MIP-0004 lack mutual assent......................................................................................................................10

V. Conclusion ........................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Mktg. Sys. Corp.,* 830 So. 2d 924 (Fla. Dist. Ct. App. 2002)..........................................5

*Billington v. Ginn-La Pine Island, Ltd., LLLP*,
   192 So. 3d 77 (Fla. Dist. Ct. App. 2016) ...............................................................................1, 6

*CFTC v. Ooki DAO*,
   2022 WL 17822445 (N.D. Cal. Dec. 20, 2022)..........................................................................1

*Comsof, N.V. v. Cigarette Racing Team, Inc.*,
   2002 WL 227034 (S.D. Fla. Jan. 25, 2002) ...............................................................................6

*Cucinotta v. CVS Pharmacy, Inc.*,
   2012 WL 5467524 (M.D. Fla. Nov. 9, 2012) ............................................................................7

*Doll v. Grand Union Co.*,
   925 F.2d 1363 (11th Cir. 1991) ................................................................................................10

*Griffin Indus., Inc. v. Irvin*,
   496 F.3d 1189 (11th Cir. 2007) ..................................................................................................7

*Handi-Van, Inc. v. Broward Cnty.*,
   116 So. 3d 530 (Fla. Dist. Ct. App. 2013) .................................................................................9

*Harley-Davidson Motor Co. v. Chrome Specialties, Inc.*,
   173 F.R.D. 250 (E.D. Wis. 1997) ..............................................................................................3

*Hutton v. Grumpie's Pizza & Subs, Inc.*,
   2008 WL 1995091 (S.D. Fla. May 7, 2008) .............................................................................3

*Johnston v. Meredith*,
   840 So. 2d 315 (Fla. Dist. Ct. App. 2003) .................................................................................3

*Larkin v. Buranosky*,
   973 So. 2d 1286 (Fla. Dist. Ct. App. 2008) ...........................................................................1, 3

*Mejia v. Jurich*,
   781 So. 2d 1175 (Fla. 3d DCA 2001) .......................................................................................6

*Pier 1 Cruise Experts v. Revelex Corp.*,
   929 F.3d 1334 (11th Cir. 2019) ................................................................................................10

*PNC Bank v. Branch Banking & Tr. Co.*,
   704 F. Supp. 2d 1229 (M.D. Fla. 2010) .....................................................................................6

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Ridge Point Cap., LLC. v. Zecevic*,
   2023 WL 3778265 (S.D. Fla. Apr. 7, 2023) ...............................................................6

*Robinson v. Roofs, Structures & Mgmt., Inc.*,
   2007 WL 4468695 (M.D. Fla. Dec. 18, 2007) ............................................................3

*Rodriguez v. Tombrink Enterprises, Inc.*,
   870 So. 2d 117 (Fla. Dist. Ct. App. 2003) ..................................................................6

*S. Union Co. v. Sw. Gas Corp.*,
   165 F. Supp. 2d 1010 (D. Ariz. 2001) .........................................................................3

*TLZ Properties v. Kilburn-Young Asset Mgmt. Corp.*,
   937 F. Supp. 1573 (M.D. Fla. 1996) ............................................................................8

*Trumpet Vine Invs., N.V. v. Union Cap. Partners I, Inc.*,
   92 F.3d 1110 (11th Cir. 1996) .....................................................................................9

*Underwriters at Lloyd's London v. Osting-Schwinn*,
   613 F.3d 1079 (11th Cir. 2010) ............................................................................2, 3

*Underwriters at Lloyd's v. Osting-Schwinn*,
   2006 WL 947815 (M.D. Fla. Apr. 12, 2006) ..............................................................2

*White Holding Co., LLC v. Martin Marietta Materials, Inc.*,
   423 F. App'x 943 (11th Cir. 2011) .........................................................................5, 7

**Statutes**

Florida Insurance Code § 624.04 ...........................................................................................2

**Other Authorities**

Fed. R. Civ. P. 13 ...............................................................................................................2, 3

Fed. R. Civ. P. 17 ....................................................................................................................1

Fed. R. Civ. P. 19 ....................................................................................................................3

The Opposition to Counterclaim-Defendants' Motion to Dismiss misstates the law of capacity and federal subject matter jurisdiction. All of the counterclaims asserted by Counterclaim-Plaintiff MovementDAO fail on both of those grounds.

Counterclaim-Plaintiff Phillips has no legitimate answer ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. His attempt to contort the Counterclaim's allegations to avoid those fatal provisions produces a narrative that undermines the plausibility of the oral agreement he alleges. Such paper-thin arguments are precisely what ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ foreclose at the motion-to-dismiss stage.[1]

MovementDAO's arguments in support of the remaining counterclaims are meritless. They distort basic precepts of contract law that render illusory requirements like consideration and definiteness. The Court should not countenance such argument. The entire Counterclaim should be dismissed with prejudice.

**I.      MovementDAO lacks capacity to sue**

MovementDAO argues it has capacity to sue in this Court because Delaware law recognizes that an unincorporated association has capacity to sue. *See* ECF No. 146 ("Opp.") at 4. MovementDAO's capacity under Delaware law is irrelevant. The relevant inquiry is whether Florida law permits an unincorporated association to sue, *see* Fed. R. Civ. P. 17(b)(3), and it does not. *E.g.*, *Larkin v. Buranosky,* 973 So. 2d 1286, 1287 (Fla. Dist. Ct. App. 2008).[2]

---

[1] *See, e.g., Billington v. Ginn-La Pine Island, Ltd., LLLP*, 192 So. 3d 77, 85 (Fla. Dist. Ct. App. 2016) (affirming grant of motion to dismiss based on merger and non-reliance clauses).

[2] MovementDAO cites *CFTC v. Ooki DAO*, 2022 WL 17822445 (N.D. Cal. Dec. 20, 2022) for the proposition that courts have recognized a DAO as a legal person subject to suit. Opp. at 4. That case applies California law, which permits unincorporated associations to be sued, not Florida law, which does not. *See CFTC*, 2022 WL 17822445, at *6–7. The question of capacity is governed by Florida law, which MovementDAO does not address in its Opposition.

MovementDAO urges the Court to follow the district court ruling in *Underwriters at Lloyd's London v. Osting-Schwinn*, which concluded that Lloyds of London could file suit notwithstanding it being an unincorporated association. 2006 WL 947815, at *2 (M.D. Fla. Apr. 12, 2006) (overruled by *Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010)); *see also* Opp. at 4. MovementDAO failed to mention that *Underwriters at Lloyd's London*, including the reasoning MovementDAO relies on, was expressly reversed by the 11th Circuit in a decision cited in the opening brief. *See* Motion to Dismiss Counterclaim-Plaintiffs' Counterclaim ("Motion") (filed under seal at ECF No. 134) at 7. As the 11th Circuit made clear, the unincorporated association Lloyd's of London was not even a party in that case.[3] No federal court within the 11th Circuit has permitted an unincorporated association to bring suit where Florida law controls the rule of decision. The law is clear and inescapable: MovementDAO lacks capacity to assert claims in this Court. Its claims should be dismissed with prejudice.

## II.     MovementDAO has failed to allege subject matter jurisdiction

MovementDAO misapplies a district court case to argue that the Court should ignore Rule 13(a)(1)(B) and binding 11th Circuit precedent. MovementDAO contends that federal "courts automatically have supplemental jurisdiction over compulsory counterclaims." Opp. at 5 (quoting *So. Beach Hotel, LLC v. Molko*, 2009 WL 10667895, at *5 (S.D. Fla. Oct. 14, 2009)). That begs the key question: are MovementDAO's claims permissive or compulsory?

---

[3] *See Underwriters at Lloyd's London,* 613 F.3d at 1091 ("the district court noted that Florida law has 'declar[ed] [Lloyd's] a person under the Florida Insurance Code § 624.04,' which the district court considered a 'recognition of Lloyd's ability to bring suit.' This reasoning is perplexing. As an initial matter, it is the underwriters, not Lloyd's, who are the parties to this lawsuit. Lloyd's of London is not suing anyone in this insurance dispute, nor can we imagine why it should do so.").

Supplemental jurisdiction is not automatic if a counterclaim is permissive. "If a counterclaim is permissive rather than compulsory, the court must find an independent jurisdictional basis, such as federal question or diversity jurisdiction, for the counterclaim to proceed in federal court." *Hutton v. Grumpie's Pizza & Subs, Inc.*, 2008 WL 1995091, at *2 (S.D. Fla. May 7, 2008) (citing *East-Bibb Twiggs Neighborhood Assoc. v. Macon Bibb Planning & Zoning Commission*, 888 F.2d 1576, 1578 (11th Cir.1989)); *see also Robinson v. Roofs, Structures & Mgmt., Inc.*, 2007 WL 4468695, at *2 (M.D. Fla. Dec. 18, 2007) (same).

MovementDAO contends its claims are compulsory under Rule 13(a)(1)(A) but is silent as to the additional requirement of Rule 13(a)(1)(B), which defines a compulsory counterclaim as one that does not require "adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1)(B). Under Florida law and for purposes of federal jurisdiction, "an association has no legal existence as an entity separate from its members." *Underwriters at Lloyd's, London*, 613 F.3d at 1091; *see also Larkin,* 973 So. 2d at 1287. Accordingly, "an association must sue or be sued in the names of the individuals composing it rather than its firm name." *Johnston v. Meredith*, 840 So. 2d 315, 316 (Fla. Dist. Ct. App. 2003). The claims asserted by MovementDAO therefore necessarily implicate the individual interests of each of its members, which means MovementDAO's claims may require adding MovementDAO's individual members as indispensable parties. *See* Fed. R. Civ. P. 13(h) & 19.

If the Court determines that MovementDAO's claims require adding a MovementDAO member over whom the court cannot acquire jurisdiction (*e.g.*, because the Court cannot acquire personal jurisdiction over them), then MovementDAO's claims would be permissive under Rule 13(b). *Cf. Harley-Davidson Motor Co. v. Chrome Specialties, Inc.,* 173 F.R.D. 250, 253 (E.D. Wis. 1997); *S. Union Co. v. Sw. Gas Corp.*, 165 F. Supp. 2d 1010, 1035 (D. Ariz. 2001). If

MovementDAO's claims are permissive, then MovementDAO must allege an independent jurisdictional basis to assert those claims, which it has failed to do.  *See* ECF No. 73-1 ¶ 19.

The identity and citizenship of MovementDAO's members are facts essential to determine whether MovementDAO's counterclaims are permissive or compulsory, which is a threshold issue to whether supplemental jurisdiction exists over MovementDAO's counterclaims.  Because MovementDAO has failed to allege those facts, the Court lacks the information necessary to determine its subject matter jurisdiction.  That is fatal to MovementDAO's claims.

**III.** ███████████ **forecloses Mr. Phillips's claims**

    **A.** ████████████████████████████████████████

███████████████ forecloses Mr. Phillips's fraud and promissory estoppel claims.  Mr. Phillips asks this Court to accept the allegation that ████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████ there was a separate, oral agreement obligating Mr. Phillips to leave the SEC and work full-time on the DAO ███████████ ███████ in exchange for Mr. Phillips receiving veto power over MovementDAO's treasury, and MovementDAO's founders committing substantial funds to the DAO and agreeing to lock up their contributions for six years, ECF No. 73-1 ¶ 118.  *See* Opp. at 15.  Because ████████████ ████████████████████████████████████████████████████████████ the ████████████████████████████████████████████████████████████ the

fraud and promissory estoppel claims are foreclosed. *Advanced Mktg. Sys. Corp. v. ZK Yacht Sales,* 830 So. 2d 924, 928 (Fla. Dist. Ct. App. 2002); *see also* Motion at 23–25.

Citing no authority, Mr. Phillips argues ███████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████. The duration of Mr. Phillips's oral promise is nowhere alleged in the Counterclaim. The two paragraphs of the Counterclaim cited by Mr. Phillips allege that the oral promise was for him to work "full-time" on the DAO, ECF No. 73-1 ¶¶ 107, 112, without any indication of the duration of that work. ████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████████████████████. Mr. Phillips cannot use his Opposition to inject a new allegation that was not pleaded in the Counterclaim.

Even if that allegation had been pleaded, Mr. Phillips's "duration" argument does not save his fraud or promissory estoppel claims. The law forecloses such claims when the same *subject matter* is addressed in a written agreement; the terms of the written agreement need not be identical to the alleged oral promise. *See Advanced Mktg. Sys. Corp.,* 830 So. 2d at 928 ("The subject of appellees' commission is adequately covered by the purchase agreement and precludes appellants' recovery in fraud."); *White Holding Co., LLC v. Martin Marietta Materials, Inc.*, 423 F. App'x 943, 947–48 (11th Cir. 2011) ("promissory estoppel is not available as a remedy when the parties have a written contract addressing the relevant issues; the contract's silence about particular details is not controlling as long as the contract purports to address the broadly disputed issues." (applying Florida law and citing *Advanced Mktg. Sys. Corp.,* 830 So. 2d 924)). Mr. Phillips's claims are foreclosed because ████████████████████████████ █████████████████████████.

B. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ preclude Mr. Phillips's claims

Mr. Phillips cites to *Ridge Point Cap., LLC. v. Zecevic*, 2023 WL 3778265, at *3 (S.D. Fla. Apr. 7, 2023) for the proposition that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Opp. at 16. *Ridge Point Cap.* was a case that concerned only integration clauses, not non-reliance clauses. Mr. Phillips failed to mention that *Ridge Point Cap.* relied extensively on *Mejia v. Jurich*, 781 So. 2d 1175 (Fla. 3d DCA 2001). *Mejia* has since been clarified and distinguished by *Billington v. Ginn-La Pine Island, Ltd., LLLP*—cited in the opening brief—which held "that the 'non-reliance' clauses in this case negate a claim for fraud in the inducement because Appellant cannot recant his contractual promises that he did not rely upon extrinsic representations." 192 So. 3d 77, 83 (Fla. Dist. Ct. App. 2016) (distinguishing between merger and non-reliance clauses); *see also* Motion at 23. As in *Billington*, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ forecloses Mr. Phillips's fraud claim.

Mr. Phillips argues that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but the oral promise was for ongoing work. Opp. at 15. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Berg Decl., Ex. 1 ¶ 6. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The authority supporting that unremarkable proposition is legion. *See, e.g.*, *Rodriguez v. Tombrink Enterprises, Inc.*, 870 So. 2d 117, 119 (Fla. Dist. Ct. App. 2003); *PNC Bank v. Branch Banking & Tr. Co.*, 704 F. Supp. 2d 1229, 1243 (M.D. Fla. 2010); *Comsof, N.V. v. Cigarette*

*Racing Team, Inc.*, 2002 WL 227034, at *2 (S.D. Fla. Jan. 25, 2002).[4]  In contrast, Mr. Phillips cites no authority for his "duration" argument.[5]

### C. Mr. Phillips's arguments underscore the implausibility of an oral contract

Mr. Phillips's argument that the ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Opp. at 15, is inconsistent with Mr. Phillips's allegation that there was a contemporaneous oral agreement ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Berg Decl., Ex. 1 ¶ 6.  That language renders Mr. Phillips's allegations about the existence of an oral agreement implausible under *Iqbal/Twombley*—▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  Not only do the Counterclaim's allegations fail to state a plausible claim, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆.  *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007); *Cucinotta v. CVS Pharmacy, Inc.*, 2012 WL 5467524, at *3–4 (M.D. Fla. Nov. 9, 2012).

---

[4] Mr. Phillips argues in passing that Florida law should not apply to his oral contract.  Opp. at 16.  Mr. Phillips ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Berg Decl., Ex. 1 ¶ 7.  The Court should reject Mr. Phillips's attempt to apply another state's law, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *Id.*, Ex. 1 ¶ 6.

[5] ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ foreclose Mr. Phillips's estoppel claim for the same reason.  *See White Holding Co., LLC v. Martin Marietta Materials, Inc.*, 423 F. App'x 943, 947–948 (11th Cir. 2011) (merger clause negates reasonable reliance on oral promise pertaining to "same subject matter," which defeats a promissory estoppel claim).

### IV. Counterclaim-Plaintiffs' remaining arguments are meritless

#### A. Mr. Phillips seeks to enforce a term in the Gitbook that is indefinite

MovementDAO contends that the lock-up provision, which varied among versions of the Gitbook (four vs. "#years"), *see* ECF No. 73-1 ¶ 38 n.1, is sufficiently definite to form a contract because they both suggest a lock-up period of "multiple years." Opp. at 7. That is woefully insufficient. The allegation that there are inconsistent versions of the Gitbook demonstrates that the lock-up term is insufficiently definite, as it shows there was no meeting of the minds on that material term. *See TLZ Properties v. Kilburn-Young Asset Mgmt. Corp.*, 937 F. Supp. 1573, 1578 (M.D. Fla. 1996) ("It is essential to the creation of a contract that there be a mutual or reciprocal assent to a certain and definite proposition. The parties must have a definite and distinct understanding, common to both, and without doubt or difference or there is no contract."). Not knowing whether their funds would be locked up for four years or forty years, Counterclaim-Defendants cannot be said to have assented to a "certain and definite proposition." *Id.* MovementDAO has failed to allege the Gitbook is a contract between the parties.

#### B. The Gitbook does not satisfy the Statute of Frauds

MovementDAO argues the lack of a signed writing is "immaterial" because Counterclaim-Defendants evinced "assent to be bound" by publishing the Gitbook online. Opp. at 8. No such exception to the Statute of Frauds exists, as MovementDAO's failure to cite to any authority for that proposition demonstrates. Nor does publishing an admitted "white paper" constitute assent to be bound. ECF No. 73-1 ¶ 38; *see also* Opp. at 8 (citing no authority). Given the multiple versions of the Gitbook published online, ECF No. 73-1 ¶ 38 n.1, MovementDAO cannot even articulate to which Gitbook Counterclaim-Defendants assented.

MovementDAO claims it is "absurd" that members must sign an entity's governing documents. Opp. at 8. But none of the cases cited by MovementDAO concerning "governing documents" address obligations that fall within the Statute of Frauds. *See* Opp. at 6–7. Moreover, MovementDAO seeks to impose obligations on Counterclaim-Defendants beyond those of mere members. It argues the Gitbook imposes obligations specific to Counterclaim-Defendants to lock up their contributions for years—something to which the average MovementDAO member would not be subject. *See* ECF No. 73-1 ¶ 75; Opp. at 7. That specific obligation requires more than a year to perform, which is why a signed writing is required.[6]

### C. The consideration supporting all the alleged agreements is illusory

MovementDAO contends that the Gitbook is supported by consideration because, in exchange for allegedly abstaining from withdrawing their contributions, Counterclaim-Defendants received a "benefit" in that third parties might later contribute to and join MovementDAO. Opp. at 8. The mere possibility that an unknown third party might, at some later date, contribute and join MovementDAO is illusory consideration. "A contract is illusory under Florida law when one of the promises appears on its face to be so insubstantial as to impose no obligation at all on the promisor who says, in effect, 'I will if I want to.'" *Handi-Van, Inc. v. Broward Cnty.*, 116 So. 3d 530, 540 (Fla. Dist. Ct. App. 2013). "Florida courts have held that 'to prevent the contract from being illusory,' the non-breaching party must have . . . '[t]he

---

[6] MovementDAO suggests that the Gitbook is governed by Delaware law, not Florida law. Opp. at 8. A federal court sitting in diversity applies the forum state's choice-of-law rules, and Florida applies the doctrine of lex loci contractus. *Trumpet Vine Invs., N.V. v. Union Cap. Partners I, Inc.*, 92 F.3d 1110, 1115, 1119 (11th Cir. 1996). The Gitbook was published after Mr. Phillips moved to Florida to work with Counterclaim-Defendants, ECF No. 73-1 ¶ 31 (Mr. Phillips moves to Miami to work on the Movement DAO project); *see also id.* ¶ 20, and MovementDAO contends the Gitbook's publication constituted the parties' assent to it, Opp. at 8. Florida law therefore governs the Gitbook contract claim.

ability to sue for damages.'" *Pier 1 Cruise Experts v. Revelex Corp.*, 929 F.3d 1334, 1347 (11th Cir. 2019). Counterclaim-Defendants, of course, could not sue MovementDAO for a third-party's decision not to join the MovementDAO community. MovementDAO's purported "benefit" obligates MovementDAO to do absolutely nothing. That "consideration"—which is the same consideration MovementDAO claims underpins the Guiding Principles, Code of Conduct, and MIP-0004, *see* Opp. at 10—is illusory. Those documents are not contracts.

### D. The Guiding Principles, Code of Conduct, and MIP-0004 lack mutual assent

MovementDAO contends that Counterclaim-Defendants manifested assent to be bound to the Guiding Principles, Code of Conduct, and MIP-0004 because they were "aware and supportive of MovementDAO's efforts to adopt MIPS-0000 through 0007." Opp. at 10. Being "aware and supportive" does not come close to constituting mutual assent to be bound by contract. *See Doll v. Grand Union Co.*, 925 F.2d 1363, 1368–69 (11th Cir. 1991) ("Every possible provision of a contemplated [contract] may be discussed and agreed upon, but unless the parties intend that these discussions be binding, no contract has been formed."). Moreover, the only allegations offered to show Counterclaim-Defendants' purported "support for MovementDAO's efforts" are conclusory and describe Mr. Phillips's conduct, not any action by Counterclaim-Defendants. ECF No. 73-1 ¶¶ 52 & 52; Opp. at 10. Those allegations are insufficient to allege Counterclaim-Defendants agreed to be bound by these documents.[7]

### V. Conclusion

For the foregoing reasons, the Counterclaim should be dismissed in its entirety.

---

[7] MovementDAO contends Counterclaim-Defendant Gordon agreed to be bound to these documents by voting for them on Snapshot.org. Opp. at 10. But the Counterclaim alleges that voting on Snapshot signaled support to bind *MovementDAO* to those proposals, not Mr. Gordon personally. ECF No. 73-1 ¶¶ 8, 38 ("MovementDAO would be governed by Snapshot Voting.").

Dated:  August 11, 2023

|  |  |
|---|---|
| John K. Shubin, Esq.<br>Dylan M. Helfand, Esq.<br>Jamie L. Katz, Esq.<br>**SHUBIN & BASS, P.A.**<br>150 W Flagler Street, Suite 1420<br>Miami, FL 33130<br>Tel.: (305) 381-6060<br>Fax: (305) 381-9457<br>Email: jshubin@shubinbass.com<br>         jkatz@shubinbass.com<br>         dhelfand@shubinbass.com | */s/ Christopher T. Berg*<br>Christopher T. Berg (*admitted pro hac vice*)<br>Andrew Iglesias (*admitted pro hac vice*)<br>**ELLIS GEORGE CIPOLLONE O'BRIEN LLP**<br>2121 Avenue of the Stars, 30th Floor<br>Los Angeles, California 90067<br>(310) 274-7100<br>Email: cberg@egcfirm.com<br>         aiglesias@egcfirm.com<br><br>*Attorneys for Plaintiffs Ryan Breslow, Alex Fine, And Jon Gordon* |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by the Court's CM/ECF system on August 11, 2023 on all counsel of record.

/s/ *Jamie L. Katz*
Jamie L. Katz